UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| SUSAN HOGARTH,<br><br>        *Plaintiff,*<br>  v.<br><br>KAREN BRINSON BELL, et al.,<br>,<br><br>        *Defendants.* | Case Number: 5:24-cv-00481-LF<br><br>Hon. Louise W. Flanagan<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXPEDITE CONSIDERATION OF PRELIMINARY INJUNCTION MOTION** |

## INTRODUCTION AND SUMMARY OF THE CASE

Plaintiff Susan Hogarth brings this action to challenge the constitutionality of certain North Carolina laws that prohibit the taking and sharing of ballot selfies. She is seeking preliminary injunctive relief to allow her to take and share a ballot selfie when she votes in the general election on **November 5, 2024**, without facing risk of criminal punishment.

After taking a picture of herself with her completed March 2024 primary ballot and sharing it on social media, Hogarth received a letter from the North Carolina State Board of Elections demanding she take down her ballot selfie and threatening her with criminal prosecution. (Verified Compl, ECF No. 1, ¶¶ 53–56, 72; Steinbaugh Decl. Supp. Pl. Mot. Prelim. Inj., ECF No. 11-2, ¶ 2 and Ex. A.) This November, Hogarth plans to exercise her First Amendment right to take and share a photo of herself in the voting booth with her completed ballot and has a particular interest in doing so because she herself will appear as a candidate. (Verified Compl, ¶¶ 116–122).

Hogarth and other voters must know in advance of the election whether they will face the threat of prosecution for taking a ballot selfie. This is particularly true for those voting via absentee ballot, as they must mail their ballots in time to be received on Election Day. Accordingly, Hogarth requests that the Court set a hearing for no later than **October 15, 2024**, and rule on her preliminary injunction motion no later than one week before the election, on **October 29, 2024**.

## STATEMENT OF FACTS

Susan Hogarth is a resident and registered voter in Wake County, North Carolina. (Verified Compl. ¶ 9.) On March 5, 2024, she went to her polling place to vote in the North Carolina primary election. (*Id.* ¶ 53.) After she filled out her ballot, she took about 45 seconds to photograph herself in the voting booth with her completed ballot and a "no photos" sign affixed to the voting booth. (*Id.* ¶¶ 57–59.) Hogarth then exited the polling place and, just minutes later, posted her ballot selfie to X.[1] (*Id.* ¶¶ 60, 66.)

Two weeks later, Hogarth received a letter from the North Carolina State Board of Elections dated March 13, 2024, threatening criminal prosecution for her ballot selfie. (Verified Compl. ¶ 72; Steinbaugh Decl. ¶ 2 and [Ex. A](#).) Hogarth's March 5, 2024 ballot selfie post remains public on X today and she does not intend to take it down. (Verified Compl. ¶ 105–106.) Hogarth intends to vote in person on November 5, 2024, and to take and share a ballot selfie when she does. (*Id.* ¶¶ 118–123.)

On August 22, 2024, Hogarth filed her Verified Complaint seeking declaratory

---

[1] "X" is the name of the social network formerly known as "Twitter."

and injunctive relief against State Board and Wake County Board of Elections officials, as well as the Wake County District Attorney and the North Carolina Attorney General. (Verified Compl. ¶¶ 11–23, 124–134). On August 27, 2024, Hogarth filed her Motion for Preliminary Injunction as well as her Memorandum and Declaration of Adam Steinbaugh in Support. (ECF Nos. 9, 11, 11-2). Hogarth will diligently serve the Defendants the complaint, motion for preliminary injunction, and the instant Motion. With this Motion, Hogarth respectfully asks that the Court expedite consideration of her preliminary injunction motion to ensure relief ahead of the November election, so she can exercise her First Amendment right to take a ballot selfie without risking arrest or prosecution.

## ARGUMENT

This Court should expedite consideration of Hogarth's motion for preliminary injunction to prevent irreparable harm to Hogarth and other North Carolinians who will be forced during the November 2024 election to either refrain from engaging in a unique and powerful form of First Amendment-protected political speech or incur the risk of criminal prosecution.

