IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:24-cv-481-FL

| | |
|---|---|
| SUSAN JANE HOGARTH, ) | |
| ) | |
| Plaintiff, ) | **DEFENDANTS' RESPONSE TO** |
| v. ) | **PLAINTIFF'S MOTION TO** |
| ) | **EXPEDITE** |
| KAREN BRINSON BELL, in her official ) | **CONSIDERATION OF** |
| capacity as Executive Director of the North ) | **PRELIMINARY** |
| Carolina State Board of Elections, et al., ) | **INJUNCTION MOTION** |
| ) | |
| Defendants. | |

Defendants, Karen Brinson Bell, Executive Director of the North Carolina State Board of Elections ("State Board"), the members of the State Board, State Board Investigator Danielle Brinton, and Josh Stein, North Carolina Attorney General, all named in their official capacities only ("State Defendants"), hereby respond to Plaintiff's motion to expedite consideration of her preliminary injunction motion. [D.E. 12, 13].

## NATURE OF THE CASE AND PERTINENT FACTS

According to the allegations in Plaintiff's Complaint, during the March 5, 2024, primary election, she photographed herself with her voted ballot while inside her polling place. [D.E. 1, ¶¶ 53-66]. She then left the polling place and posted the resulting photograph, which she refers to as a "ballot selfie," to a social media account. *Id.* Plaintiff further alleges that two weeks later, on March 13, 2024, she received a letter from the State Board, informing her of the criminal consequences of photographing a voted ballot. *Id.* at ¶ 72 and attached Ex. A.

Plaintiff then waited five months after she posted her "ballot selfie" and received the letter from the State Board, and well after she noticed her candidacy for the North Carolina Senate in

the general election,[1] until the eve of the 2024 general election cycle to file her Complaint. On August 22, 2024, Plaintiff filed the present action in this Court challenging the constitutionality of several North Carolina General Statutes prohibiting and criminalizing the acts of photographing voted ballots, showing one's voted ballot to others, disclosing voted ballots to the public generally, and revealing how someone votes based upon having seen that person's voted ballot. [D.E. 1, ¶¶ 135-69, 188-204]; see N.C.G.S. §§ 163-165.1(e), 163-166.3(c), -273(a)(1), and -274(b)(1). She is also challenging the constitutionality of a statute that prohibits individuals from photographing a voter, unless the voter is a candidate, in the voting enclosure without the permission of the voter and the chief precinct judge, and that prohibits individuals from photographing a voter who is also a candidate without the voter's permission. [D.E. 1, ¶¶ 170-87]; see N.C.G.S. § 163-166.3(b). Plaintiff alleges that these laws, and the enforcement of them against her, as evinced by the State Board's March 15, 2024 letter, violate the First and Fourteenth Amendments of the U.S. Constitution, as applied to her and other individuals taking and sharing ballot selfies. [D.E. 1, ¶¶ 135-204].

On August 27, 2024, Plaintiff moved for a preliminary injunction and for expedited consideration of that motion. [D.E. 9-13].

## **LEGAL STANDARD**

Where good cause is shown, this Court has the discretion to expedite consideration of the matters before it, as it is within the Court's authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31

---

[1] *See* N.C. State Bd. Elections, 2024 General Election Candidate List Grouped by Contest, p. 472 (showing Plaintiff filed her notice of candidacy on December 15, 2023), *available at* https://s3.amazonaws.com/dl.ncsbe.gov/Elections/2024/Candidate%20Filing/2024_General_Election_Candidate_PDFs/2024_general_candidate_list_by_contest.pdf (last visited Aug. 29, 2024).

(1962).

## ARGUMENT

Good cause does not exist to expedite consideration of Plaintiff's motion for a preliminary injunction. Plaintiff's alleged need for the Court to expedite consideration is based upon an emergency of her own making. The laws she challenges have existed for decades, with the North Carolina General Assembly having passed the last two of those laws nearly twenty years ago. *See* 2007 N.C. Sess. Law 391, §§ 9.(b), 23, G.S. § 163-166.3(c) and -274(b) (effective date Aug. 19, 2007) (enacting what is now N.C.G.S. §§ 163-166.3(c) and -274(b)(1)).

More pertinently, according to Plaintiff, she took and shared her ballot selfie, and the State Board sent her the letter about that photograph, in March 2024. Yet, she waited *over five months* to file her lawsuit and request a preliminary injunction on the eve of voting for the 2024 general election. As a candidate in the general election, Plaintiff is, or should be, aware that voting in North Carolina for the 2024 general election starts on September 6, 2024, with the distribution of absentee-by-mail ballots. *See* N.C.G.S. §§ 163-227.10(a) (providing that absentee ballots shall be provided sixty days prior to a statewide general election) and -258.9(a) (providing the same for military and overseas voters). Under these circumstances, expediting consideration of the preliminary injunction motion is unjustified and unwarranted. It is also unduly burdensome for the State Board. In light of the timing of Plaintiff's filings, and with voting beginning now in just a week, the agency charged with administering North Carolina's elections should not have to devote time and divert resources to defending against Plaintiff's request for a preliminary injunction on an expedited basis.

For these reasons, no good cause exists to support expedited consideration of the preliminary injunction motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to expedite consideration of her preliminary injunction motion should be denied.

Respectfully submitted this the 30th day of August, 2024.

          JOSHUA H. STEIN
          Attorney General

          /s/ Mary Carla Babb
          Mary Carla Babb
          Special Deputy Attorney General
          N.C. State Bar No. 25731
          mcbabb@ncdoj.gov

          Terence Steed
          Special Deputy Attorney General
          N.C. State Bar No. 52809
          E-mail: tsteed@ncdoj.gov

          N.C. Department of Justice
          P.O. Box 629
          Raleigh, NC  27602-0629
          Telephone:  (919) 716-6567
          Facsimile:  (919) 716-6761

          *Attorneys for State Defendants*