UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| SUSAN JANE HOGARTH,<br><br>    *Plaintiff*,<br>v.<br><br>KAREN BRINSON BELL, et al.,<br><br>    *Defendants*. | Case No.: 5:24-cv-00481-LF<br><br>Hon. Louise W. Flanagan<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXPEDITE CONSIDERATION OF PRELIMINARY INJUNCTION MOTION** |

In accordance with Local Rule 7.1(g), Plaintiff Susan Hogarth files this reply to the State Board Defendants' and Defendant Stein's opposition to her motion to expedite consideration of her preliminary injunction motion, to ensure she and other North Carolina voters can take and share First Amendment-protected ballot selfies during the November 5, 2024 election without fear of prosecution.[1]

## ARGUMENT

Missing from the opposition to Hogarth's motion to expedite is any concern for the constitutional harm North Carolina's ballot selfie ban poses to Hogarth and North Carolina voters, or even an offer to suspend their enforcement against her to mitigate the urgent need for interim relief before the upcoming election. Instead, Defendants' only basis for opposing Hogarth's pursuit of expedited relief is a claim that the "alleged need . . . is based upon an emergency of her own making." (Defs.' Opp. Mot.

---

[1] Only the State Board Defendants and Defendant Stein have, so far, appeared in this case. Should any other Defendants file oppositions to the instant motion, Hogarth reserves the right to reply to any matters initially raised therein, under Local Rule 7.1(g).

Expedite 3, ECF No. 27.) Not so. In fact, the State Board's own four-month delay in responding to Hogarth's March 22, 2024 public records request dictated the timing of this suit.

Far from acting slowly, Hogarth has diligently pursued her claims. Her counsel filed a public records request seeking documents related to State Board investigations of violations of N.C. Gen. Stat. § 163-166(c) or to "ballot selfies" on March 22, 2024, just *nine* days after the Board issued its March 13, 2024 letter to Hogarth and just two days after she received it in the mail. (Steinbaugh Decl. Pl.'s Mem. Supp. Mot. Prelim. Inj. ¶ 3 & Ex. B, ECF Nos. 11-2, 11-4.) With the public records request, Hogarth and her counsel hoped to discover whether the State Board engaged in a pattern of investigating and enforcing North Carolina laws to ban ballot selfies, to determine the scope of a lawsuit and relief required.

Even though North Carolina law promises processing of public record requests "as promptly as possible," N.C. Gen. Stat. § 132-6(a), the State Board took until May 9, 2024, to even advise counsel it was working on the request. Hogarth diligently followed up with the State Board on May 28, 2024, June 4, 2024, and June 21, 2024, but received no response from the State Board in that time. (Steinbaugh Decl. ¶¶ 3–4 & Ex. B, ECF Nos. 11-2, 11-4.) Ultimately, the State failed to produce the records for nearly *four* months, until July 11, 2024. (Steinbaugh Decl. ¶¶ 3–4 & Ex. B, ECF Nos. 11-2, 11-4.)

Hogarth filed her complaint and preliminary injunction motion approximately six weeks after receiving these documents. The documents heavily influenced the

2

Case 5:24-cv-00481-FL   Document 29   Filed 08/31/24   Page 2 of 6

allegations in her verified complaint and play a crucial role in her memorandum in support of her motion for preliminary injunction. (*See* Verified Compl. ¶¶ 84–97, ECF No. 1; Pl.'s Mem. Supp. Mot. Prelim. Inj. at 6–7, 15–16, ECF No. 11.) Six weeks is not an unreasonable delay by any stretch.

In fact, taking six weeks—or even six months—to obtain counsel, investigate and research the legal and factual issues, submit a public records request, receive and review those records, and prepare to file suit, including a motion for preliminary injunction, is eminently reasonable. *See Ziegenfelder Co. v. Dunkirk Ice Cream Co.*, No. CIV. A. 93-0026-W(S), 1993 WL 669264, at *6 (N.D.W. Va. Oct. 29, 1993) (five-month period not unreasonable "where the plaintiff is investigating the alleged infringement and is preparing to file a motion for preliminary injunction"); *see also Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 144–45 (2d Cir. 2005) (collecting cases in which a delay of four to seven months was held not unreasonable).

The proximity to the election does not change the reasonableness of Hogarth's actions. In *Poindexter v. Strach*, as Hogarth described in her motion to expedite, this Court rejected arguments that delay in seeking relief undermined a motion for a preliminary injunction as to an impending election, because voters "should not have to sacrifice First Amendment rights" even if they "failed to act with dispatch to challenge the law." 324 F. Supp. 3d 625, 635 (E.D.N.C. 2018) (citations omitted). As shown above, Hogarth did not "fail to act with dispatch," and as set out in her memorandum in support of her preliminary injunction motion, the balance of equities strongly favors the interim relief sought. (Mem. Supp. Mot. Prelim. Inj. 24–25, ECF

3

No. 11.) The importance of the First Amendment rights at stake in the upcoming election counsel in favor of expedited consideration rather than delay.

Hogarth also notably does *not* seek an expedited briefing schedule, so concerns about "hav[ing] to devote time and divert resources to defending against . . . a preliminary injunction on an expedited basis" in the lead-up to an election, (Opp. 3, ECF No. 27.), are unfounded. Hogarth asks only that this Court rule on her motion in advance of November 5, 2024, and ideally before October 29, 2024, so she and other North Carolina voters will know whether they will be subject to potential criminal liability if they take and share a protected ballot selfie when they vote.

Defendants do not deny this overhanging threat of criminal liability for the exercise of First Amendment rights causes irreparable harm or even suggest it can "be remedied absent an injunction." *Legend Night Club v. Miller*, 637 F.3d 291, 302 (4th Cir. 2011). There is accordingly ample cause for expedited consideration of Hogarth's motion.

| | |
|---|---|
| Dated: August 31, 2024 | Respectfully Submitted, |
| /s/ James M. Dedman IV | /s/ Jeffrey D. Zeman |
| James M. Dedman IV* | JEFFREY D. ZEMAN** |
| (NC Bar # 37415) | (Pa. Bar No. 328570) |
| Gallivan White & Boyd P.A. | DANIEL M. ORTNER** |
| 6805 Carnegie Blvd, Ste. 200 | (Ca. Bar No. 329866) |
| Charlotte, NC, 28211 | James M. Diaz*** |
| (704)-552-1712 | (Vt. Bar. No. 5014) |
| jdedman@gwblawfirm.com | FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION |
| Eric Spengler* | 510 Walnut St., Ste. 900 |
| (NC Bar # 47165) | Philadelphia, PA 19106 |
| SPENGLER + AGANS PLLC | (215) 717-3473 |
| 352 N. Caswell Rd. | jeff.zeman@thefire.org |
| Charlotte, NC 28204 | daniel.ortner@thefire.org |

| | |
|---|---|
| (704) 999-8733<br>eric@sab.law | jay.diaz@thefire.org<br><br>**Special Appearance Pursuant to Local Rule 83.1(e)<br><br>***Special Appearance Pursuant to Local Rule 83.1(e) Forthcoming |

*Local Civil Rule 83.1(d) Attorney

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I, Jeffrey D. Zeman, hereby certify that on August 31, 2024, I submitted the foregoing to the Clerk of the Court via the District Court's CM/ECF system which will serve it on the Defendants that have made an appearance in this case, including all Defendants who filed the opposition to the motion to expedite. The following Defendants, who have not yet appeared, will be served by U.S. Mail:

Olivia McCall
Wake County Board of Elections
1200 N New Hope Rd.
Raleigh, NC 27610

Erica Porter
707 Highgate Pl.
Raleigh, NC 27610

Angela Hawkins
5309 Newstead Manor Ln.
Raleigh, NC 27606

Greg Flynn
2826 Barmettler St.
Raleigh, NC 27607

Gerry Cohen
8909 Taymouth Ct.
Raleigh, NC 27613

Keith Weatherly
2029 Red Pine Trl.
Fuquay Varina, NC 27526

/s/ Jeffrey D. Zeman
JEFFREY D. ZEMAN
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION