IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:24-CV-481

| | |
|---|---|
| SUSAN JANE HOGARTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KAREN BRINSON BELL, in her official capacity as Executive Director of the North Carolina State Board of Elections; et al., | ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS MCCALL AND WAKE COUNTY BOARD OF ELECTIONS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

NOW COME the defendants, Olivia McCall, in her official capacity as Director of Elections for the Wake County Board of Elections ("WCBOE") (hereinafter "Defendant McCall"); Erica Porter, in her official capacity as Chair of the WCBOE; Angela Hawkins, in her official capacity as Secretary of the WCBOE; and Greg Flynn, Gerry Cohen and Keith Weatherly, in their official capacities as Members of the WCBOE, (defendants Porter, Hawkins, Flynn, Cohen and Weatherly are hereinafter collectively referred to as "Defendant WCBOE"), by and through counsel, and pursuant to Local Rule 7.1(f) hereby submit this Response to Plaintiff's Motion for Preliminary Injunction [DE 9], and in opposition to plaintiff's Motion for Preliminary Injunction as to the First Cause of Action of her complaint, these defendants show unto the Court the following:

STANDARD OF LEGAL REVIEW

The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. *United States v. South Carolina*, 720

F.3d 518, 524 (4th Cir. 2013). A preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). "[M]andatory preliminary injunctions—those that alter rather than preserve the status quo—are disfavored," and should only be granted where "the applicants' right to relief [is] indisputably clear." *Mtn. Valley Pipeline, LLC v. 6.56 Acres of Land*, 915 F.3d 197, 216 n.8 (4th Cir. 2019).

In determining whether to issue a preliminary injunction, the Court must follow the test set forth by the Supreme Court in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), which requires a showing that: (1) the movant is likely to succeed on the merits; (2) the movant is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities favors the movant; and (4) an injunction is in the public interest. 555 U.S. at 20, 129 S.Ct. 365; *accord Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020); *League of Women Voters of N.C. v. N.C.*, 769 F.3d 224, 236 (4th Cir. 2014).

## STATEMENT OF THE FACTS

The allegations contained in the complaint speak for themselves as do the statutes cited therein. Moreover, the statement of the facts presented in plaintiff's two hundred and four (204) paragraphed complaint concerning her ballot selfie and intentions are not disputed for the purposes of this Response, are readily available to all parties and will no doubt be recapitulated by other defendants. Therefore, we do not repeat them here.

ARGUMENT

I. *Defendants McCall and WCBOE have limited "enforcement" and no prosecution authority over any provision of law made subject of the instant complaint.*

Of plaintiff's three (3) causes of action, the First and Second Causes of Action can only be arguably said to apply to Defendant WCBOE. Plaintiff generically alleges that county boards give warnings to voters about the "voted ballot" and "voter photo" provisions. [DE 2 ¶¶ 98, 99] Plaintiff alleges that from November 2018 through March 2024 officials from eight (8) unidentified counties "sent reports of voters photographing completed ballots to the State Board" and that during the March 2024 primary two (2) other unidentified county boards reported voters photographing voted ballots. [DE 2 ¶¶100, 104][1] Plaintiff further alleges that during the November 2022 general election the then director of the WCBOE (incorrectly identified as "David Sims") reported a Wake County incident of a voter photo of a voted ballot. [DE 2 ¶¶ 101 – 103]

County Boards of Elections have limited authority and only those powers bestowed by the North Carolina legislature and specifically enumerated in N.C.G.S. § 163.33. Those powers include the power to:

> "to make and issue such rules, regulations, and instructions, *not inconsistent with law*, with directives promulgated under the provisions of G.S. 163-132.4, or with the rules, orders, and directives established by the State Board of Elections, as it may deem necessary for the guidance of election officers and voters. (italics added).

Moreover, the power of a county board to take any action upon its power to "investigate" irregularities is limited to reporting to the State Board of Elections. N.C.G.S. § 163.33(3)

---

[1] According to the NC State Board of Elections, 3.9 million voters casts primary ballots in 2020 and 2024 primaries and 5.5 million casts ballots in the 2020 general election alone. Other local elections were held during the 2018 to 2024 period. See https://www.ncsbe.gov/results-data/voter-turnout#primary (last visited 9/17/2024).

provides in pertinent part that the county board has the power to "investigate irregularities, nonperformance of duties, and violations of laws by election officers and other persons, *and to report violations to the State Board of Elections*. While plaintiff takes issue with allegations pertaining to WCBOE's reporting of a separate, alleged 2022 violation of a voted ballot photograph referred to in paragraphs 101 thru 103 of her complaint, even if true, the letter of then and now existing law was followed.

It is axiomatic that the 100 county boards of elections have an important and well-defined yet limited role in the administration of the electoral process in North Carolina subject to the powers and limitations set forth in the above statutes. It is equally axiomatic that the rules, regulations, laws and policies of these boards should be and must be uniformly applied. County Boards are "boots on the ground" and actually carry out the day-to-day functions of election law emanating from either the North Carolina General Assembly or the State Board. Conspicuously absent from these statutory powers of the county boards is the power of prosecution. By the First Cause of Action plaintiff seeks to enjoin "enforcement" of the so-called Ballot Photography Provision and by the Second Cause of Action seeks to enjoin what she labels the Voting Enclosure Provision of N.C.G.S. § 163.166(3)(b). The enforcement and threatened prosecution of these provisions, she alleges, constitute her injuries.

Thus, the "Ballot Photography Provisions" which plaintiff seeks to enjoin by this motion (and strike down by way of the complaint) have a limited and narrow nexus to the more ministerial functions of a county board. Indeed, the important functions of the election system in North Carolina can be described as a state supervised but county administered scheme. The North Carolina State Board of Elections is the state agency

charged with the administration of the elections process and campaign finance disclosure and compliance. The state's 100 county boards of elections conduct local elections, operate voting sites, maintain voter registration lists and handle numerous aspects of election administration. The office of the State Board works in conjunction with county boards of elections offices to ensure that elections are conducted lawfully and fairly. (See https://www.ncsbe.gov/about (last visited 9/17/2024).

Notably, plaintiff does not seek injunctive relief against the named WCBOE defendants related to her March 5, 2024, ballot selfie. Accordingly, these defendants do not address plaintiff's second request for injunctive relief as related to the March 5, 2024 incident.

> II. *Plaintiff does not have to seek permission from Defendant WCBOE to Photograph Herself within the Voting Enclosure.*

Plaintiff argues that injunctive relief is necessary against Defendant WCBOE as to the "Voting Enclosure Provisions" of N.C.G.S. § 163.166(3)(b) because this provision requires a county official's approval before any voter can photograph themselves in the voting enclosure. [DE 11 pp 20-23] This is a misstatement of law. N.C.G.S. § 163.166(3)(b) specifically provides an exception for candidates who desire to take a photograph within the voting enclosure.

> (b) Photographing Voters Prohibited. – No person shall photograph, videotape, or otherwise record the image of any voter within the voting enclosure, except with the permission of both the voter and the chief judge of the precinct. *If the voter is a candidate, only the permission of the voter is required.* This subsection shall also apply to early voting sites under Part 5 of Article 14A of this Chapter. This subsection does not apply to cameras used as a regular part of the security of the facility that is a voting place or early voting site. (italics added).

As alleged in her complaint, plaintiff will appear as a Libertarian Party candidate for North Carolina State Senate District 13 in the November 5, 2024 election. [DE 2 ¶116] The plain

language of this statute reveals that plaintiff does not need to seek permission from anyone at the Wake County Board of Elections if she desires to photograph herself within the voting enclosure. Further, with respect to Defendant WCBOE, plaintiff makes no allegation that these defendants have prevented her or informed her that she could not take a photograph within the voting enclosure, whether in the past or future.

> III. *Defendants McCall and WCBOE defer to the State Board's position with respect to the Preliminary Injunction and hereby adopts the State Board's position with respect to the Motion for Preliminary Injunction.*

Because Defendants McCall and WCBOE are required to follow the law as it exists and have no power to act in a manner other than what is prescribed by state law or North Carolina State Board of Elections directives, these defendants defer to the State Board's position with respect to the Preliminary Injunction. For the reasons stated above and to avoid duplication of arguments, Defendants McCall and WCBOE defer to any arguments propounded by the North Carolina State Board of Elections in opposition to plaintiff's Motion for Preliminary Injunction.

## CONCLUSION

For the reasons stated above and those set forth in the Response of the North Carolina State Board of Elections to plaintiff's Motion for Preliminary Injunction [DE 9], Defendants McCall and WCBOE request that the motion be denied.

Respectfully submitted this the 17th day of September, 2024.

**WAKE COUNTY ATTORNEY'S OFFICE**

By: /s/ *Roger A. Askew*
Roger A. Askew, NCSB # 18081
Senior Deputy County Attorney

/s/ *Allison P. Cooper*
Allison P. Cooper, NCSB # 34160
Deputy County Attorney
Post Office Box 550
Raleigh, North Carolina 27602
Phone: (919) 856-5500
Fax:   (919) 856-5504
*Attorneys for Defendants McCall and
  WCBOE*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:24-CV-481

| | |
|---|---|
| SUSAN JANE HOGARTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KAREN BRINSON BELL, in her official capacity as Executive Director of the North Carolina State Board of Elections; et al., | ) ) ) ) |
| | ) |
| Defendants. | ) |

The undersigned hereby certifies that the foregoing **DEFENDANTS MCCALL AND WAKE BOARD OF ELECTIONS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** was electronically filed with the Clerk of Court using the CM/ECF filing system and served via electronic transmission through the Court's CM/ECF system in accordance with Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure and applicable local rules upon the CM/ECF participants:

Jeffrey Daniel Zeman
Foundation for Individual Rights and Expression
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Jeff.zeman@thefire.org
*Counsel for Plaintiff*

Daniel Ortner
Foundation for Individual Rights and Expression
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Daniel.ortner@thefire.org
*Counsel for Plaintiff*

James M. Dedman, IV
Gallivan, White & Boyd, PA
6805 Carnegie Blvd., Suite 200
Charlotte, NC 28211
jdedman@gwblawfirm.com
*Counsel for Plaintiff*

Eric Straub Spengler
Spengler & Agans PLLC
352 N Caswell Rd.
Charlotte, NC 28204
eric@sab.law
*Counsel for Plaintiff*

Mary Carla Babb  
Special Deputy Attorney General  
N.C. Department of Justice  
P.O. Box 629  
Raleigh, NC 27602-0629  
mcbabb@ncdoj.gov  
*Counsel for State Defendants*

Terence Steed  
Special Deputy Attorney General  
N.C. Department of Justice  
P.O. Box 629  
Raleigh, NC 27602-0629  
E-mail: tsteed@ncdoj.gov  
*Counsel for State Defendants*

Elizabeth Curran O'Brien  
N.C. Department of Justice  
PO Box 629  
Raleigh, NC 27602-0629  
eobrien@ncdoj.gov  
*Counsel for Defendant Freeman*

This the 17th day of September, 2024.

                                            */s/ Roger A. Askew*  
                                            Roger A. Askew  
                                            Senior Deputy Wake County Attorney  
                                            Post Office Box 550  
                                            Raleigh, North Carolina 27602  
                                            Phone: (919) 856-5500  
                                            Fax:   (919) 856-5504