IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:24-cv-00481-FL

| | |
|---|---|
| HOGARTH,<br><br>Plaintiff,<br><br>V.<br><br>BRINSON BELL, ET AL.,<br><br>Defendants. | **RESPONSE TO HOGARTH'S MOTION FOR PRELIMINARY INJUNCTION** |

## INTRODUCTION

Susan Jane Hogarth brings three as-applied First Amendment claims against DA Freeman: (1) that N.C. Gen. Stat. §§ 163-166.3(c), 163-273(a)(1), 163-165.1(e) and 163-274(b)(1) burden Hogarth's First Amendment freedoms by prohibiting or criminalizing her protected expression of taking a ballot selfie [DE 1, ¶ 141]; (2) that N.C. Gen. Stat. § 163-166.3(b) violates the First Amendment because it requires Hogarth receive consent from the chief judge of the precinct to take a ballot selfie in elections where she is not a candidate [DE 1, ¶¶ 170-187]; and (3) that the State Board of Elections violated Hogarth's First Amendment rights when it wrote a letter informing Hogarth that taking a ballot selfie was unlawful. [DE 11, ¶¶ 188-204]

Hogarth brings her lawsuit on behalf of herself only, but seeks broad injunctive relief, stretching far beyond the claims brought in her lawsuit, asking this Court to grant extraordinary injunctive relief "that Defendants simply cease enforcing North

1

Carolina's Ballot Photography Provisions and Voting Enclosures Provision against ballot selfies." [DE 11, p. 25] This Court should deny Hogarth's motion because she is not likely to succeed on the merits, she does not face irreparable harm, and the balance of equities and public interest weigh against injunction.

## STATEMENT OF FACTS

Hogarth is a resident and registered voter in Wake County, North Carolina. [DE 1, ¶ 9] She has taken and shared "ballot selfies" and intends to do so again. [Id.] On March 5, 2024, Hogarth took a ballot selfie while in the voting booth and shared it on social media. [Id., ¶ 10] On March 13, 2024, Defendant Danielle Brinton, a State Board of Elections investigator, sent Hogarth a letter, explaining N.C. Gen. Stat. § 163-166.3(c) makes it unlawful to "photograph, videotape, or otherwise record the image of a voted ballot for any purpose not otherwise permitted under law." [DE 11-3] The letter stated "[t]he purpose of this letter is to explain the law and request that you take the post down." [Id.] The letter does not mention prosecution and does not include any reference to District Attorney Freeman. [Id.] In the six months since Hogarth received this letter, she has not prosecuted by DA Freeman. [DE 1]

Hogarth does not intend to take down her March 5, 2024 X post [DE 1, ¶ 106], and intends to vote in future elections in Wake County. [Id. ¶ 107] In past elections, Hogarth has voted early and on Election Day. [Id. ¶ 108] Whether she votes in person or not, Hogarth intends to take ballot selfies with her completed ballot in the future elections and share these photographs on social media. [Id. ¶¶ 111-13]

Hogarth is a member and past Chair of the Libertarian Party of North Carolina [Id. ¶ 114] and will appear on the November 5, 2024 ballot as a candidate for North Carolina State Senate District 13. [Id. ¶ 116] Hogarth intends to vote in person on November 5, and will take a photograph of herself in the voting booth with her completed ballot, including the portion of her ballot showing her vote for Libertarian Party presidential candidate Chase Oliver, and share her photographs on social media. [Id. ¶¶ 118-123] Hogarth claims she is in immediate risk of criminal prosecution when she engages in this conduct. [Id. ¶ 128] Hogarth asserts she faces an ongoing and credible threat of prosecution for her March 5, 2024 ballot selfie. [Id. ¶ 131]

## **LEGAL STANDARD**

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (quotation and citation omitted). A plaintiff must make a clear showing of four elements before a preliminary injunction may issue: (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020), *as amended* (Jan. 14, 2020). "Each of these four requirements must be satisfied." *Mountain Valley Pipeline, LLC v. W. Pocahontas Properties Ltd. P'ship*, 918 F.3d 353, 366 (4th Cir. 2019). A court considering whether to impose a preliminary injunction must separately consider each of the four *Winter* factors. *Pashby v. Delia*, 709 F.3d 307, 321 (4th Cir. 2013).

## ARGUMENT

### I. HOGARTH[1] IS UNLIKELY TO SUCCEED ON THE MERITS

"In order to prevail on an as-applied First Amendment challenge, a plaintiff "must show that the regulations are unconstitutional as applied to their particular speech activity." *Fusaro v. Howard*, 19 F.4th 357, 368 (4th Cir. 2021) (internal citations omitted). "[A]n as-applied challenge is based on a developed factual record and the application of a statute to a specific person." *See Educ. Media Co. at Virginia Tech v. Insley*, 731 F.3d 291, 298 n.5 (4th Cir. 2013) (alterations and internal quotation marks omitted). As-applied challenges are fact-specific inquiries because of "the general rule that constitutional adjudication requires a review of the application of a statute to the conduct of the party before the Court." *Fusaro*, 19 F.4th 357 (citing *Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 798 (1984)).

### a. Hogarth Lacks Standing as to DA Freeman

Under Article III of the United States Constitution, this Court's subject matter jurisdiction is limited to deciding cases and controversies. *See Allen v. Wright*, 468 U.S. 737, 750 (1984), *abrogated by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014); *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). If a plaintiff has not suffered an injury, there is no standing, and the matter should be dismissed for lack of

---

[1] Throughout her complaint and memorandum in support of preliminary injunction, Hogarth appears to assert the rights of parties not before the Court. However, it is important to remember that Hogarth is the only plaintiff, she does not bring her claims in a representational capacity, the facts arose in Wake County, and she does not assert a facial challenge.

subject matter jurisdiction pursuant to Rule 12(b)(1). Standing must be evaluated separately as to each defendant. *Murthy v. Missouri*, 144 S. Ct. 1972, 1988 (2024) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021)); *Disability Rts. S.C. v. McMaster*, 24 F.4th 893 (4th Cir. 2022).

To establish Article III standing, Hogarth must first demonstrate that she has "suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). Second, her injury must be fairly traceable to DA Freeman's actions, and not some other defendant. *Lujan*, 504 U.S. at 560. Third, it must be likely, as opposed to merely speculative, that her injury will be redressed by a favorable decision. *Id.*; *see also Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (citing *Lujan*, 504 U.S. at 560–61).

A plaintiff satisfies the injury-in-fact requirement when she sufficiently alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979). "[T]here is a credible threat of future enforcement so long as the threat is not imaginary or wholly speculative, chimerical, or wholly conjectural." *Kenny v. Wilson*, 885 F.3d 280, 288 (4th Cir. 2018) (citations and internal quotation marks omitted). The Supreme Court has provided additional guidance regarding the "injury in fact" requirement in situations where a plaintiff is challenging the constitutionality of a

5

criminal statute. To fulfill this requirement in this context, a plaintiff must demonstrate a genuine threat of prosecution that is credible and is alive at each stage of the litigation. *See Steffel v. Thompson*, 415 U.S. 452, 475 (1974); *Babbitt*, 442 U.S. at 298–99. To demonstrate this "genuine threat," a plaintiff must show more than the fact that government officials stand ready to perform their general duty to enforce laws. *Poe v. Ullman*, 367 U.S. 497, 501 (1961).

"[P]ast enforcement against the same conduct is good evidence that the threat of enforcement is not chimerical," and "[t]hreat of prosecution is especially credible when defendants have not 'disavowed enforcement' if plaintiffs engage in similar conduct in the future." *Kenny*, 885 F.3d at 288 (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164, 165 (2014)). Conversely, "where the government has 'disavowed enforcement' there is no credible threat of prosecution." *GenBioPro, Inc. v. Sorsaia*, No. 3:23-0058, 2023 U.S. Dist. LEXIS 76271, at *29 (S.D. W. Va. May 2, 2023) (citing *Susan B. Anthony List*, 573 U.S. at 163, *Holder v. Humanitarian L. Project*, 561 U.S. 1, 16 (2010).

To support standing in this case, Hogarth contends that she faces "an ongoing and credible threat of prosecution for her March 5, 2024 ballot selfie from X" [DE 1, ¶ 131] and "credible threat of prosecution if she takes and shares a ballot selfie during the upcoming November 2024 election and subsequent elections, as she plans to do." [DE 1, ¶ 132] Hogarth further alleges the "Defendants'" "active enforcement" of North Carolina's ballot selfie ban forces her to "either take and share ballot selfies under the threat of criminal prosecution or to self-sensor by forgoing expressing herself

6

as such." [DE 1, ¶ 124] Hogarth states she seeks declaratory and injunctive relief so she can "take and share ballot selfies . . . ." [DE 11, ¶ 134]

To support her claim that she faces a credible threat of prosecution, Hogarth provides a March 13 letter written by Investigator Brinton of the State Board of Elections. [DE 11-3] Hogarth repeatedly characterizes the March 13 letter as a threat of criminal prosecution. Hogarth overstates the content of the letter. First, the letter states that the purpose of the letter is "to explain the law and request that you take the post down." [Id.] The letter does not threaten or even mention the word "prosecute." More importantly, the State Board has no statutory authority to prosecute violations of the law – that duty lies with the district attorney.

In North Carolina, while the State Board of Elections administers and investigates violations of North Carolina election laws, only district attorneys are specifically empowered to prosecute violations of certain voting-related statutes, such as those challenged here. N.C. Gen. Stat. §§ 7A-61, 163-278. Hogarth is a Wake County voter, and Wake County District Attorney Lorrin Freeman is the only defendant authorized to prosecute Hogarth for violation of the challenged statutes. However, the complaint makes no factual allegations against DA Freeman. Prior to the filing of this lawsuit, DA Freeman had no knowledge of any of the facts contained in the complaint. [Exhibit A] Most importantly, upon learning of Hogarth and this lawsuit, DA Freeman has disavowed prosecuting Hogarth for her past or future ballot selfies pending determination of the constitutionality of the challenged statutes. [Id.] There simply is no credible threat of prosecution of Hogarth related to ballot selfies.

7

If this Court determines Hogarth faces a credible threat of prosecution by some other defendant, that injury is not traceable to DA Freeman. To support her argument that she faces a credible threat of prosecution for her March 5 selfie, Hogarth cites to eight years of cases referred for prosecution by the State Board of Elections. [DE 11-15] During those eight years, only two "possible irregularity/violations" reference photographing a ballot – one in Durham County in 2020[2] and one in Granville County in 2023. [DE 11-15, pp. 16, 20] Hogarth does not cite to a criminal prosecution resulting from the two referrals, and there appears to be none. Hogarth provides no evidence DA Freeman has ever prosecuted a "ballot selfie" case, and cannot refute DA Freeman's declaration that she does not intend to prosecute conduct such as that pled by Hogarth while the Court considers the constitutionality of the challenged statutes. [Exhibit A] Accordingly, to the extent Hogarth has suffered an injury, that injury is not traceable to DA Freeman.

## II. HOGARTH IS UNLIKELY TO SUFFER IRREPARABLE HARM

Hogarth bears the burden of showing that irreparable injury is both imminent and likely. *Winter*, 555 U.S. at 22. Hogarth "seeks a preliminary injunction to ensure that Hogarth can engage in protected political speech in the upcoming election." [DE 11, p. 15] Because DA Freeman has made clear that Hogarth will not face prosecution for posting a ballot-selfie during the November 5 election, she does not face irreparable injury that is either imminent or likely, and cannot satisfy this factor.

---

[2] The statute of limitations has expired for prosecution of this referral. N.C. Gen. Stat. § 15-1

## III. THE BALANCE OF EQUITIES AND THE PUBLIC INTEREST WEIGH AGAINST AN INJUNCTION

The final factors – the balance of equities and the public interest – merge when the government is the party opposing a preliminary injunction. *Talleywhacker, Inc. v. Cooper*, 465 F. Supp. 3d 523 (E.D.N.C. 2020) (2020 (citing *Roe*, 947 F.3d at 230. When the Court considers the equities, it must balance the competing interests of injury and the effect on each party of granting or withholding the requested relief. *Winter*, 555 U.S. at 24. In addressing the public interest, the Court must consider "the public consequences in employing the extraordinary remedy of injunction." *Id.* The Supreme Court instructs that the "proximity of a forthcoming election and the mechanics and complexities of state election laws" are particularly relevant when determining whether to grant injunctive relief. *Reynolds v. Sims*, 377 U.S. 533, 585 (1964). DA Freeman is confident that the State Board of Elections will address the complexities of this lawsuit in relation to the upcoming election in its response, so she will not address those here.

When a plaintiff delays her motion for preliminary injunction, like Hogarth did here, the balance of the equities tips against an injunction. *See Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel*, 872 F.2d 75, 80 (4th Cir. 1989) (holding that a plaintiff's delay is thus quite relevant to balancing the parties' potential harms, since a long delay in seeking relief indicates that speedy action is not required.) Hogarth received the letter that she characterizes as a credible threat of prosecution and the cause of her injury-in-fact over six months ago. During those six months, there is no evidence that

9

Hogarth or her attorneys reached out to the district attorney to discuss the letter or any of the facts of this case. Had she done so, it is likely the parties and Court would not need to be considering injunctive relief and an expedited schedule on the eve of an election. For that reason, the balance of equities and public interest weigh against granting preliminary injunctive relief.

## CONCLUSION

Despite Plaintiff's attempts to seek broad, statewide relief on behalf of all North Carolina voters, the case they have pled is narrow – an as-applied challenge by one named plaintiff. This Court should deny Hogarth's motion for preliminary injunction because she is not likely to succeed on the merits, she does not face irreparable harm, and the balance of equities and public interest weigh against an injunction.

Respectfully submitted, this the 17th day of September, 2024.

JOSHUA H. STEIN
Attorney General

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. State Bar No. 28885
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6800
Facsimile: (919) 716-6755
Email: eobrien@ncdoj.gov
*Counsel for Defendant Freeman*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** with the Clerk of the court using the CM/ECF system which will send notification of such filing to the parties of record who participate in the CM/ECF system.

This the 17th day of September, 2024.

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice