# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| SUSAN JANE HOGARTH,<br><br>*Plaintiff*,<br>v.<br><br>KAREN BRINSON BELL, et al.,<br><br>*Defendants*. | Case No.: 5:24-cv-00481-LF<br><br>Hon. Louise W. Flanagan<br><br>**JOINT STATUS REPORT ON PARTIAL PRELIMINARY INJUNCTION CONSENT ORDER** |

Pursuant to the Court's order of October 15, 2024, (ECF No. 51), Plaintiff Susan Jane Hogarth and Defendant, Wake County District Attorney Lorrin Freeman, (the "Parties") submit this joint status report.

The Parties have traded multiple draft consent orders and have reached agreement on several matters. But outstanding issues have prevented the Parties from reaching a final agreement. The Parties submit the following joint status report to inform the Court of their disagreements and respective positions.

**Procedural Background**

In late August, Plaintiff Susan Jane Hogarth sued and filed for a preliminary injunction against Wake County District Attorney Lorrin Freeman, officials of the North Carolina State Board of Elections, officials of the Wake County Board of Elections, and North Carolina Attorney General Josh Stein ("Defendants"), asking the Court to enjoin the Defendants from enforcing five statutory provisions that prevent her from taking and sharing photographs of her official voted ballot and of

herself, and no one else, inside or outside the voting enclosure (collectively, "ballot selfies"). (ECF Nos. 1, 11.) All defendants, including District Attorney Freeman, opposed Plaintiff's motion. Attached to her response in opposition, District Attorney Freeman filed a declaration affirming that exercising her discretion she would not initiate prosecution of Hogarth for the conduct delineated in the declaration during the pendency of this case. (ECF No. 42-1.)

The Court heard oral argument on Hogarth's preliminary injunction motion on October 7, 2024. During the hearing, the Court inquired whether District Attorney Freeman would memorialize the promises made in her declaration in the form of a consent order, to which she agreed. (ECF No 52 at 28-29, 33-34). The Court ordered District Attorney Freeman and Hogarth to jointly draft a consent order by October 11, 2024. (*See* ECF No. 52 at 35; ECF No. 47.) Plaintiff Hogarth thereafter sought, and the Court granted, an extension of time, directing the Parties to file either a consent decree or a joint status report explaining any disagreement by October 18, 2024. (ECF No. 51.)

**Disputed Language**

After several rounds of negotiation, the parties have made substantial headway on their agreements. However, each party seeks language to which the other objects:

1. Plaintiff Hogarth requests language making clear that the consent order gives her the right to take a ballot selfie in her designated polling place.

2. District Attorney Freeman requests language:

2

a. Stating that prior to this case she did not know Hogarth or threaten Hogarth with prosecution over the facts alleged in Hogarth's pleadings;

b. That she enters into the consent decree pursuant to her lawful authority and discretion to prosecute individuals as conferred by law and citing legal authority;

c. Expressing her concern that individuals, including Hogarth, may use photography at the polling place to intimidate others;

d. Requiring Hogarth to follow all other applicable voting rules and regulations.

**Plaintiff's Position**

At the conclusion of the October 7, 2024 hearing, the Court advised Hogarth she would "be able to take a ballot selfie" while this case is pending. (ECF No. 52 at 46.) In the New Bern federal courthouse after the preliminary injunction hearing, with all parties' counsel present, counsel for the State Defendants advised Hogarth she would need to bring a copy of the consent order when she votes to prevent poll workers from interfering with her right to take ballot selfies. Hogarth agrees.

But a consent order limited to *prohibiting prosecution* of Hogarth for taking or posting ballot selfies, without additional language—as District Attorney Freeman proposes—will not ensure that poll workers respect Hogarth's freedom to take a ballot selfie in the first place, as this Court advised. (ECF No. 52 at 46.) For example, Hogarth would still be subject to arrest by the chief judge of her voting precinct for violating the statutes. *See, e.g.*, N.C. Gen. Stat. § 163-48 (providing chief judges of

3

precincts "may order the arrest of any person violating any provision of the election laws."). And poll workers, informed only of the order's protection of Hogarth against prosecution, may seek to carry out their charges by *preventing* her from taking ballot selfies.

Hogarth proposed several versions of language that would fully implement the Court's order that she have the ability to take and post ballot selfies. The State Board refused to participate in negotiations. District Attorney Freeman rejected each version, and did not provide alternative language that would ensure Hogarth could take a ballot selfie at her polling place.

Hogarth also objects to District Attorney Freeman's above-described requested language. District Attorney Freeman's factual and legal positions are not relevant to or needed in an Order from this Court. Additionally, legal conclusions asserting District Attorney Freeman's prosecutorial discretion contradict the very purpose of this limited injunction: to *prevent* the District Attorney from exercising her discretion to prosecute Hogarth for taking or sharing ballot selfies. Hogarth also cannot stipulate to facts such as District Attorney Freeman's past knowledge or intent— issues of fact which may later come into dispute. Nor can Hogarth agree to abide by polling place regulations without language affirmatively stating she need not follow those prohibiting ballot selfies.[1]

---

[1] Although the Court ordered only Hogarth and District Attorney Freeman to file a status report (*see* ECF No. 51) the State Defendants wish to make their position known. And although Hogarth disputes the State Defendants' characterization of Hogarth's position, in the interest of collegiality and ensuring this status report is timely filed, she does not object to the State Defendants' position being included in this status report.

**District Attorney Freeman's Position**

District Attorney Freeman agreed to enter into a consent order memorializing the promises made in her declaration at the request of the Court. Hogarth refuses to sign a consent agreement that does not include additional terms and conditions that go beyond District Attorney Freeman's role in the case, beyond her lawful authority, and pertain to others not a party to this consent agreement. Additionally, Hogarth requests District Attorney Freeman remove information regarding the basis upon which District Attorney Freeman agreed to enter into the consent order. District Attorney Freeman has repeatedly informed Hogarth that proposed terms unrelated to criminal prosecution by District Attorney Freeman have no place in a consent order between the two parties, and go well beyond what was discussed at the October 7, 2024 hearing.

**State Defendants' Position**:

State Defendants do not oppose Plaintiff and District Attorney Freeman entering a consent order consistent with the district attorney's declaration [D.E.42-1] and what was discussed at the hearing On October 7, 2024. During the October 7, 2024 hearing, counsel for the State Defendants notified the Court and the parties the State Board of Elections likely would not join the agreement. Plaintiff did not raise any objection.

Despite being clear about that position, the State Defendants did participate in these negotiations because Plaintiff sought to include them as parties. In response, the parties met and conferred on October 11, 2024 and it was explained again to

Plaintiffs why the State Board of Elections would not be joining the agreement.

After accepting that the State Board of Elections would not a party, Plaintiff then inserted terms into the agreement they proposed that would nonetheless bind the State Board of Elections, the Wake County Board of Elections, and poll workers at any site where the Plaintiff may choose to vote. State Defendants notified the parties that they objected to the inclusion of this language trying to bind parties who never agreed to be included in this order.

Those terms have remained substantively unchanged since they were first proposed by Plaintiff on October 11, 2024 and State Defendants objections remain the same.

Respectfully submitted,

/s/ James M. Dedman IV
JAMES M. DEDMAN IV
   (NC Bar # 37415)
GALLIVAN WHITE & BOYD P.A.
6805 Carnegie Blvd, Ste. 200
Charlotte, NC, 28211
(704)-552-1712
jdedman@gwblawfirm.com

ERIC SPENGLER
   (NC Bar # 47165)
SPENGLER + AGANS PLLC
352 N. Caswell Rd.
Charlotte, NC 28204
(704) 999-8733
eric@sab.law

/s/ Jeffrey D. Zeman
JEFFREY D. ZEMAN*
   (Pa. Bar No. 328570)
DANIEL M. ORTNER*
   (Ca. Bar No. 329866)
JAMES M. DIAZ*
   (Vt. Bar. No. 5014)
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
jeff.zeman@thefire.org
daniel.ortner@thefire.org
jay.diaz@thefire.org

*Special Appearance pursuant to Local Rule 83.1(e)

*Counsel for Plaintiff Susan Jane Hogarth*

/s/ Elizabeth Curran O'Brien
ELIZABETH CURRAN O'BRIEN
Special Deputy Attorney General
N.C. State Bar No. 28885
NORTH CAROLINA DEPARTMENT OF JUSTICE
P.O. Box 629
Raleigh, NC 27602-0629
(919) 716-6800
eobrien@ncdoj.gov

*Counsel for District Attorney Lorrin Freeman*

/s/ Terence Steed
TERENCE STEED
Special Deputy Attorney General
N.C. State Bar No. 52809
NORTH CAROLINA DEPARTMENT OF JUSTICE
P.O. Box 629
Raleigh, NC 27602-0629
(919) 716-6567
tsteed@ncdoj.gov

*Counsel for the State Defendants*