IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-481-FL

| | |
|---|---|
| SUSAN JANE HOGARTH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KAREN BRINSON BELL, in her official ) <br> capacity, ALAN HIRSCH, in his official ) <br> capacity, JEFF CARMON, in his official ) <br> capacity, STACY EGGERS IV, KEVIN N. ) <br> LEWIS, and SIOBHAN O'DUFFY ) <br> MILLEN, in their official capacities, ) <br> DANIELLE BRINTON, in her official ) <br> capacity, OLIVIA MCCALL, in her official ) <br> capacity, ERICA PORTER, in her official ) <br> capacity, ANGELA HAWKINS, in her ) <br> official capacity, GREG GLYNN, GERRY ) <br> COHEN, and KEITH WEATHERLY, in ) <br> their official capacities, LORRIN ) <br> FREEMAN, in her official capacity, and ) <br> JOSH STEIN, in his official capacity, ) <br> ) <br> Defendants. ) | ORDER |

    This matter is before the court upon plaintiff's motion for preliminary injunction (DE 9). Certain temporary resolutions were brokered at hearing October 7, 2024, in address of motion, between plaintiff and defendant Wake County District Attorney Lorrin Freeman ("Freeman") along lines of her sworn declaration that she will not prosecute plaintiff for violating any of the statutes at issue pending outcome of this case. (<u>See</u> Hearing Transcript (DE 52) 28:18–29:17, 33:13–34:24; <u>see generally</u> Decl. Freeman (DE 42-1)). Proposed consent order was requested to be filed. On the October 18, 2024, deadline for that filing, the parties made report attesting to good

faith negotiation between the sides which stumbled upon peripheral considerations.  (See Status Report (DE 57)).

With deference to Federal Rule of Civil Procedure 1, and in address of issues immediately concerning in advance of the November 5, 2024, election, the court resolves plaintiff's motion for injunctive relief in reliance upon defendant Freeman's declared exercises of prosecutorial discretion.  Pending the court's determination on the challenged statutory provisions, defendant Freeman shall not engage in:

1.   Any prosecution of plaintiff under N.C. Gen. Stat. § 163-166.3(c) for photographing, videotaping, or otherwise recording an image of plaintiff's own voted official ballot in the voting enclosure, provided said photograph, video, or recording does not include the image of any other person or another person's voted ballot (Freeman Decl. ¶ 11);

2.   Any prosecution of plaintiff under N.C. Gen. Stat. § 163-273(a)(1) for allowing her own ballot to be seen by any person (Freeman Decl. ¶ 12);

3.   Any prosecution of plaintiff under N.C. Gen. Stat. § 163-165.1(e) for disclosing her own voted ballot (Freeman Decl. ¶ 13); and

4.   Any prosecution of plaintiff under N.C. Gen. Stat. § 163-274(b)(1) for taking past or future photographs of plaintiff's own completed ballot (Freeman Decl. ¶ 14).

Plaintiff's motion for injunctive relief (DE 9) is GRANTED in this PART.

SO ORDERED, this the 21st day of October, 2024.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge