UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| SUSAN JANE HOGARTH,<br><br>   *Plaintiff,*<br> v.<br>KAREN BRINSON BELL, et al.,<br><br>   *Defendants.* | Case No.: 5:24-cv-00481-LF<br><br>Hon. Louise W. Flanagan<br><br>**PLAINTIFF'S MOTION TO CORRECT OR CLARIFY THE COURT'S OCTOBER 21, 2024 ORDER** |

  Under Federal Rule of Civil Procedure 60(a), Plaintiff Susan Hogarth respectfully asks the Court to correct or clarify its October 21, 2024 Order "granting in part and denying in part" Hogarth's preliminary injunction motion.[1] (Order & Docket Text, ECF No. 60.) First, the Court's Order does not fully comport with the Court's stated assurance to Hogarth that she will "be able to take a ballot selfie" this election. Second, the Docket Text states the written Order "grant[ed] in part and den[ied] in part," Hogarth's motion, but neither indicates what part of Hogarth's motion is denied. Correction or clarification is necessary to avoid confusion and unnecessary disputes among the Parties.

## ARGUMENT

  Hogarth requests the Court use its Rule 60(a) authority to correct any "oversight or omission," including "unintended ambiguity that obfuscates the court's

---

[1] On October 24, 2024, Plaintiff sought via email Defendants' consent for this motion. Defendants responded and did not consent to this motion.

original intent" to fulfill the assurance it expressed at the preliminary injunction hearing that Hogarth would "be able to take a ballot selfie."[2] (Hr'g Tr. 46:7–46:10, ECF No. 52.) Specifically, the Court assured Hogarth as follows:

```
 7          So, Ms. Hogarth, I think you've been
 8    listening diligently and you know you'll be able to take
 9    a ballot selfie, but you can't include anybody else in
10    your ballot selfie.
11          MS. HOGARTH:  Yes.
12          THE COURT:  And the case will proceed.
13          MR. ZEMAN:  Thank you, Your Honor.
14          THE COURT:  Good luck to both sides.
15          Thank you very much.
16          (Concluded at 2:49 p.m.)
```

The Court expressed an intent to foreclose District Attorney Freeman from prosecuting Hogarth "for the things she has described in her complaint." (Hr'g Tr. 27:13–29:20, 33:11–34:9.) But the Order inadvertently leaves open multiple avenues for prosecuting Hogarth for taking or sharing ballot selfies. The Court should amend its Order to address these omissions by preventing District Attorney Freeman from:

- Prosecuting Hogarth under N.C. Gen. Stat. § 163-166.3(c)'s prohibition on photographing her voted ballot outside the voting enclosure (ECF No. 60 ¶ 1 (referencing this provision but omitting reference to photographing voted ballots *outside* the voting enclosure));

---

[2] *Sartin v. McNair L. Firm PA*, 756 F.3d 259, 265–66 (4th Cir. 2014) (affirming district court's power to correct its orders and provide "clarification and explanation, consistent with the intent of the original judgment").

2

Case 5:24-cv-00481-FL    Document 61    Filed 10/25/24    Page 2 of 5

- Prosecuting Hogarth under N.C. Gen. Stat. § 163-274(b)(1)'s prohibition on sharing photos of a voted ballot (*see id.* ¶ 4 (referencing this provision but omitting reference to "sharing" voted ballots));

- Prosecuting Hogarth for violating N.C. Gen. Stat. § 163-166.3(b)'s prohibition on photographing herself in the voting enclosure; and

- Requesting the North Carolina Attorney General prosecute Hogarth for taking or sharing ballot selfies under the same provisions Freeman is banned from enforcing against Hogarth.

To further effectuate the Court's intent that Hogarth "be able to take a ballot selfie," the corrected or clarified Order should also include language preventing local officials from frustrating the Order by interfering with her ability to take and share a ballot selfie.

Finally, Hogarth also seeks correction or clarification regarding whether and to what extent the Court's October 21 Order is intended to deny Hogarth's motion for preliminary injunction. The Docket Text entering the written Order states the Court was "granting in part and denying in part" Hogarth's preliminary injunction motion. (Order Docket Text, ECF No. 60.) And the written Order indicates that it "resolves plaintiff's motion for injunctive relief" and that "Plaintiff's motion for injunctive relief (DE 9) is GRANTED in this PART." (ECF No. 60 at 2.) But it does *not* deny Hogarth's motion in any part in any explicit terms. She therefore seeks clarification as to whether, and to what extent, the Order denies her preliminary injunction motion.

## CONCLUSION

For the foregoing reasons, Hogarth asks the Court to correct or clarify any "mistake[s] arising from oversight or omission" or "unintended ambiguit[ies]" in its October 21, 2024 Order to ensure the Order comports with the Court's stated intent.

Dated: October 25, 2024

Respectfully submitted,

/s/ James M. Dedman IV
JAMES M. DEDMAN IV
   (NC Bar # 37415)
GALLIVAN WHITE & BOYD P.A.
6805 Carnegie Blvd, Ste. 200
Charlotte, NC, 28211
(704)-552-1712
jdedman@gwblawfirm.com

ERIC SPENGLER
   (NC Bar # 47165)
SPENGLER + AGANS PLLC
352 N. Caswell Rd.
Charlotte, NC 28204
(704) 999-8733
eric@sab.law

/s/ Jeffrey D. Zeman
JEFFREY D. ZEMAN*
   (Pa. Bar No. 328570)
DANIEL M. ORTNER*
   (Ca. Bar No. 329866)
JAMES M. DIAZ*
   (Vt. Bar. No. 5014)
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
jeff.zeman@thefire.org
daniel.ortner@thefire.org
jay.diaz@thefire.org

*Special Appearance pursuant to Local Rule 83.1(e)

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, a true and correct copy of the foregoing document was transmitted via using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Jeffrey D. Zeman
Jeffrey D. Zeman
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION