# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| SUSAN HOGARTH,<br><br>　　　　　*Plaintiff*,<br>　v.<br><br>KAREN BRINSON BELL, et al.,<br><br>　　　　　*Defendants*. | Case Number: 5:24-cv-00481-LF<br><br>Hon. Louise W. Flanagan<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S CONSENTED-TO AND UNOPPOSED MOTION FOR LEAVE TO FILE VERIFIED SUPPLEMENTAL COMPLAINT** |

　　　　Plaintiff Hogarth's verified supplemental complaint describes new facts that arose after she filed her Verified Complaint, and those facts relate to her original claims. Given that all Defendants either consent to or do not oppose her motion for leave to file the supplemental complaint, Federal Rule of Civil Procedure 15(d) requires nothing more. *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). The Court should grant her motion.

　　　　Under Rule 15(d), courts may permit parties "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d) motions "should be freely granted," *id.*, because supplemental complaints "avoid the cost, delay and waste of separate actions." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963). They "should be denied only where good reason exists, such as prejudice to the defendants." *Franks*, 313 F.3d at 198 n.15 (internal quotation omitted).

No good reason exists to deny Hogarth's motion. It does no prejudice to Defendants; all have consented or do not oppose. Hogarth even offered Defendants a joint request for additional time to amend, supplement, or replace their Rule 12(b)(1) motions to dismiss in light of the supplemental complaint, but all Defendants either thought additional time unnecessary or actively opposed changing the current briefing schedule (*see* ECF No. 50) at this time, and therefore declined. Further, Hogarth's supplemental complaint directly relates to the First Amendment claims set out in her Verified Complaint. Filing her supplemental complaint thus serves "the efficient administration of justice." *Waller*, 323 F.2d at 28–29.

The Court should grant Hogarth's motion.

Dated: November 5, 2024          Respectfully Submitted,

/s/ James M. Dedman IV
James M. Dedman IV*
(NC Bar # 37415)
Gallivan White & Boyd P.A.
6805 Carnegie Blvd, Ste. 200
Charlotte, NC, 28211
(704)-552-1712
jdedman@gwblawfirm.com

Eric Spengler
(NC Bar # 47165)
SPENGLER + AGANS PLLC
352 N. Caswell Rd.
Charlotte, NC 28204
(704) 999-8733
eric@sab.law

*Local Civil Rule 83.1(d) Attorney

/s/ Jeffrey D. Zeman
JEFFREY D. ZEMAN**
(Pa. Bar No. 328570)
DANIEL M. ORTNER**
(Ca. Bar No. 329866)
James M. Diaz**
(Vt. Bar. No. 5014)
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
jeff.zeman@thefire.org
daniel.ortner@thefire.org
jay.diaz@thefire.org

**Special Appearance Pursuant to Local Rule 83.1(e)

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2024, a true and correct copy of the foregoing document was transmitted via using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Jeffrey D. Zeman
JEFFREY D. ZEMAN
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION