UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| SUSAN JANE HOGARTH,<br><br>      *Plaintiff,*<br>v.<br><br>KAREN BRINSON BELL, et al.,<br><br>      *Defendants.* | Case No.: 5:24-cv-00481-LF<br><br>Hon. Louise W. Flanagan<br><br>**FIRST VERIFIED SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUCTIVE RELIEF** |

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiff Susan Jane Hogarth brings this supplemental complaint against the State Board Defendants (Karen Brinson Bell, Alan Hirsch, Jeff Carmon, Stacy Eggers IV, Kevin N. Lewis, and Danielle Brinton), the County Board Defendants (Olivia McCall, Erica Porter, Angela Hawkins, Greg Flynn, Gerry Cohen, and Keith Weatherly), Wake County District Attorney Lorrin Freeman, and North Carolina Attorney General Josh Stein (collectively, "Defendants"). With leave of the Court (ECF No. 64), Hogarth sets out events related to, but occurring after the filing of, her Verified Complaint. (ECF No. 1.)

Pursuant to Fed. R. Civ. P. 10(c), Hogarth's Verified Complaint (ECF No. 1) is hereby referred to, adopted, and incorporated by reference in its entirety. This Verified Supplemental Complaint does not supersede Hogarth's Verified Complaint. It adds no new parties or claims, and the post-complaint events set out herein occurred in Wake County, North Carolina, within this District.

## SUPPLEMENTAL FACTUAL ALLEGATIONS

1. On August 22, 2024, Plaintiff Susan Hogarth filed her Verified Complaint for Injunctive and Declaratory Relief against the Defendants. (ECF No. 1.)

2. On August 27, 2024, Hogarth filed a motion for preliminary injunction against the Defendants, asking the Court to enjoin them from enforcing five North Carolina statutory provisions prohibiting voters from taking or sharing "ballot selfies." (ECF No. 11.)

3. On October 21, 2024, the Court issued an order prohibiting District Attorney Freeman from prosecuting Hogarth while this case is pending for certain violations of the North Carolina statutory provisions prohibiting taking and sharing ballot selfies. (ECF No. 60.)

4. On October 25, 2024, the Court issued an order confirming its October 21, 2024 Order meant Hogarth "is allowed to take and share her ballot 'selfie' without fear of prosecution by or through defendant Lorrin Freeman."

5. On October 26, 2024, Hogarth went to the Herbert C. Young Community Center, an early voting polling place in Wake County, North Carolina, to vote in the North Carolina general election.

6. When Hogarth arrived at the polling place, approximately four voters waited in line in front of her.

7. When Hogarth entered the voting enclosure, the majority of the more than 50 voting booths were available.

8. Hogarth received a paper ballot and entered a voting booth, a small table separated from other voters by a privacy screen.

9. Hogarth then cast her votes for U.S. president, North Carolina governor, and others by filling the ovals next to her preferred choices.

10. Hogarth took approximately two minutes to complete her ballot.

11. After completing her ballot, while still in the voting booth, Hogarth used her cell phone camera to take ballot selfies, including pictures of:

    a. Both sides of her voted ballot;

    b. Herself with a "no photos" sign posted to the voting booth; and

    c. Herself in the voting booth, holding up her voted ballot.

12. It took Hogarth less than one minute to take the photographs.

13. While Hogarth took the photographs, a Wake County Board of Elections official stood approximately 10 feet away.

14. While Hogarth was taking her final ballot selfie, the elections official approached Hogarth and commanded, "you cannot take a picture of your ballot, you need to delete that, please."

15. Hogarth advised the elections official that a court had ordered she could take ballot selfies without fear of prosecution.

16. The elections official then asked Hogarth to wait while the official asked the chief judge of the polling place about Hogarth's assertion. Hogarth acquiesced.

17. The elections official then walked away and out of sight.

18. The public, in-person confrontation by an elections official made Hogarth uncomfortable and anxious.

19. The elections official returned approximately two and a half minutes later, and told Hogarth, "I checked with our chief judge, she called the Board of Elections, and you're good."

20. On information and belief, by "the Board of Elections," the elections official meant the Wake County Board of Elections and/or the North Carolina State Board of Elections.

21. Hogarth thanked the elections official, submitted her ballot, and left the voting enclosure.

22. No one had to wait to enter a voting booth while Hogarth was present in the voting enclosure.

23. No elections official at the polling place notified Hogarth that her time in the booth had expired.

24. Hogarth did not disrupt the polling place and no elections official at the polling place told Hogarth otherwise.

25. Hogarth did not intimidate any other voters and no elections official at the polling place told Hogarth otherwise.

26. Hogarth did not invade any other voter's privacy, and no elections official at the polling place told Hogarth otherwise.

27. On information and belief, without the Court's Order allowing Hogarth to take and share ballot selfies without fear of prosecution, Wake County elections

officials would not have allowed Hogarth to take a ballot selfie or leave the polling place with her ballot selfies when she voted on October 26, 2024.

28. Election officials accosting a voter in a voting booth and instructing them to cease taking and to delete ballot selfies would chill a person of ordinary firmness from engaging in the protected expression of taking and sharing ballot selfies.

THEREFORE, Plaintiff Hogarth respectfully requests this Court enter judgment against Defendants in the form of the relief prayed for in her Verified Complaint for Declaratory and Injunctive Relief. (ECF No. 1, ¶¶ A–J.)

Dated: November 6, 2024

/s/ James M. Dedman IV
James M. Dedman IV*
(NC Bar # 37415)
Gallivan White & Boyd P.A.
6805 Carnegie Blvd, Ste. 200
Charlotte, NC, 28211
(704)-552-1712
jdedman@gwblawfirm.com

Eric Spengler*
(NC Bar # 47165)
SPENGLER + AGANS PLLC
352 N. Caswell Rd.
Charlotte, NC 28204
(704) 999-8733
eric@sab.law

*Local Civil Rule 83.1(d) Attorney

Respectfully Submitted,

/s/ Jeffrey D. Zeman
JEFFREY D. ZEMAN**
(Pa. Bar No. 328570)
DANIEL M. ORTNER**
(Ca. Bar No. 329866)
James M. Diaz**
(Vt. Bar. No. 5014)
FOUNDATION FOR INDIVIDUAL
    RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
jeff.zeman@thefire.org
daniel.ortner@thefire.org
jay.diaz@thefire.org

**Special Appearance Pursuant to
Local Rule 83.1(e)

*Attorneys for Plaintiff*

# VERIFICATION OF SUSAN HOGARTH

Pursuant to 28 U.S.C. § 1746, I, SUSAN HOGARTH, declare as follows:

1. I am a Plaintiff in the present case and a citizen of the United States of America.

2. I have read the foregoing Verified Supplemental Complaint.

3. I have personal knowledge of the factual allegations in paragraphs 5–26 of the Verified Supplemental Complaint and know them to be true.

4. I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on November 5, 2024

_____
Susan Hogarth