IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:24-cv-481-FL

| | |
|---|---|
| SUSAN JANE HOGARTH, | |
| Plaintiff, | |
| v. | **STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |
| KAREN BRINSON BELL, in her official capacity as Executive Director of the North Carolina State Board of Elections, et al., | |
| Defendants. | |

Defendants Karen Brinson Bell, State Board Executive Director, the members of the State Board, Danielle Brinton, State Board Investigator ("State Board Defendants"), and Josh Stein, North Carolina Attorney General, all named in their official capacities only (collectively "State Defendants"), provide this Reply to Plaintiff's Consolidated Response in Opposition to Defendants' Rule 12(b)(1) Motions to Dismiss [D.E. 66], and in support of State Defendants' motion to dismiss [D.E. 55, 56] pursuant to Fed. R. Civ. P. 12(b)(1).[1]

As an initial matter, State Defendants have reviewed the supplemental pleading filed by Plaintiff [D.E. 65], Plaintiff's response to the motions to dismiss [D.E. 66], and the Court's December 3, 2024 Text Only Order. State Defendants find that the supplemental pleading does not substantively alter the arguments or analysis with respect to State Defendants' pending motion to dismiss. For this reason, State Defendants' do not intend on offering additional

---

[1] Pursuant to the Consent Scheduling Order entered by the Court on October 15, 2024, this reply supporting State Defendants' motion to dismiss is limited to lack of subject matter jurisdiction under Rule 12(b)(1), and by filing same, State Defendants are not waiving any other applicable defenses under Rule 12(b). [*See* D.E. 50].

arguments as referenced in the December 3, 2024 Text Only Order, and upon the filing of this Reply, respectfully submit that this motion is ripe for a ruling by the Court.

Consistent with Local Rule 7.1(g), this Reply is focused on matters newly raised in Plaintiff's response. Taken together with the arguments and authorities presented in State Defendants' initial memorandum of law [D.E. 56], the State Board respectfully requests that this Court grant the motion to dismiss pursuant to Rule 12(b)(1).

## **LEGAL ARGUMENT**

First, Plaintiff has failed to adequately address State Defendants' arguments that she lacks an injury and cannot demonstrate redressability. For the reasons previously argued, those elements are lacking. This is also particularly true because, as Plaintiff confirmed in her response brief, the actual speech at issue is not the image of a voted ballot. Instead, the speech she wishes to engage in is neatly presented on page 12 of the response brief, and includes revealing which candidates she supports, promoting down-ballot and third-party candidates, encouraging voting, engaging in outreach to young voters, discouraging voting for major party candidates, expressing pride in participating, and contesting the laws against ballot selfies. [D.E. 66, p. 12 (listing the specific speech allegedly infringed)].

One of Plaintiff's alleged injuries, as reiterated in the response, is that her speech has been infringed by Defendants' enforcement of the statutory provisions challenged. *Id.* In light of what Plaintiff claims are her injuries, to adequately allege an "actual or threatened injury," Plaintiff must demonstrate her speech was actually infringed by the challenged provisions. *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979). It cannot just be her own arbitrary preference for using a photograph with a specific image when she engages in that speech.

2

Case 5:24-cv-00481-FL    Document 67    Filed 12/12/24    Page 2 of 8

In order to avoid this conclusion, Plaintiff ignores the speech she herself says she desires to make and, in arguing she does have standing, attempts instead to narrowly define her injury as the inability to take a photo of herself. With this, she mischaracterizes Defendants' argument as one relying on the existence of an alternative means to taking a photograph, which she argues does not defeat standing. Defendants' argument is not that an alternative method of speech exists, it is that the inclusion of the image of a voted ballot is irrelevant to whether Plaintiff's speech is actually infringed by the challenge statutes.

Plaintiff's argument falls short because it fails to acknowledge that the injury alleged in her Complaint was that her *speech* has been infringed, which is unaffected by the challenged statutes. As argued in State Defendants' initial brief, Plaintiff remains entirely free to engage in speech on the above-noted subjects in any myriad ways and in different public forums. She just cannot present a photo of a voted ballot when she makes that speech. This minor restriction on one of many ways of conveying her message does not impede her speech or prevent her in any meaningful way from advancing her political goals. She is equally as capable of engaging in her desired speech with or without the existence of the challenged statutes, such that enjoining them would not provide any relief that she does not already have. And while enjoining the challenged statutes would allow her to display the image of a voted ballot, doing so would in no way newly allow her to convey a message she was not already permitted to convey. As such, Plaintiff lacks an injury and redressability.

Second, none of Plaintiff's alleged injuries are traceable to State Defendants due to their lack of enforcement authority. The arguments in State Board Defendants' initial brief, coupled with the undisputed nature of the governing statutes, demonstrate that State Board Defendants' role ends with referral of election law violations to a District Attorney. *See* N.C.G.S. § 163-

22(d). None of the State Board Defendants have authority to prosecute a violation under the challenged laws. *See id.* This argument applies with equal force to Plaintiff's claim of the threat of prosecution as an injury, since State Board Defendants have no authority to prosecute violations of the challenged laws and therefore cannot injure Plaintiff in that way. Moreover, even if that threat did exist, issuing an injunction against State Board Defendants would not redress that injury, as such an injunction would be enjoining State Board Defendants from taking an action they cannot even take. And this is all particularly true with respect to Investigator Brinton who has done nothing more than carry out the duties assigned to her by the State Board. Plaintiff's response fails to rebut these arguments.

Similarly, Plaintiff has failed to demonstrate any independent authority granted to the Attorney General to prosecute the challenged statutes. There is no allegation that the Attorney General has prosecuted Plaintiff or threatened to prosecute her or any other person. [D.E. 2, ¶¶ 21 and 202 (the only two paragraphs that refer to the Attorney General)]. The Attorney General, as dictated by statute, cannot prosecute a claim unless the District Attorney invites him to do so, and he approves it. *See* N.C.G.S. § 113-11.6. And there is no allegation that District Attorney Freeman has prosecuted Plaintiff or threatened to prosecute her, or any other person. [D.E. 2, ¶¶ 20 and 202 (the only two paragraphs that refer to District Attorney Freeman); *see also* D.E. 42-1, ¶¶ 5-9 (District Attorney Freeman's Affidavit].

Finally, Plaintiff now argues in the response, but did not allege in the Complaint, that the Attorney General has general authority over any suit involving the State and authority over criminal appeals in the state. [D.E. 66, p. 46]. Regarding the former, it appears that Plaintiff is reading N.C.G.S. § 114-2(1) as if the Attorney General could assume the role of a district attorney in North Carolina simply because the party that prosecutes crimes is the "State of North

4

Carolina." *Id.; see also* N.C. Const., Art. IV, Sex. 18 ("The District Attorney shall … be responsible for the prosecution on behalf of the State of all criminal actions in the Superior Courts of his district, …"). That would appear at odds with the other provision relied upon by Plaintiff, N.C.G.S. § 114-11.6, under which prosecution by the Attorney General is only permitted where it is requested by the District Attorney and approved by the Attorney General. [D.E. 2, ¶ 21]. With this new argument, it is not clear what Plaintiff thinks is the authority of the Attorney General, whether it is this new theory of blanket authority to engage in any type of litigation so long as the State is involved, or whether it is what was alleged in the Complaint as "the legal authority to prosecute ballot selfie cases upon district attorney request." *Id.* Moreover, N.C.G.S. § 163-278(c) is the more specific provision expressly addressing violations of election law, and it expressly invests District Attorneys with the authority to "initiate prosecution and prosecute any violations of this Article." N.C.G.S. § 163-278(c). Thus, such prosecutions would only occur if requested by a District Attorney and if the Attorney General approved it. N.C.G.S. § 114-11.6.

As for the Attorney General's duty to handle criminal appeals, this was already addressed in State Defendant's opening brief and left unaddressed in Plaintiff's response. Here again, there does not appear to be any instance in which the Attorney General's office has been called upon to defend a conviction under the challenged statutes. [D.E. 56, p. 17, n.13 (noting that no opinions issued by the North Carolina appellate courts involved convictions arising from the challenged statutes)]. Plaintiff's failure to identify a single instance in which the challenged statutes were prosecuted or defended on appeal by the Attorney General for statutes that have existed for between 15 and 95 years, demonstrates precisely how speculative and attenuated Plaintiff's legal theories are with respect to the Attorney General. Thus, Plaintiff has failed to

5

sufficiently allege that the Attorney General plays any role in the enforcement of the challenged statutes, such that dismissal is appropriate.

In support of their assertion that Attorney General has prosecutorial authority, Plaintiff cites to *Meredith v. Stein*, 355 F. Supp. 3d 355, 361 (E.D.N.C. 2018). However, the analysis in this case did not make clear the important distinction, plainly provided in North Carolina law, between the prosecutorial authority of District Attorneys and the request process that is required to invoke the assistance of the Attorney General in prosecutions. Rather, the court in *Meredith*, a case dealing with sex offender registration, summarily found that "Defendant Stein, in his official capacity as North Carolina Attorney General, and defendant Waters, in his official capacity as District Attorney of Franklin County, are responsible for the criminal prosecution of individuals who fail to register as sex offenders." *Id.* (citing N.C.G.S. § 114-11.6).

Plaintiff also relies upon *Grabarczyk v. Stein*, No. 5:19-CV-48-BO, 2019 U.S. Dist. LEXIS 150910 (E.D.N.C. Sep. 4, 2019). The *Grabarczyk* court reached a similar finding, this time acknowledging that the Attorney General did not have independent authority but could prosecute upon request under section 114-11.6. *Id.*, at *8. But again, this was a case that dealt with sex offender registration and not election laws, an area where there exist specific statutory language expressly investing District Attorneys with the authority to "initiate prosecution and prosecute any violations of [election law]." N.C.G.S. § 163-278(c).

Unlike *Meredith* or *Grabarczyk*, a more directly analogous case that analyzed an election law statute, can be found in *N.C. A. Philip Randolph Inst. v. N.C. State Bd. of Elections*. No. 1:20CV876, 2020 U.S. Dist. LEXIS 205692, at *16-17 (M.D.N.C. Nov. 4, 2020), *adopted by* 2021 U.S. Dist. LEXIS 8209, 2021 WL 149046 (M.D.N.C., Jan. 15, 2021). In concluding that the plaintiffs in *N.C. A. Philip Randolph Inst.* lacked standing to sue the Attorney General, the

court noted, as is the case with the present suit, that there were no allegations before it that the Attorney General ever prosecuted the statute in question, ever defended an appeal based upon the statute, or ever issued an opinion on the statute. *Id.* For those reasons, the court found that the plaintiffs failed to show sufficient connection between the Attorney General and the alleged injuries and dismissed the Attorney General on standing grounds. *Id.* This is the correct analysis of this issue under these circumstances and should be followed here.

As a final point, State Defendants reiterate that Plaintiff brought a challenge to the provisions at issue based on her own personal experiences voting in-person in March [D.E. 2] and as a candidate in November of this year [D.E. 65]. As a result, she must demonstrate standing to proceed with claims against all the challenged statutes using this factual basis. She should therefore not be permitted to demonstrate standing based on what has happened to other persons or based upon facts unrelated to her experiences. [D.E. 2, ¶¶ 90-97 (citing investigations, referrals and prosecutions of other persons); *see also* D.E. 56, p. 11 (citing Plaintiff's long history of violating the statute without government involvement)]. She should also not be permitted to rely upon what might happen with absentee voting when she voted in-person. *Id.*, ¶¶ 53-73, 94, 144; D.E. 65, ¶¶ 5-21 (detailing her personal experiences). And she cannot rely upon theoretical threat of prosecution by Defendants, when no such prosecution has ever occurred to her, and again, the only communication was a letter from the State Board that her actions might violate the law. [D.E. 2, ¶¶ 53-83; D.E. 2-1; D.E. 65, ¶¶ 5-21]. Notably, she challenges the constitutionality of five provisions, but the only communication to her from the State Board cited a single provision, N.C.G.S. § 163-166.3(c), which prohibits only the photographing of a completed ballot. [D.E. 2-1, p. 2].

At bottom, Plaintiff violated these laws, which do not infringe upon the speech she wants

7

to make, in an effort to generate standing to bring this suit, and her efforts should be rejected by this Court.

## CONCLUSION

For the foregoing reasons, State Defendants' motion to dismiss should be granted.

Respectfully submitted this the 12th day of December, 2024.

        **JOSHUA H. STEIN**
        **Attorney General**

        /s/ Terence Steed
        Terence Steed
        Special Deputy Attorney General
        N.C. State Bar No. 52809
        E-mail: tsteed@ncdoj.gov

        Mary Carla Babb
        Special Deputy Attorney General
        N.C. State Bar No. 25713
        mcbabb@ncdoj.gov

        N.C. Department of Justice
        P.O. Box 629
        Raleigh, NC 27602-0629
        Telephone: (919) 716-6567
        Facsimile: (919) 716-6761

        *Attorneys for State Defendants*