IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:24-cv-00481-FL

| | |
|---|---|
| HOGARTH,<br><br>  Plaintiff,<br><br>V.<br><br>BRINSON BELL, ET AL.,<br><br>  Defendants. | **REPLY IN SUPPORT OF DISTRICT ATTORNEY FREEMAN'S MOTION TO DISMISS** |

Addressing first the Court's December 3, 2024 Text Only Order, Defendant District Attorney Lorrin Freeman does not offer any additional argument regarding Plaintiff's Supplemental Pleading [DE 65] because the supplemental pleading does not make any factual allegations against her.

District Attorney Freeman now provides this Reply in Response to Plaintiff's Consolidated Response in Opposition to Defendants' Rule 12(b)(1) Motions to Dismiss [DE 66], and in support of District Attorney Freeman's motion to dismiss. [DE 58, 59]

## **LEGAL ARGUMENT**

Throughout her response, Plaintiff uses the term "Defendants" when discussing factual allegations she argues establish standing. However, the defendants in this case are not sued collectively and "the standing inquiry must be evaluated separately as to each defendant." *Disability Rts. S.C. v. McMaster*, 24 F.4th 893, 900 (4th Cir. 2022). Plaintiff must allege a non-speculative claim, based upon facts, that *each defendant* caused her to personally

1

suffer an injury that is concrete and particularized, and not hypothetical or conjectural. She fails to do so as to District Attorney Freeman.

## I. District Attorney Freeman made both a facial and factual challenge to subject matter jurisdiction.

Plaintiff misrepresents that District Attorney Freeman only makes a facial challenge to subject matter jurisdiction, telling the Court it must accept the factual allegations in the complaint as true and should not consider evidence outside her pleadings when assessing whether she has suffered an injury sufficient to confer standing. [DE 66, p. 19] But District Attorney Freeman explicitly mounted both a facial and factual challenge to subject matter jurisdiction. [DE 59, pp 5, 6, 9-11] Plaintiff does not want the Court to look beyond her pleadings because the complaint's allegations – that she faces an imminent threat of criminal prosecution and that District Attorney Freeman is actively enforcing the ballot selfie ban – are not true.

In her response, Plaintiff argues that she has sufficiently alleged injury in fact based upon the statutory powers and actions of defendants, which would include District Attorney Freeman. The complaint does not allege any actions by District Attorney Freeman, and presenting no facts beyond identifying her as the Wake County District Attorney. The complaint provides no factual material to support her allegations that District Attorney Freeman is actively enforcing the ballot selfie ban or that criminal prosecution was imminent or even likely.

District Attorney Freeman also argued these allegations are untrue. District Attorney Freeman directed the Court to her declaration, where she not only disavowed prosecution of Plaintiff, she also declared that she had no knowledge of Plaintiff or any of the facts alleged

in the complaint, the State Board had not referred Plaintiff for criminal prosecution, and that she had no knowledge or involvement in the letter written by the State Board of Elections Investigator. [DE 42-1] District Attorney Freeman also pointed to the public records attached to Plaintiff's motion for preliminary injunction which showed that there were only two State Board referrals to prosecutors between 2015 and 2023, neither of which were Wake County. Incredibly, Plaintiff continues to misrepresent these records in her Response, claiming the State Board "referred for prosecution dozens of voters who shared ballot selfies," and directing the Court to her complaint as support for this untrue assertion. [DE 66, p. 26] This is precisely why Plaintiff is trying to prevent this Court from looking beyond her complaint when assessing standing – because the jurisdictional allegations contained in the complaint are simply not true.

II. **District Attorney Freeman presented compelling evidence contradicting that Plaintiff faces a credible threat of prosecution.**

Plaintiff also argues the Court must presume she faces a credible threat of prosecution, citing *N.C Right to Life, Inc. v. Bartlett*, 168 F.3d 705 (4th Cir. 1999). Setting aside whether the challenged statutes are moribund, and whether this presumption applies in this particular as-applied challenge, even if the *Bartlett* presumption applies, District Attorney Freeman presented compelling evidence to overcome a presumption that Plaintiff faces a credible threat of criminal prosecution.

To this point, Plaintiff again misrepresents the content of District Attorney Freeman's motion to dismiss brief, claiming she did not acknowledge the *Bartlett* standard[1] and argued it was Plaintiff's burden to demonstrate prior prosecutions. [DE 66, p 27] This is not what

---

[1] Discussed by District Attorney Freeman at DE 59, p 11.

3

District Attorney Freeman argued. Instead, District Attorney Freeman contended that a long-standing law plus the absence of prior prosecutions supports a finding that the law is moribund.

Plaintiff goes on to contend that neither an absence of prior criminal prosecution nor a disavowal of prosecution constitute compelling evidence rebutting an allegation of credible threat of prosecution. [DE 66, p. 28] This position is inconsistent with well-established law. The Fourth Circuit has considered these two specific factors when assessing whether a credible threat of prosecution exists numerous times. *See e.g. Kenny v. Wilson*, 885 F.3d 280 (4th Cir. 2018) (finding a credible threat of future arrest or prosecution because violations of the law had been prosecuted in the past and defendants had not disavowed enforcement if plaintiff engaged in similar conduct in the future); *Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019), *as amended* (Jan. 9, 2019) (showing credible threat of enforcement by past enforcement and no disavowal of future enforcement); *Maryland Shall Issue, Inc. v. Hogan*, 971 F.3d 199 (4th Cir. 2020), *as amended* (Aug. 31, 2020) (finding no credible threat of prosecution when there was no actual did not threaten prosecution and there was no evidence of the law having been enforced as the plaintiffs feared).

Moreover, the Supreme Court has repeatedly held that whether the government disavows prosecution is a factor in determining whether there is a credible threat of prosecution. *See Susan B. Anthony v. Driehaus, Holder v. Humanitarian L. Project*, 561 U.S. 1 (2010) (holding that a case was "suitable for judicial review" in part because the "Government has not argued to this Court that plaintiffs will not be prosecuted if they do what they say they wish to do."); *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 302 (1979) ("[T]he State has not disavowed any intention of invoking the criminal penalty provision against

4

unions that commit unfair labor practices. Appellees are thus not without some reason in fearing prosecution[.]").

Plaintiff also characterizes District Attorney Freeman's declaration as an "attempt to 'disavow' prosecuting Hogarth." [DE 66, p. 9] She further contends that District Attorney Freeman has not disavowed her "authority" to prosecute. [Id. p. 10] First, it is unclear what Plaintiff means by "attempt" to disavow – the declaration is plainly a disavowal of prosecution of Plaintiff for engaging in the activity she describes in her complaint. Second, the General Assembly provides whether a district attorney has "authority" to prosecute a crime. It is not required that District Attorney Freeman declare that she is not authorized to prosecute the statutes at issue. That is not what is meant when courts discuss disavowal of prosecution.

Plaintiff also argues that District Attorney Freeman could change her mind at any time, and if this Court dismisses her case, Plaintiff could face prosecution by District Attorney Freeman the next day. [DE 66 p. 29] But standing cannot be based upon speculation or a hypothetical chain of events that have not occurred.

In any event, District Attorney Freeman's declaration itself counters any notion that there was a credible threat of criminal prosecution at the time of filing of the lawsuit. District Attorney Freeman knew nothing about Plaintiff, the facts alleged in this lawsuit, and had never been referred this or any other ballot selfie case for prosecution. Though her declaration came after filing, District Attorney Freeman could not have considered or disavowed prosecution of Plaintiff prior to the lawsuit because of this lack of knowledge.

**III. Plaintiff cannot establish standing by asserting a stand-alone injury of objective chill in the absence of self-censorship.**

Plaintiff contends that the defendants "ignore" the distinct and separate injury of "objective chill." But in an as-applied challenge, this Court does not reach the question of whether a statute objectively chills speech in the absence of self-censorship by Plaintiff. To establish a chilling injury, Plaintiff must first show her own speech was chilled in some way to avoid a credible threat of prosecution. *See Cooksey v. Futrell*, 721 F.3d 226, 236 (4th Cir. 2013). Only then does the court assess whether the chilling effect on Plaintiff's speech is objectively reasonable. But, as District Attorney Freeman pointed out in her brief, Plaintiff makes no allegation that her speech was chilled, and in fact, claims the opposite. [DE 59, p. 7, n. 3]

## IV. Findings of standing in other jurisdiction based upon different plaintiffs, defendants, facts and laws is irrelevant to the inquiry before this Court.

Plaintiff's argument that this Court should find it has subject matter jurisdiction "just as every First Amendment challenge to a statutory ballot selfie has elsewhere" is similarly unavailing. None of the cases cited from other jurisdictions are factually or legally similar to the one before this Court. *See Kareem v. Cuyahoga Cnty. Bd. of Elections*, 95 F.4th 1019 (6th Cir. 2024) (in an "extremely close call," the Sixth Circuit found the injury of credible threat of prosecution based in part upon a failure to disavow prosecution); *Rideout v. Gardner*, 838 F.3d 65 (1st Cir. 2016) (facial challenge involving an actual threat of prosecution, self-censorship by the plaintiff, and past evidence of enforcement); *Coal. for Good Governance v. Kemp*, 558 F. Supp. 3d 1370, 1380 (N.D. Ga. 2021) (individual plaintiffs established standing based upon self-censorship and the fact that prosecutors did not disavow prosecution); *Indiana C.L. Union Found., Inc. v. Indiana Sec'y of State*, 229 F. Supp. 3d 817 (S.D. Ind. 2017) (ACLU brought a facial challenge to Indiana's ballot selfie law on behalf of its members, opinion does not

address standing); *Crookston v. Johnson*, 370 F. Supp. 3d 584 (E.D. Va. 2016) (Michigan law provided a disclosed voted ballot would not be counted and the plaintiff suffered injury in fact primarily because he had to make a choice between taking a ballot selfie and being subject to disenfranchisement); *Silberberg v. Bd. of Elections of the State of New York*, 216 F. Supp. 3d 411, 415 (S.D.N.Y. 2016) (finding credible threat of prosecution because there was no disavowal of prosecution but ultimately upholding selfie ban as constitutional). Only one ballot selfie case cited by Plaintiff involved a disavowal of prosecution. *Hill v. Williams*, No. 16-CV-02627-CMA, 2016 WL8667798 (D. Colo. Nov. 4, 2016). But that case is nonetheless distinguishable because it was a facial overbreadth challenge applying a more lenient standing standard than the one applicable here.

Despite Plaintiff's argument this Court should find she has standing because other courts did, standing must be addressed case-by-case and defendant-by-defendant. In making its credible threat inquiry, the Court balances each factor, assessing each's weight and impact. Here, the absence of any past criminal prosecution of any voter in the State of North Carolina, Plaintiff's history of open violations of the ballot selfie ban without prosecution, Plaintiff's statements that she has not, and will not, censor her actions in response to the ballot selfie ban, along with District Attorney Freeman's declaration that she knew nothing of Plaintiff and has no intention of prosecuting Plaintiff until the constitutionality of the challenged statutory provisions are determined, all weigh in favor of a finding that Plaintiff faces no credible threat of prosecution, and consequently has not suffered injury-in-fact sufficient to support exercising subject matter jurisdiction over Plaintiff's claims against District Attorney Freeman.

7

V. **Because Plaintiff fails to establish injury, she also fails to establish traceability and redressability.**

Because Plaintiff has not established she faces a credible threat of prosecution, she necessarily fails to establish traceability and redressability.

However, it is worth pointing out Plaintiff's misplaced reliance on *N.C. A. Philip Randolph Inst. v. N.C. State Bd. of Elections* to support traceability to District Attorney Freeman in this case. The plaintiffs in N.C. APRI were two organizations who brought a facial constitutional challenge on behalf of themselves, not individual voters. The alleged injuries were organizational injuries to the plaintiffs' ability to carry out their mission of registering and encouraging Black individuals to register to vote and vote caused by the "specter of prosecution" of the challenged statute. *N.C. A. Philip Randolph Inst. v. N.C. State Bd. of Elections*, No. 1:20CV876, 2022 U.S. Dist. LEXIS 27365, at *16 (M.D.N.C. Feb. 14, 2022). The court held that "because Plaintiffs' core missions are impeded, and resources diverted, by the possibility of the DA Defendants exercising their authority to enforce the challenged statute against eligible voters with criminal convictions, the traceability requirement is met." *Id*. The court also considered that no district attorney had disclaimed prosecution of the challenged statute. *Id*. This case involves one plaintiff, bringing an as-applied challenge against one district attorney who has no history of past prosecution and who disavowed prosecuting Plaintiff.

## CONCLUSION

For the foregoing reasons, District Attorney Freeman respectfully requests the Court grant her motion to dismiss.

Respectfully submitted this the 13th day of December, 2024.

JOSHUA H. STEIN
Attorney General

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. State Bar No. 28885
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6800
Facsimile: (919) 716-6755
Email: eobrien@ncdoj.gov
*Counsel for Defendant Freeman*
