IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:24-CV-481

| | |
|---|---|
| SUSAN JANE HOGARTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KAREN BRINSON BELL, in her official capacity as Executive Director of the North Carolina State Board of Elections; et al., | ) ) ) ) |
| | ) |
| Defendants. | ) |

**WAKE COUNTY BOARD OF ELECTIONS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS IN LIEU OF ANSWER**

NOW COME the defendants Olivia McCall, in her official capacity as Director of the Wake County Board of Elections ("WCBOE") (hereinafter "Defendant Director McCall"); Erica Porter, in her official capacity as Chair of the WCBOE (hereinafter "Defendant Chair Porter"); Angela Hawkins, in her official capacity as Secretary of the WCBOE (hereinafter "Defendant Secretary Hawkins"); and Greg Flynn, Gerry Cohen and Keith Weatherly (hereinafter "Defendant Member Flynn" "Defendant Member Cohen" and "Defendant Member Weatherly"), in their official capacities as Members of the WCBOE, (hereinafter collectively referred to as "WCBOE Defendants"), by and through undersigned counsel, pursuant to Local Civil Rule 7.2, F.R.Civ. P. 12(b)(1) and the Court's Order of December 3, 2024 allowing supplemental briefing in response to Plaintiff's Supplement to Complaint [DE 65], and hereby submit this Supplemental Brief in Support of WCBOE Defendants' Motion to Dismiss in Lieu of Answer. The WCBOE Defendants' Motion to Dismiss in Lieu of Answer [DE 53] and Memorandum in

Support thereof [DE 54] is re-alleged and incorporated by reference in its entirety pursuant to F.R.Civ. P. 10(c). This supplemental memorandum is intended to supplement and not supersede all former filings.

ARGUMENT

I. *Plaintiff has not alleged or demonstrated an "injury" by the WCBOE Defendants and thus these defendants are not proper parties and should be dismissed.*

Plaintiff has filed 28 supplemental factual allegations in support of her existing causes of action related to a singular interaction (hereafter "encounter' or "interaction") that occurred on October 26, 2024 at an early voting site after she cast her ballot in the 2024 general election. [DE 65]. Plaintiff characterizes the encounter as a "public, in-person confrontation by an election official [that] made Hogarth uncomfortable and anxious." [DE 65, ¶ 18]. Specifically, Plaintiff alleges that after completing her voted ballot, she proceeded to take several photographs, including ballot selfies, and that when taking her final ballot selfie, an elections official approached her and commanded "you cannot take a picture of your ballot, you need to delete that, please." [DE 65, ¶ 14].

The encounter occurred just one (1) day following this Court's entry of a text order that clarified Plaintiff could take and share her ballot selfie in the upcoming election without fear of prosecution from Defendant Wake County District Attorney. It was also just one week after these WCBOE Defendant's filed a Motion to Dismiss on the basis that Plaintiff's Verified Complaint alleged zero injuries traceable to the WCBOE. [DE 53]. Plaintiff's supplemental allegations are an attempt to overcome standing deficiencies with respect to these defendants, but Plaintiff still fails to establish any injury-in-fact attributable to these defendants.

In cases alleging violations of the First Amendment, injury-in-fact may be established either by "an intention to engage in a course of conduct arguably affected with a constitutional

2

Case 5:24-cv-00481-FL    Document 69    Filed 12/17/24    Page 2 of 11

interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder," *Kenny v. Wilson*, 885 F.3d 280, 288 (4th Cir. 2018) (quoting *Babbitt v. Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979)), or a "sufficient showing of self-censorship which occurs when a claimant is chilled from exercising his right to free expression," *id.* (quoting *Cooksey v. Futrell*, 721 F.3d 226, 235 (4th Cir. 2013)). But, plaintiffs cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not impending. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013). Plaintiff does just this. She now re-characterizes her injuries as "uncomfortable and anxious" feelings resulting from an interaction she had with an elections official **after** voting and **after** taking ballot selfies at an early voting polling location—not a threat of prosecution related to taking and sharing voted ballot selfies. Plaintiff now claims this encounter will have a chilling effect on her protected right of expression—the taking and sharing ballot selfies. [DE 65, ¶¶ 27 & 28].

However, Plaintiff's actions and pleadings indicate the exact opposite. Plaintiff's right of expression has not been chilled in any respect; indeed she pleads in her Verified Complaint that she will not take down her ballot selfie and will continue taking and sharing ballot selfies in the future. [DE 2, ¶¶ 105-113]. The WCBOE Defendants' limited interaction with Plaintiff has not and will not have a chilling effect on her ballot selfie expression.

Because Plaintiff's supplemental allegations are entirely focused on her act of photographing a voted ballot prohibited under N.C.G.S. § 163-166.3(c), and not the general prohibition of photographing voters pursuant to N.C.G.S. § 163-166.3(b), the only cause of action for which these supplemental facts could be applicable as to the WCBOE Defendants is Plaintiff's First Cause of Action. Even accepting Plaintiff's new allegations as true, this court

lacks subject matter jurisdiction as to the WCBOE Defendants for the specific reasons outlined herein below.

A. *Plaintiff's October 26, 2024 Post-Ballot Selfie Encounter with Wake County Board of Elections Officials Does Not Demonstrate a Concrete or Imminent Injury.*

Plaintiff alleges that she was "accosted" and that her rights were "chilled" by the actions of a Wake County elections official at the polling place, but her very own supplemental allegations indicate no actual harm occurred. [DE 65, ¶ 28]. To demonstrate injury-in-fact for standing, a Plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical. *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016).

Here, based on her own admissions, it is evident that Plaintiff was able to photograph both sides of her ballot, took pictures of the no photo signs within the voting booth, successfully took all the ballot selfies that she desired and left the polling location with photographs on her phone. At most this alleged "encounter" effectuated a slight delay in Plaintiff being able to go on about her day. The unidentified election official's request of Hogarth to "wait while the official asked the chief judge about Hogarth's assertion" (her right to take a ballot selfie pursuant to a court order) is not a cognizable injury. Distinguishable from the plaintiffs in *Bostic v. Schaefer*, this Hogarth has never been denied her asserted First Amendment right to photograph her voted ballot or disseminate photographs of her voted ballot. See *Bostic v. Schaefer, 760 F.3d 352 (2014)* (denial of the marriage license by the City Clerk and the development of a marriage license application form that doesn't allow same sex couples to obtain a license by the Registrar of Vital Records are injuries traceable to defendants Clerk and Registrar that the relief sought would redress.) Nor has she alleged in her Verified or Supplemental Complaint that the

WCBOE Defendants have denied her the right to share or disseminate a photograph of her voted ballot.

To overcome her standing deficiencies, Plaintiff makes conclusory and speculative claims that but for the Court's partial injunction entered in this case, the WCBOE Defendants would not have allowed her to take a ballot selfie or leave the polling location with her selfies on October 26, 2024. [DE 65, ¶ 27]. The obvious flaw with this position is that Plaintiff never alleges that the WCBOE attempted to stop her from taking a ballot selfie or prevented her from doing so. Instead, Plaintiff alleges that an elections official stood approximately 10 feet away from her while she took photographs and approached her while she was taking "her final ballot selfie." [DE 65, ¶¶ 13 & 14]. The allegation that she wouldn't have been able to retain her selfies absent injunctive relief is not only speculative, but serves as an admission that she wasn't actually injured and—she was in fact able to take and retain selfies on October 26, 2024, just as she was during the March 2024 primary. See *Clapper*, 568 U.S. at 409 (2013) (respondent's claim that there was a "reasonable likelihood" that their communications with foreign nationals would be intercepted by the Government rests on a speculative chain of possibilities that does not establish that a potential injury is certainly impending). Much like the plaintiffs in *Clapper*, the Plaintiff in this case has not been injured—the Government actors did not stop her from taking ballot selfies and her photographs were not intercepted.

Plaintiff is additionally unable to articulate any ongoing or imminent injury on part of the Defendant WCBOE's because they do not investigate, prosecute or have any authority to prevent Plaintiff's dissemination of ballot selfies under North Carolina law. The WCBOE's interaction with Plaintiff ended at the polling location, an early voting site and not her assigned precinct, on October 26, 2024. As explained in these defendants' previous memorandum in support of the

motion to dismiss, Plaintiff cannot articulate any ongoing or imminent injury as to the WCBOE Defendants because they do not have authority or a duty to investigate or prosecute ballot selfie violations arising under Article 22 of Chapter 163 of the NC General Statutes-- that authority rests with the State Board of Elections and District Attorney. See N.C.G.S. § 163-278 (2024).

II. *Plaintiff's Alleged Harm Is Not Traceable to the Wake County Defendants.*

To establish causation, Plaintiff must also show that her alleged injury is fairly traceable to the challenged conduct of the WCBOE Defendants. *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). Here, the Wake County elections official acted in accordance with standard procedures to ensure compliance with election laws. See N.C.G.S. § 163-48 (2024) ("The chief judge and judges of election shall enforce peace and good order in and about the place of registration and voting. They shall especially keep open and unobstructed the place at which voters or persons seeking to register or vote have access to the place of registration and voting. They shall prevent and stop improper practices and attempts to obstruct, intimidate, or interfere with any person in registering or voting.") Plaintiff's alleged "personal harm" entirely disregards how her actions could potentially harm other voters that were within the same polling location on October 26, 2024. At its core, Plaintiff's supplemental pleading is an admission that Wake County Elections workers were following the law as it presently exists– to be sure a law they take issue with, but a law with which the WCBOE had nothing to do with its adoption or implementation.

Notably absent from Plaintiff's supplemental pleadings is any suggestion that Plaintiff advised election officials of her intent to take ballot selfies when she entered the voting enclosure or requested a location far away from other voters to do so. Nor does plaintiff allege that she

advised the precinct worker that she planned to take a selfie or how conspicuous and open plaintiff's actions were a mere ten (10) feet away from the election's worker. If Plaintiff had done so, it is not improbable that a short exchange could have occurred between all involved to avoid this "encounter" altogether, alleviating the necessity of the supplemental filing and this response (and the court's time and resources.) Naturally, election officials would want to ensure a photography session did not interfere with other voters and may want to verify that Plaintiff's photographs didn't include the images of other voters or their ballots—a stipulated condition of Defendant Freeman's agreement not to prosecute Plaintiff during the pendency of this action. Irrespective of the unidentified election official's motive in approaching Plaintiff as she took her last selfie, Plaintiff's supplemental facts verify that the Wake County Board of Elections Chief Judge allowed Plaintiff to keep her ballot selfies. [DE 65, ¶ 19]. Based on this fact alone, Plaintiff is unable to assert harm. Any inconveniences for which Plaintiff has now alleged to suffer at the hand of one election official reciting the law to her or conferring with the Chief Judge does not equate to real harm considering the duties of election officials to maintain decorum at the polls. *Democracy North Carolina v. N.C. State Bd. of Elections*, 476 F.Supp.3d 158 (2020). ("In the voting context, "voters who allege facts showing disadvantage to themselves as individuals have standing to sue," *Baker v. Carr*, 369 U.S. 186, 206 (1962), so long as their claimed injuries are "distinct from a 'generally available grievance about the government,'" *Gill v. Whitford*, 585 U.S. 48, 54 (2018) (quoting *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam)).

    In an attempt to make her injuries traceable to the WCBOE Defendants, Plaintiff argues that these Defendants play a role in enforcement of what she alleges is an unconstitutional ballot selfie ban along with the named state defendants. However, the WCBOE Defendants have not

7

Case 5:24-cv-00481-FL    Document 69    Filed 12/17/24    Page 7 of 11

enforced or attempted to enforce a selfie ban or ballot selfie sharing prohibition in a manner that would directly affect Plaintiff. *Disability Rights South Carolina v. McMaster*, 24 F4th 893 (2022) (finding that appellee's injuries were not traceable to the defendant Governor on the basis that they do not even purport to allege that he had any duty to enforce the Proviso or that he has attempted to enforce it in a manner that directly affects them.)

The WCBOE Defendants are also unable to enforce penalties against Plaintiff for the voted ballot prohibitions found under N.C.G.S. § 163-166.3; they have no authority to assert jurisdiction over Plaintiff for investigatory or prosecution purposes. See N.C.G.S. § 163-278 (2024). Plaintiff's interaction with election officials at the polling location on October 26, 2024 is not sufficiently adverse to create a controversy—she has admitted in her supplemental pleadings that she took and left the polling location with her ballot selfies in hand. [DE 65, ¶ 21]. Plaintiff's brief interaction with one election official who questioned her in a manner completely consistent with existing North Carolina election law and inquired about the photos she had taken is hardly an injury.

III.    *Plaintiff's Claims Are Moot and Her Injuries Cannot be Redressed by These Defendants.*

Even if this court were to find that Plaintiff suffered an injury on October 26, 2024, it has been fully resolved and/or was de minimus. Plaintiff left the polling place without further incident or threat of prosecution from any Defendant in this action. In sum, Plaintiff received all that she wanted that day – a voted ballot and a selfie to share with others. Courts consistently hold that claims for injunctive relief are moot when the alleged harm is no longer ongoing. *City of Los Angeles v. Lyons,* 461 U.S. 95, 101-02 (1983). The election concluded on November 5, 2024 and the next election is not scheduled until Tuesday, March 3, 2026.[1] Thus, Plaintiff does

---

[1] *https://www.wake.gov/departments-government/board-elections/election-information/future-election-dates*

not have an ongoing risk of any threatened action or prosecution from the WCBOE Defendant's related to this Encounter or the original ballot selfie incident (March 2024) identified in her Verified Complaint.

Any injury claimed by Plaintiff, whether that is fear of prosecution for taking ballot selfies or fear associated with a chilling effect on her speech is not and cannot possibly be caused by the WCBOE Defendants.

## CONCLUSION

WHEREFORE, because the Plaintiff's First Verified Supplemental Complaint for Declaratory and Injunctive Relief has not stated any new facts which changed the relationship of the parties or the nature of the relief sought, nor identified a causal connection between any alleged or potential injury and fairly traceable to any challenged action of the WCBOE Defendants, these defendants pray the Court dismiss this action as to them and for such other relief that the Court may deem just.

Respectfully submitted this the 17th day of December, 2024.

/s/ *Roger A. Askew*
Roger A. Askew, NCSB # 18081
Senior Deputy County Attorney

/s/ *Allison P. Cooper*
Allison P. Cooper, NCSB #34160
Senior Deputy County Attorney
Office of the Wake County Attorney
Post Office Box 550
Raleigh, North Carolina 27602
Phone: (919) 856-5500
Fax:    (919) 856-5504
*Attorneys for WCBOE Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:24-CV-481

| | |
|---|---|
| SUSAN JANE HOGARTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KAREN BRINSON BELL, in her official capacity as Executive Director of the North Carolina State Board of Elections; et al., | ) |
| | ) |
| Defendants. | ) |

The undersigned hereby certifies that the foregoing **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS IN LIEU OF ANSWER** was electronically filed with the Clerk of Court using the CM/ECF filing system and served via electronic transmission through the Court's CM/ECF system in accordance with Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure and applicable local rules upon the CM/ECF participants:

Jeffrey Daniel Zeman
Foundation for Individual Rights and Expression
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Jeff.zeman@thefire.org
*Counsel for Plaintiff*

Daniel Ortner
Foundation for Individual Rights and Expression
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Daniel.ortner@thefire.org
*Counsel for Plaintiff*

James M. Dedman, IV
Gallivan, White & Boyd, PA
6805 Carnegie Blvd., Suite 200
Charlotte, NC 28211
jdedman@gwblawfirm.com
*Counsel for Plaintiff*

Eric Straub Spengler
Spengler & Agans PLLC
352 N Caswell Rd.
Charlotte, NC 28204
eric@sab.law
*Counsel for Plaintiff*

James Michael Diaz
Foundation for Individual Rights and Expression
510 Walnut Street
Suite 900
Philadelphia, PA 19106
Jay.diaz@thefire.org
*Counsel for Plaintiff*

Terence Steed
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
E-mail: tsteed@ncdoj.gov
*Counsel for State Defendants*

Mary Carla Babb
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
mcbabb@ncdoj.gov
*Counsel for State Defendants*

Elizabeth Curran O'Brien
N.C. Department of Justice
PO Box 629
Raleigh, NC 27602-0629
eobrien@ncdoj.gov
*Counsel for Defendant Freeman*

Respectfully submitted this the 17th day of December, 2024.

/s/ *Roger A. Askew*
Roger A. Askew, NCSB # 18081
Senior Deputy County Attorney
Post Office Box 550
Raleigh, North Carolina 27602
Phone: (919) 856-5500
Fax:     (919) 856-5504