UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| SUSAN HOGARTH, <br><br>　　　　　*Plaintiff*, <br>　v. <br><br>KAREN BRINSON BELL, et al., <br><br>　　　　　*Defendants*. | Case Number: 5:24-cv-00481-LF <br><br> Hon. Louise W. Flanagan <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT WAKE COUNTY BOARD OF ELECTIONS' SUPPLEMENTAL MOTION TO DISMISS MEMORANDUM** |

## INTRODUCTION

The County Board Defendants' theory is that, because this Court entered an Order allowing Hogarth to take a ballot selfie in the most recent election, she lacks standing to challenge North Carolina's statutory Ballot Selfie Ban that would have otherwise prevented her from doing so. (ECF No. 69 at 4–5.) That is entirely circular. If Hogarth lacks standing, the Court would lack jurisdiction to enter the Order that the County Board Defendants admit was necessary for her to take ballot selfies. This argument is a snake eating its own tail until there's nothing left of standing to vindicate constitutional rights.

Thankfully, that is not how the law works. Receiving preliminary relief does not deprive a plaintiff of standing to seek a permanent injunction. Instead, the County Board Defendants' Supplemental Memorandum stands as an admission that, but for this Court's Order, County Board elections officials would have stopped Hogarth from

taking ballot selfies, and/or forced her to delete them. That is more than ample to establish standing for her First Amendment claims.

## ARGUMENT

### I. The County Board Defendants' Enforcement of the Ballot Selfie Ban, and Their Related Admissions, Show that the Ban Injures Hogarth.

The County Board Defendants' enforcement of the Ballot Selfie Ban injures Hogarth because she intends to take and share ballot selfies in future elections and the County Board Defendants assert they are legally required to stop her absent an injunction. (ECF No. 69 at 6.) There is therefore a credible threat of enforcement, a cognizable injury for standing. (*See* Pl.'s Response in Opp'n Defs.' Mot. Dismiss, ECF No. 66 at 17–23.) Crucially, the County Board Defendants admit "Wake County Elections workers were following the law as it presently exists" (ECF No. 69 at 6) on October 26, 2024, when they stopped Hogarth in her voting booth and commanded, "you cannot take a picture of your ballot, you need to delete that, please." (ECF No. 65 ¶ 14.) What is more, they kept her from leaving with her ballot selfies until they confirmed the existence of this Court's limited injunction Order. (*Id.* ¶ 15–21.) That is proof positive that, absent permanent relief from this Court, the Ballot Selfie Ban restricts Hogarth's ability to engage in the protect expression of taking and sharing ballot selfies.

The County Board Defendants are therefore wrong when they assert Hogarth's injury exists only in the past. (ECF No. 69 at 5–6, 8–9.) They acknowledge they are bound to "follow[] the law," including the Ballot Selfie Ban. (ECF No. 69 at 6.) That

2

Case 5:24-cv-00481-FL    Document 71    Filed 12/20/24    Page 2 of 8

means, absent permanent relief, they are bound to stop Hogarth from taking and sharing ballot selfies in the future. (ECF No. 69 at 6.)

Hogarth's Supplemental Complaint demonstrates precisely how the County Board Defendants can and will do that: By ordering her not to take ballot selfies and/or to delete any she has taken. (ECF No. 65 ¶ 14.) "Past enforcement," the Supreme Court made clear, "is good evidence" of a credible threat of future enforcement. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164 (2014). And although the County Board Defendants disclaim the ability to *prosecute* Hogarth (ECF No. 69 at 5), the Fourth Circuit has been clear that credible threat of any enforcement is injury for standing purposes. *See Cooksey v. Futrell*, 721 F.3d 226, 238 (4th Cir. 2013) ("threatened governmental action need not even be a [] prosecution.").

Contrary to the County Board Defendants' claim that Hogarth's Supplemental Complaint applies only to North Carolina's ban on ballot photography (ECF No. 69 at 3), her supplemental allegations show the County Board Defendants' power to enforce both the Ballot Photograph Provisions (Verified. Compl., ECF No. 1 ¶¶ 135–169) *and* the Voting Enclosure Provision (*Id.* ¶¶ 170–187) against Hogarth. Indeed, the County Board Defendants defend their elections officials' actions on October 26 by asserting they would "naturally . . . verify" that Hogarth's ballot selfies "didn't include the *images of other voters* or their *ballots*." (ECF No. 69 at 6 (emphasis added).) There is therefore a credible threat that the County Board Defendants will enforce the Voting Enclosure Provision as applied to ballot selfies.

The County Board Defendants' past conduct and concession that they must "follow[] the law" (ECF No. 69 at 6) also demonstrate that Hogarth's injury is credible, not speculative. *Cooksey*, 721 F.3d at 235. Hogarth has alleged she intends to take ballot selfies when she votes, and the County Board Defendants have both tried to stop her in the past (ECF No. 65 ¶¶ 14–21) and acknowledged their duty to stop her in the future. (ECF No. 69 at 6.) Critically, the County Board Defendants admit their elections officials allowed Hogarth to exercise "her right to take a ballot selfie" only "*pursuant to a court order.*" (*Id.* at 4.) In other words, absent the Court's Order, the County Board Defendants would have enforced the Ballot Selfie Ban and aborted Hogarth's protected expression.[1] (ECF No. 65 ¶¶ 14–21, 27.)

County Board elections officials' direct interference with Hogarth's free speech rights is a far cry from *Clapper*'s "speculative chain" of *five* intervening events outside the parties' control. (ECF No. 69 at 5 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013).) Only this Court's intervention, by the County Board Defendants' own admission (ECF No. 69 at 6), kept their elections officials from enforcing the Ban against Hogarth in the November 2024 election. The credible threat that the County Board Defendants will enforce the ban in the future injures Hogarth.

---

[1] On a motion to dismiss, the Court must credit all reasonable inferences in Hogarth's favor—including that the elections official would have continued her efforts to stop Hogarth absent the Court's Order. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

## II. The County Board Defendants' Enforcement of the Ballot Selfie Ban, and Their Related Admissions, Show Hogarth's Injuries are Traceable to the County Board Defendants.

The County Board Defendants' arguments against traceability similarly sink under the weight of the actions of their elections officials and the admissions in their supplemental memorandum. Confirming Hogarth's supplemental allegations, they admit that, absent an injunction, their elections officials must enforce the Ban. (ECF No. 69 at 6 ("Wake County Elections workers were following the law as it presently exists" when they ordered Hogarth to stop and delete ballot selfies before learning of the Court's Order).) This makes Hogarth's injury directly traceable to the County Board Defendants. Any insistence that Hogarth should have alerted elections officials before taking her most recent ballot selfies (*id.* at 6–7) only reinforces traceability of a credible threat of enforcement to the County Board Defendants. Nor is it any excuse that County Board elections officials "may want to verify" that Hogarth's photographs do not include images of other voters (ECF No. 69 at 7), as this professed interest in "verifying" Hogarth's compliance only highlights the County Board Defendants' role in enforcing the Ballot Selfie Ban.

Their claim that they lack "any authority to prevent Plaintiff's dissemination of ballot selfies under North Carolina law" is accordingly false. (ECF No. 69 at 6.) "[F]ollowing the law as it presently exists," as the County Board Defendants insist they must (ECF No. 69 at 6), means their elections officials must direct police to arrest Hogarth for violating the Ballot Selfie Ban. Were there any question, the statute mandates that elections officials "shall cause any person" who shows his ballot to anyone else—as ballot selfies posted online necessarily do—"to be arrested" and

charged. N.C. Gen. Stat. § 163-273(b). And voting precinct chief judges may "order the arrest of any person violating any provision of the election laws," which include every provision of the Ballot Selfie Ban. N.C. Gen. Stat. § 163-48.

County Board elections officials thus not only directly enforce the Ballot Selfie Ban by ordering voters to stop taking photographs and/or to delete them, they have a duty to order the arrest of those who refuse to comply. N.C. Gen. Stat. §§ 163-48; 163-273(b). The County Board Defendants are the statutorily charged enforcers of the Ballot Selfie Ban at Wake County's polling places. That is textbook traceability.

By the County Board Defendants' admission (ECF No. 69 at 6), only this Court's preliminary Order stopped County Board elections officials from forcing Hogarth to delete her ballot selfies on October 26, 2024.[2] Hogarth has suffered an injury to her First Amendment rights traceable to the County Board Defendants and redressable by a permanent injunction against enforcement of the statutory provisions that comprise North Carolina's Ballot Selfie Ban. The Court should accordingly deny the Wake County Board of Elections Defendants' motion to dismiss.

| | |
|---|---|
| Dated: December 20, 2024 | Respectfully Submitted, |
| /s/ Eric Spengler | /s/ Jeffrey D. Zeman |
| Eric Spengler | JEFFREY D. ZEMAN* |
| (NC Bar # 47165) | (Pa. Bar No. 328570) |
| SPENGLER + AGANS PLLC | DANIEL M. ORTNER* |
| 352 N. Caswell Rd. | (Ca. Bar No. 329866) |
| Charlotte, NC 28204 | FOUNDATION FOR INDIVIDUAL |
| (704) 999-8733 | RIGHTS AND EXPRESSION |
| eric@sab.law | 510 Walnut St., Ste. 900 |

---

[2] And given that County Board elections officials would have stopped Hogarth from retaining (and thus disseminating) her most recent ballot selfie but for this Court's Order and will presumably do so in the future in its absence, her injury can hardly be deemed "fully resolved," "*de minimis*," or "moot" in any way. (ECF No. 69 at 8–9.)

| | |
|---|---|
| James M. Dedman IV<br>(NC Bar # 37415)<br>Gallivan White & Boyd P.A.<br>6805 Carnegie Blvd, Ste. 200<br>Charlotte, NC, 28211<br>(704)-552-1712<br>jdedman@gwblawfirm.com | Philadelphia, PA 19106<br>(215) 717-3473<br>jeff.zeman@thefire.org<br>daniel.ortner@thefire.org<br><br>*Special Appearance Pursuant to Local Rule 83.1(e) |

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2024, a true and correct copy of the foregoing document was transmitted via using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Jeffrey D. Zeman
JEFFREY D. ZEMAN
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION