IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:24-CV-481

SUSAN JANE HOGARTH,                    )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )
                                       )
KAREN BRINSON BELL, in her             )
official capacity as Executive Director of  )
the North Carolina State Board of      )
Elections; et al.,                     )
                                       )
                    Defendants.        )

**DEFENDANTS MCCALL AND WAKE COUNTY
BOARD OF ELECTIONS' ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT AND
VERIFIED SUPPLEMENTAL PLEADING**

NOW COME the defendants Olivia McCall, in her official capacity as Director of the

Wake County Board of Elections ("WCBOE") (hereinafter "Defendant Director McCall"); Erica

Porter, in her official capacity as Chair of the WCBOE (hereinafter "Defendant Chair Porter");

Angela Hawkins, in her official capacity as Secretary of the WCBOE (hereinafter "Defendant

Secretary Hawkins"); and Greg Flynn, Gerry Cohen and Keith Weatherly (hereinafter "Defendant

Member Flynn" "Defendant Member Cohen" and "Defendant Member Weatherly"), in their

official capacities as Members of the WCBOE, (hereinafter collectively referred to as "WCBOE

Defendants" or "Defendants"), by and through counsel, and answer the allegations of Plaintiff's

Verified Complaint [DE 1 & 2] as well as Plaintiff's First Verified Supplemental Complaint [DE

65] as follows:

## FIRST DEFENSE

For and as an affirmative defense, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's complaint fails to state claims against these answering defendants upon which relief may be granted.

## SECOND DEFENSE

For and as a second defense, these answering defendants deny that they are proper parties to this action in that the any relief sought could only be obtained from some other party. These defendants have no authority to promulgate statutory, administrative or regulatory remedies and act under a state supervised county administered scheme under which these defendants have limited authority. Moreover, the statutes under scrutiny herein were obviously enacted by the General Assembly of North Carolina.

## THIRD DEFENSE

For and as a further affirmative defense, the WCBOE Defendants answer the specific allegations of Plaintiff's complaint as follows (sub-headings contained in the Complaint are included as they appear for reference only and are not admitted as true for any purpose).

## ANSWER TO VERIFIED COMPLAINT [DE 1 & DE 2]

These WCBOE Defendants answer the specific allegations of the Complaint as follows [subtitles contained in the Complaint are included as they appear for reference only and are not admitted as true for any purpose]:

## INTRODUCTION

1.     The allegations contained in paragraph 1 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent that these allegations require a response, such allegations are denied.

2.     The allegations contained in paragraph 2 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

3.     The allegations contained in paragraph 3 of Plaintiff's Complaint are denied as to the WCBOE Defendants.  The remaining allegations in this paragraph state conclusory statements to which no response is required.  To the extent that these allegations require a response, such allegations are denied.

4.     The allegations contained in paragraph 4 of Plaintiff's Complaint reference a letter authored by the North Carolina State Board of Elections that upon information and belief is the same letter attached as Exhibit A to the Complaint which is the best evidence of its contents. Further, the allegations in this paragraph state conclusory statements to which no response is required. To the extent that these allegations require a response, such allegations are denied.

5.     The allegations contained in paragraph 5 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

6.     The allegations contained in paragraph 6 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

7.     The allegations contained in paragraph 7 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

8.     The allegations contained in paragraph 8 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent that these allegations require a response, such allegations are denied.

## THE PARTIES

9.     The allegation contained in paragraph 9 of Plaintiff's Complaint with respect to Plaintiff's residency is admitted, upon information and belief. Defendants are without sufficient knowledge to admit or deny Plaintiff's remaining allegations, and as such, these allegations are denied.

10.     The allegations contained in paragraph 10 of Plaintiff's Complaint are admitted upon information and belief.

11.     The allegations contained in paragraph 11 of Plaintiff's Complaint state legal conclusions to which no response is required. Defendants are without sufficient knowledge to admit or deny Plaintiff's remaining allegations as to the State Board's knowledge of the reasons why voters take selfies. To the extent that these allegations require a response, such allegations are denied.

12. The allegations contained in paragraph 12 of Plaintiff's Complaint are admitted as to the position held by Defendant Karen Brinson Bell. All remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

13.     The allegations contained in paragraph 13 of Plaintiff's Complaint are admitted as to the position held by Defendant Hirsch. All remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

4

14. The allegations contained in paragraph 14 of Plaintiff's Complaint are admitted as to the membership of the North Carolina State Board of Elections. All remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

15. The allegations contained in paragraph 15 of Plaintiff's Complaint are admitted upon information and belief as to the position held by Defendant Brinton. The remaining allegations contained in paragraph 15 of Plaintiff's Complaint reference a letter that upon information and belief is the same letter attached as Exhibit A to the Complaint which is the best evidence of its contents.

16. The allegations contained in paragraph 16 of Plaintiff's Complaint recite excerpts without context from N.C. Gen. Stat. §§ 163-33 and 163-35, which are the best evidence of their contents and contain contentions of law.

17. The allegations contained in paragraph 17 of Plaintiff's Complaint are admitted as to the position held by Defendant McCall and her appointment as Director of the WCBOE in 2023. All remaining allegations are denied.

18. The allegations contained in paragraph 18 of Plaintiff's Complaint are admitted as to the position held by Defendant Porter on the WCBOE. All remaining allegations are denied.

19. The allegations contained in paragraph 19 of Plaintiff's Complaint are admitted as to the positions held by Defendants Hawkins, Flynn, Cohen and Weatherly on the WCBOE. All remaining allegations are denied.

20. The allegations contained in paragraph 20 of Plaintiff's Complaint are admitted as to the position held by Defendant Freeman. All remaining allegations in this paragraph state legal

conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

21. The allegations contained in paragraph 21 of Plaintiff's Complaint are admitted as to the position held by Defendant Stein as of the date of the Complaint, but it is denied that Defendant Stein still holds this position following his January 1, 2025 transfer of office to governorship. All remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

22. The allegations contained in paragraph 22 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent that these allegations require a response, such allegations are denied.

23. The allegations contained in paragraph 23 of Plaintiff's Complaint are admitted upon information and belief.

## JURISDICTION

24. The allegations contained in paragraph 24 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

25. The allegations contained in paragraph 25 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

26. The allegations contained in paragraph 26 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent that these allegations require a response, such allegations are denied.

6

27.     The allegations contained in paragraph 27 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

## VENUE

28.     The allegations contained in paragraph 28 of Plaintiff's Complaint state legal conclusions to which no response is required. Defendants are without sufficient knowledge to admit or deny Plaintiff's remaining allegations as to defendants' residencies.  To the extent that these allegations require a response, such allegations are denied.

29.     The allegations contained in paragraph 29 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

## FACTUAL ALLEGATIONS

**"Five Provisions of North Carolina Law Ban Ballot Selfies."**

30.     The allegations contained in paragraph 30 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent that these allegations require a response, such allegations are denied.

31.     The allegations contained in paragraph 31 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

32.     The allegations contained in paragraph 32 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

33.     The allegations contained in paragraph 33 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

34.     The allegations contained in paragraph 34 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

35.     The allegations contained in paragraph 35 of Plaintiff's Complaint recite portions of the N.C. General Statutes which is the best evidence of its content and for which no response is required.

36.     The allegations contained in paragraph 36 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

37.     The allegations contained in paragraph 37 of Plaintiff's Complaint recite portions of the N.C. General Statutes which is the best evidence of its content and for which no response is required.

38.     The allegations contained in paragraph 38 of Plaintiff's Complaint recite portions of the N.C. General Statutes which is the best evidence of its content and for which no response is required.

39.     The allegations contained in paragraph 39 of Plaintiff's Complaint recite portions of the N.C. General Statutes which is the best evidence of its content and for which no response is required.

40.     The allegations contained in paragraph 40 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

41.     The allegations contained in paragraph 41 of Plaintiff's Complaint recite portions of the N.C. General Statutes which is the best evidence of its content and for which no response is required.

42.     The allegations contained in paragraph 42 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

43.     The allegations contained in paragraph 43 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

44.     The allegations contained in paragraph 44 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

45.     The allegations contained in paragraph 45 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

46.     The allegations contained in paragraph 46 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

47. The allegations contained in paragraph 47 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

48. The allegations contained in paragraph 48 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

**"Hogarth Takes a Ballot Selfie and Shares It on Social Media."**

49. The allegations contained in paragraph 49 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent that these allegations require a response, such allegations are denied.

50. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 50 of Plaintiff's Complaint. To the extent that these allegations require a response, such allegations are denied.

51. The allegations contained in paragraph 51 of Plaintiff's Complaint, including its subparts, state conclusory statements to which no response is required. To the extent that these allegations require a response, such allegations are denied.

52. The allegations contained in paragraph 52 of Plaintiff's Complaint are admitted upon information and belief.

53. The allegations contained in paragraph 53 of Plaintiff's Complaint are admitted upon information and belief.

54. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 54 of Plaintiff's Complaint. To the extent that these allegations require a response, such allegations are denied.

55. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 55 of Plaintiff's Complaint. To the extent that these allegations require a response, such allegations are denied.

56. The allegations contained in paragraph 56 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent that these allegations require a response, such allegations are denied.

57. The allegations contained in paragraph 57 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent that these allegations require a response, such allegations are denied.

58. The allegations contained in paragraph 58 of Plaintiff's Complaint are admitted.

59. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 59 of Plaintiff's Complaint. To the extent that these allegations require a response, such allegations are denied.

60. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 60 of Plaintiff's Complaint. To the extent that these allegations require a response, such allegations are denied.

61. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 61 of Plaintiff's Complaint. To the extent that these allegations require a response, such allegations are denied.

62. The allegations contained in paragraph 62 of Plaintiff's Complaint are admitted upon information and belief.

63. The allegations contained in paragraph 63 of Plaintiff's Complaint are admitted upon information and belief.

11

64.     The allegations contained in paragraph 64 of Plaintiff's Complaint are admitted upon information and belief.

65.     The allegations contained in paragraph 65 of Plaintiff's Complaint are admitted upon information and belief.

66.     The allegations contained in paragraph 66 of Plaintiff's Complaint are admitted upon information and belief.

67.     The allegations contained in paragraph 67 of Plaintiff's Complaint are admitted upon information and belief.

68.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 68 of Plaintiff's Complaint.  To the extent that these allegations require a response, such allegations are denied.

69.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 69 of Plaintiff's Complaint.  To the extent that these allegations require a response, such allegations are denied.

70.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 70 of Plaintiff's Complaint.  To the extent that these allegations require a response, such allegations are denied.

71.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 71 of Plaintiff's Complaint.  To the extent that these allegations require a response, such allegations are denied.

**"The State Board Demands Hogarth Remove Her Ballot Selfie, Threatening Criminal Prosecution."**

72.     The allegations contained in paragraph 72 of Plaintiff's Complaint reference a letter

authored by the North Carolina State Board of Elections attached as Exhibit A to the Complaint which is the best evidence of its contents. Defendants are without sufficient knowledge to admit or deny the allegations contained in this paragraph as to Plaintiff's receipt of such letter, and as such, these allegations are denied.

73.     The allegations contained in paragraph 73 of Plaintiff's Complaint reference a letter authored by the North Carolina State Board of Elections attached as Exhibit A to the Complaint which, if authentic, is the best evidence of its contents.

74.     The allegations contained in paragraph 74 of Plaintiff's Complaint reference a letter authored by the North Carolina State Board of Elections attached as Exhibit A to the Complaint which, if authentic, is the best evidence of its contents.

75.     The allegations contained in paragraph 75 of Plaintiff's Complaint reference statements made in a letter authored by the North Carolina State Board of Elections attached as Exhibit A to the Complaint which, if authentic, is the best evidence of its contents.

76.     The allegations contained in paragraph 76 of Plaintiff's Complaint reference statements made in a letter authored by the North Carolina State Board of Elections attached as Exhibit A to the Complaint which, if authentic, is the best evidence of its contents.

77.     The allegations contained in paragraph 77of Plaintiff's Complaint reference statements made in a letter authored by the North Carolina State Board of Elections attached as Exhibit A to the Complaint which, if authentic, is the best evidence of its contents.

78.     The allegations contained in paragraph 78 of Plaintiff's Complaint reference statements made in a letter authored by the North Carolina State Board of Elections attached as Exhibit A to the Complaint which, if authentic, is the best evidence of its contents.

79. The allegations contained in paragraph 79 of Plaintiff's Complaint reference statements made in a letter authored by the North Carolina State Board of Elections attached as Exhibit A to the Complaint which, if authentic, is the best evidence of its contents.

80. The allegations contained in paragraph 80 of Plaintiff's Complaint reference statements made in a letter authored by the North Carolina State Board of Elections attached as Exhibit A to the Complaint which, if authentic, is the best evidence of its contents.

81. The allegations contained in paragraph 81 of Plaintiff's Complaint reference statements made in a letter authored by the North Carolina State Board of Elections attached as Exhibit A to the Complaint which, if authentic, is the best evidence of its contents.

82. The allegations contained in paragraph 82 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

83. The allegations contained in paragraph 83 of Plaintiff's Complaint reference a letter authored by the North Carolina State Board of Elections attached as Exhibit A to the Complaint which is the best evidence of its contents.

**"The State Bored Warns Voters That Photographing Their Ballots is Illegal, Investigates Reports of Ballot Selfies, and Refers Ballot Selfies to District Attorneys for Prosecution."**

84. Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 84 as to the State Board's knowledge that ballot selfies are expressive activity. To the extent that these allegations require a response, such allegations are denied.

85. Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 85. To the extent that these allegations require a response, such allegations are denied.

14

86.     Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 86. To the extent that these allegations require a response, such allegations are denied.

87.     Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 87. To the extent that these allegations require a response, such allegations are denied.

88.     Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 88. To the extent that these allegations require a response, such allegations are denied.

89.     Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 89. To the extent that these allegations require a response, such allegations are denied.

90.     Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 90. To the extent that these allegations require a response, such allegations are denied.

91.     Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 91. To the extent that these allegations require a response, such allegations are denied.

92.     Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 92. To the extent that these allegations require a response, such allegations are denied.

93.     Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 93.  To the extent that these allegations require a response, such allegations are denied.

94.     Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 94.  To the extent that these allegations require a response, such allegations are denied.

95.     Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 95.  To the extent that these allegations require a response, such allegations are denied.

96.     Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 96.  To the extent that these allegations require a response, such allegations are denied.

97.     Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 97.  To the extent that these allegations require a response, such allegations are denied.

**"The County Board Warns Voters That Ballot Selfies Are Illegal and Reports Election Law Violations to the State Board."**

98.     The allegations contained in paragraph 98 of Plaintiff's Complaint are denied as the County does not provide a warning on its website related to ballot photography; the County's website merely references and recites applicable NC general statutes and administrative code.

99.     The allegations contained in paragraph 99 of Plaintiff's Complaint are  denied as the County does not provide a warning on its website stating it is illegal to photograph a voter in the voting enclosure without permission from an elected official; the County's website merely references and recites applicable NC general statutes and administrative code.

16

100.     Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 100 as to what other county board of elections have reported. To the extent that these allegations require a response, such allegations are denied.

101.     The allegations contained in paragraph 101 of Plaintiff's Complaint are admitted. As to the report of the then director of the County Board, the correct name was Gary Sims.

102.     The allegations contained in paragraph 102 of Plaintiff's Complaint are admitted.

103.     The allegations contained in paragraph 103 of Plaintiff's Complaint are denied.

104.     Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in paragraph 104.  To the extent these allegations require a response, such allegations are denied.

**"Hogarth Will Not Take Down Her Ballot Selfie and Will Continue Taking and Sharing Ballot Selfies in the Future."**

105.     Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in paragraph 105.

106.     The allegations contained in paragraph 106 of Plaintiff's Complaint state conclusory statements as to Plaintiff's future intent to which no response is required. To the extent that these allegations require a response, such allegations are denied.

107.     The allegations contained in paragraph 107 of Plaintiff's Complaint state conclusory statements as to Plaintiff's future intent to which no response is required. To the extent that these allegations require a response, such allegations are denied.

108.     Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 108.  To the extent that these allegations require a response, such allegations are denied.

17

109.    Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 109.  To the extent that these allegations require a response, such allegations are denied.

110.    The allegations contained in paragraph 110 of Plaintiff's Complaint state conclusory statements as to Plaintiff's future intent to which no response is required. To the extent that these allegations require a response, such allegations are denied.

111.    The allegations contained in paragraph 111 of Plaintiff's Complaint state conclusory statements as to Plaintiff's future intent to which no response is required. To the extent that these allegations require a response, such allegations are denied.

112.    The allegations contained in paragraph 112 of Plaintiff's Complaint state conclusory statements as to Plaintiff's future intent to which no response is required. To the extent that these allegations require a response, such allegations are denied.

113.    The allegations contained in paragraph 113 of Plaintiff's Complaint state conclusory statements as to Plaintiff's future intent to which no response is required. To the extent that these allegations require a response, such allegations are denied.

**"Hogarth Will Vote for Herself in the November 5, 2024 Election and Plans to Take and Share a Ballot Selfie That Day."**

114.    Defendants are without sufficient information to admit or deny allegations in paragraph 114.  To the extent these allegations require a response, such allegations are denied.

115.    Defendants are without sufficient information to admit or deny allegations in paragraph 115.  To the extent these allegations require a response, such allegations are denied.

116.    The allegations contained in paragraph 116 of Plaintiff's Complaint state are admitted as Hogarth did appear as a Libertarian Party candidate on the November 5, 2024 ballot in NC Senate District 13.

117.     The allegations contained in paragraph 117 of Plaintiff's Complaint are admitted.

118.     In response to the allegations contained in paragraph 118 of Plaintiff's Complaint, it is denied that Plaintiff intended to vote in person on November 5, 2024.

119.     The allegations contained in paragraph 119 of Plaintiff's Complaint state conclusory statements as to Plaintiff's intent to which no response is required. To the extent that these allegations require a response, such allegations are denied.

120.     The allegations contained in paragraph 120 of Plaintiff's Complaint state conclusory statements as to Plaintiff's intent to which no response is required. To the extent that these allegations require a response, such allegations are denied.

121.     The allegations contained in paragraph 121 of Plaintiff's Complaint state conclusory statements as to Plaintiff's intent to which no response is required. To the extent that these allegations require a response, such allegations are denied.

122.     The allegations contained in paragraph 122 of Plaintiff's Complaint state conclusory statements as to Plaintiff's intent to which no response is required. To the extent that these allegations require a response, such allegations are denied.

123.     The allegations contained in paragraph 123 of Plaintiff's Complaint state conclusory statements as to Plaintiff's intent to which no response is required. To the extent that these allegations require a response, such allegations are denied.

<u>**"INJURIES TO PLAINTIFF"**</u>

124.     The allegations contained in paragraph 124 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent these allegations require a response, such allegations are denied.

19

125. The allegations contained in paragraph 125 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

126. The allegations contained in paragraph 126 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

127. The allegations contained in paragraph 127 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

128. The allegations contained in paragraph 128 of Plaintiff's Complaint are denied.

129. The allegations contained in paragraph 129 of Plaintiff's Complaint are denied.

130. The allegations contained in paragraph 130 of Plaintiff's Complaint are denied.

131. The allegations contained in paragraph 131 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

132. The allegations contained in paragraph 132 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent these allegations require a response, such allegations are denied.

133. The allegations contained in paragraph 133 of Plaintiff's Complaint are admitted.

134. The allegations contained in paragraph 134 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent these allegations require a response, such allegations are denied.

## CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF

### FIRST CAUSE OF ACTION
### The Ballot Photography Provisions Violate the First Amendment
### (As-Applied Challenge Against All Defendants)

135.    Defendants incorporate by reference their responses to paragraphs 1-134 above as if fully set forth herein.

136.    The allegations contained in paragraph 136 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent these allegations require a response, such allegations are denied.

137.    The allegations contained in paragraph 137 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent these allegations require a response, such allegations are denied.

138.    The allegations contained in paragraph 138 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent these allegations require a response, such allegations are denied.

139.    The allegations contained in paragraph 139 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent these allegations require a response, such allegations are denied.

140.    The allegations contained in paragraph 140 of Plaintiff's Complaint are denied.

141.    The allegations contained in paragraph 141 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent these allegations require a response, such allegations are denied.

142.    The allegations contained in paragraph 142 of Plaintiff's Complaint are admitted upon information and belief.

143.     The allegations contained in paragraph 143 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

144.     The allegations contained in paragraph 144 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

145.     The allegations contained in paragraph 145 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

146.     The allegations contained in paragraph 146 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

147.     The allegations contained in paragraph 147 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

148.     The allegations contained in paragraph 148 of Plaintiff's Complaint are denied.

149.     Defendants are without sufficient information to admit or deny allegations in paragraph 149.  To the extent these allegations require a response, such allegations are denied.

150.     The allegations contained in paragraph 150 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

151.    The allegations contained in paragraph 151 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

152.    The allegations contained in paragraph 152 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

153.    The allegations contained in paragraph 153 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent these allegations require a response, such allegations are denied.

154.    The allegations contained in paragraph 154 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent these allegations require a response, such allegations are denied.

155.    The allegations contained in paragraph 155 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

156.    The allegations contained in paragraph 156 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent these allegations require a response, such allegations are denied.

157.    The allegations contained in paragraph 157 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent these allegations require a response, such allegations are denied.

158.     The allegations contained in paragraph 158 of Plaintiff's Complaint state conclusory statements to which no response is required.  To the extent these allegations require a response, such allegations are denied.

159.     The allegations contained in paragraph 159 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

160.     The allegations contained in paragraph 160 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

161.     The allegations contained in paragraph 161 of Plaintiff's Complaint state conclusory statements to which no response is required.  To the extent these allegations require a response, such allegations are denied.

162.     The allegations contained in paragraph 162 of Plaintiff's Complaint state conclusory statements to which no response is required.  To the extent these allegations require a response, such allegations are denied.

163.     The allegations contained in paragraph 163 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

164.     The allegations contained in paragraph 164 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

165.     The allegations contained in paragraph 165 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

166.     The allegations contained in paragraph 166 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

167.     The allegations contained in paragraph 167 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

168.     The allegations contained in paragraph 168 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

169.     The allegations contained in paragraph 169 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

## SECOND CAUSE OF ACTION
### The Voting Enclosure Provision Violates the First Amendment
### (As-Applied Challenge Against All Defendants)

170.     Defendants incorporate by reference paragraphs 1-169 as if fully set forth herein.

171.     The allegations contained in paragraph 171 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

172.     The allegations contained in paragraph 172 of Plaintiff's Complaint are admitted.

25

173.    The allegations contained in paragraph 173 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

174.    The allegations contained in paragraph 174 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

175.    The allegations contained in paragraph 175 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

176.    The allegations contained in paragraph 176 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

177.    The allegations contained in paragraph 177 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

178.    The allegations contained in paragraph 178 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

179.    The allegations contained in paragraph 179 of Plaintiff's Complaint state conclusory statements to which no response is required.  To the extent these allegations require a response, such allegations are denied.

180.    The allegations contained in paragraph 180 of Plaintiff's Complaint state conclusory statements as to Plaintiff's future plans to which no response is required. To the extent these allegations require a response, such allegations are denied.

181.    The allegations contained in paragraph 181 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

182.    The allegations contained in paragraph 182 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent these allegations require a response, such allegations are denied.

183.    The allegations contained in paragraph 183 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

184.    The allegations contained in paragraph 184 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

185.    The allegations contained in paragraph 185 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

186.    The allegations contained in paragraph 186 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

187. The allegations contained in paragraph 187 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

### THIRD CAUSE OF ACTION
### The State Board's March 13, 2024 Demand Letter
### Violate the First Amendment
### (As-Applied Challenge Against State Board Defendants, Wake County
### District Attorney, and North Carolina Attorney General)

188. Defendants incorporate by reference paragraphs 1-187 as if fully set forth herein.

189. The allegations contained in paragraph 189 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

190. The allegations contained in paragraph 190 of Plaintiff's Complaint are admitted.

191. The allegation contained in paragraph 191 of Plaintiff's Complaint with respect to Plaintiff sharing her ballot on X is admitted, upon information and belief. Defendants are without sufficient knowledge to admit or deny Plaintiff's remaining allegations as to her reasons for sharing her ballot, and as such, these allegations are denied.

192. The allegations contained in paragraph 192 of Plaintiff's Complaint are admitted upon information and belief.

193. The allegations contained in paragraph 193 of Plaintiff's Complaint are admitted upon information and belief.

194. The allegations contained in paragraph 194 of Plaintiff's Complaint are admitted upon information and belief.

195.    The allegations contained in paragraph 195 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

196.    The allegations contained in paragraph 196 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

197.    The allegations contained in paragraph 197 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

198.    The allegations contained in paragraph 198 of Plaintiff's Complaint state conclusory statements to which no response is required.  To the extent these allegations require a response, such allegations are denied.

199.    The allegations contained in paragraph 199 of Plaintiff's Complaint state conclusory statements to which no response is required.  To the extent these allegations require a response, such allegations are denied.

200.    The allegations contained in paragraph 200 of Plaintiff's Complaint state conclusory statements to which no response is required.  To the extent these allegations require a response, such allegations are denied.

201.    The allegations contained in paragraph 201 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent these allegations require a response, such allegations are denied.

202. The allegations contained in paragraph 202 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

203. The allegations contained in paragraph 203 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

204. The allegations contained in paragraph 204 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

## ANSWER TO FIRST VERIFIED SUPPLEMENTAL COMPLAINT [DE 65]

These WCBOE Defendants answer the specific allegations of the First Verified Supplemental Complaint ("Supplemental Complaint") as follows [subtitles contained in the Supplemental Complaint are included as they appear for reference only and are not admitted as true for any purpose]:

## SUPPLEMENTAL FACTUAL ALLEGATIONS

1. The allegations contained in paragraph 1 of Plaintiff's Supplemental Complaint are admitted.

2. The allegations contained in paragraph 2 of Plaintiff's Supplemental Complaint are admitted.

3. The allegations contained in paragraph 3 of Plaintiff's Supplemental Complaint are admitted.

4. The allegations contained in paragraph 4 of Plaintiff's Supplemental Complaint are admitted.

30

5.     The allegations contained in paragraph 5 of Plaintiff's Supplemental Complaint are admitted.

6.     The allegations contained in paragraph 6 of Plaintiff's Supplemental Complaint are denied.

7.     Defendants are without sufficient information to admit or deny allegations in paragraph 7.  To the extent these allegations require a response, such allegations are denied.

8.     The allegations contained in paragraph 8 of Plaintiff's Supplemental Complaint are admitted.

9.     Defendants are without sufficient information to admit or deny allegations in paragraph 9.  To the extent these allegations require a response, such allegations are denied.

10.     Defendants are without sufficient information to admit or deny allegations in paragraph 10.  To the extent these allegations require a response, such allegations are denied.

11.     The allegations contained in paragraph 11 of Plaintiff's Supplemental Complaint, including all subparts, are admitted, upon information and belief.

12.     The allegations contained in paragraph 12 of Plaintiff's Supplemental Complaint are denied.

13.     Defendants are without sufficient information to admit or deny allegations in paragraph 13 of Plaintiff's Supplemental Complaint.  To the extent these allegations require a response, such allegations are denied.

14.     Defendants admit that in response to paragraph 14 of Plaintiff's Supplemental Complaint, an elections official informed plaintiff that photos were prohibited and that she needed to delete the photo. All remaining allegations not specifically admitted are denied.

15. The allegations contained in paragraph 15 of Plaintiff's Supplemental Complaint are admitted as to Plaintiff informing an election official after she took ballot selfies that she had a court order allowing her to do so. All remaining allegations not specifically admitted are denied.

16. The allegations contained in paragraph 16 of Plaintiff's Supplemental Complaint are admitted as to an election official consulting with the chief judge at the polling location. All remaining allegations not specifically admitted are denied.

17. The allegations contained in paragraph 17 of Plaintiff's Supplemental Complaint are admitted as to an election official consulting with the chief judge outside of Plaintiff's presence.

18. The allegations contained in paragraph 18 of Plaintiff's Supplemental Complaint are denied.

19. The allegations contained in paragraph 19 of Plaintiff's Supplemental Complaint are denied.

20. The allegations contained in paragraph 20 of Plaintiff's Supplemental Complaint state conclusory statements to which no response is required. To the extent these allegations require a response, such allegations are denied.

21. The allegations contained in paragraph 21 of Plaintiff's Supplemental Complaint are denied.

22. The allegations contained in paragraph 22 of Plaintiff's Supplemental Complaint are denied.

23. The allegations contained in paragraph 23 of Plaintiff's Supplemental Complaint are admitted.

24. The allegations contained in paragraph 24 of Plaintiff's Supplemental Complaint are admitted, upon information and belief, that no election official informed Plaintiff that she disrupted the polling place. The remaining allegations within this paragraph state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

25. The allegations contained in paragraph 25 of Plaintiff's Supplemental Complaint state conclusory statements and legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

26. The allegations contained in paragraph 26 of Plaintiff's Supplemental Complaint state conclusory statements and legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

27. The allegations contained in paragraph 27 of Plaintiff's Supplemental Complaint are denied.

28. The allegations contained in paragraph 28 of Plaintiff's Supplemental Complaint state legal conclusions to which no response is required. To the extent these allegations require a response, such allegations are denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, having fully answered the Complaint and Supplemental Complaint of the Plaintiff, pray for the following relief:

1. That Plaintiff's prayer for relief be denied in its entirety and Plaintiff have and recover nothing by way of this Complaint and Supplemental Complaint;

2. That the Court dismiss all claims of the Plaintiff;

3. That all costs of this action, including court costs and reasonable attorney's fees if

33

by law allowed, be taxed to the Plaintiff;

4. That any issue of insurance coverage or waiver of immunity be tried by the Court sitting without a jury as provided by N.C. Gen. Stat. § l53A-435;

5. For trial by jury on all other issues so triable; and

6. For such other and further relief as the Court deems just and proper.

This the 10th day of April, 2025.

                                        WAKE COUNTY ATTORNEY'S OFFICE

                                        */s/ Roger A. Askew*
                                        Roger A. Askew, NCSB # 18081
                                        Senior Deputy County Attorney
                                        Roger.Askew@wake.gov

                                        */s/ Allison P. Cooper*
                                        Allison P. Cooper, NCSB # 34160
                                        Sr. Deputy County Attorney
                                        Allison.Cooper@wake.gov
                                        Post Office Box 550
                                        Raleigh, North Carolina 27602
                                        Phone: (919) 856-5500
                                        Fax:    (919) 856-5504
                                        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2025, I electronically filed on behalf of the WCBOE Defendants the foregoing ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT AND VERIFIED SUPPLEMENTAL PLEADING with the Clerk of Court using the CM/ECF system, which will send notification and a copy of such filing to all parties and/or their attorneys who have appeared in this action as follows:

Jeffrey Zeman
Jeff.zeman@thefire.org

James Dedman
jdedman@gwblawfirm.com

Eric Spengler
eric@sablaw.com

Terrence Steed
tsteed@ncdoj.gov

Elizabeth Curran O'Brien
eobrien@ncdoj.gov

This the 10th day of April, 2025.

/s/ *Allison P. Cooper*
Allison P. Cooper, NCSB # 34160
Senior Deputy County Attorney
Wake County Attorney's Office
P.O. Box 500
Raleigh, NC 27602
Telephone: 919-856-5500
E-Mail: Allison.cooper@wake.gov

35