This Court has the inherent authority "to control the disposition of the causes on its docket," *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936), including the authority to expedite proceedings. Judges in this District regularly grant motions to expedite proceedings,[2] including in instances where doing so is necessary to avoid

---

[2] *See e.g., N. Carolina State Bd. of Dental Examiners v. Fed. Trade Comm'n*, No. 5:11-CV-49-FL, 2011 WL 552203, at *2 (E.D.N.C. Feb. 9, 2011) (allowing "expedited scheduling considerations."); *Lulu Enters., Inc. v. N-F Newsite, LLC*, No. 5:07-CV-347-D, 2007 WL 3101011, at *2 (E.D.N.C. Oct. 19, 2007) (approving an expedited briefing and discovery for a motion for preliminary injunction).

election-related constitutional harm. *See Pointdexter v. Strach*, 324 F.Supp.3d 625 (E.D.N.C. 2018).

In *Pointdexter*, this Court granted a request to expedite consideration of a preliminary injunction motion in light of an impending election, on a challenge to a law that would have led to removal of candidates representing the Constitution Party of North Carolina from the ballot. *Id.* at 627. The court ultimately granted the preliminary injunction on First Amendment grounds, finding that removal from the ballot would cause irreparable harm particularly because once the election occurred there could be "no do-over and no redress." *Id.* at 636.

With the election upcoming here in just a few months, Hogarth will likewise suffer irreparable harm absent timely preliminary injunctive relief. In particular, if this Court does not grant Hogarth's motion for a preliminary injunction in advance of Election Day, she will need to engage in civil disobedience and incur the risk of prosecution in order to express her political beliefs about this election with a ballot selfie. This "sword of Damocles" hanging over her head, *Hill v. Williams*, No. 16-CV-02627-CMA, 2016 WL 8Th667798, at *5 (D. Colo. Nov. 4, 2016), cannot "be remedied absent an injunction." *Legend Night Club v. Miller*, 637 F.3d 291, 302 (4th Cir. 2011). Hogarth and other voters, particularly those voting via absentee ballot, need to know in advance of the election whether they will be breaking the law and facing potential criminal prosecution for taking or sharing a ballot selfie because, once the election is over, there can be "no do-over and no redress." *Pointdexter*, 324 F.Supp.3d at 636. Accordingly, the Court should expedite its consideration of her motion, set a hearing

4
Case 5:24-cv-00481-FL    Document 13    Filed 08/27/24    Page 4 of 6

for no later than **October 15, 2024**, and rule on the motion by no later than **October 29, 2024** (one week before Election Day).

## CONCLUSION

To ensure that the First Amendment rights of Hogarth and other voters to take a ballot selfie are protected in advance of the upcoming election, this Court should grant Plaintiff's Motion to Expedite Consideration of Preliminary Injunction Motion.

Dated: August 27, 2024

Respectfully Submitted,

/s/ James M. Dedman IV
James M. Dedman IV*
(NC Bar # 37415)
Gallivan White & Boyd P.A.
6805 Carnegie Blvd, Ste. 200
Charlotte, NC, 28211
(704)-552-1712
jdedman@gwblawfirm.com

Eric Spengler
(NC Bar # 47165)
SPENGLER + AGANS PLLC
352 N. Caswell Rd.
Charlotte, NC 28204
(704) 999-8733
eric@sab.law

*Local Civil Rule 83.1(d) Attorney

/s/ Jeffrey D. Zeman
JEFFREY D. ZEMAN**
(Pa. Bar No. 328570)
DANIEL M. ORTNER***
(Ca. Bar No. 329866)
James M. Diaz***
(Vt. Bar. No. 5014)
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
jeff.zeman@thefire.org
daniel.ortner@thefire.org
jay.diaz@thefire.org

**Special Appearance Pursuant to
Local Rule 83.1(e) Pending

***Special Appearance Pursuant to
Local Rule 83.1(e) Forthcoming

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Jeffrey D. Zeman, hereby certify that on August 27, 2024, I submitted the foregoing to the Clerk of the Court via the District Court's CM/ECF system, and this document will be served personally on all Defendants with the Summons & Complaint. Once it is served, we will file an affidavit of service.

/s/ Jeffrey D. Zeman
JEFFREY D. ZEMAN
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION