**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DISTRICT**
**No. 5:24-cv-00481-FL**

| | | |
|---|---|---|
| SUSAN JANE HOGARTH, | ) | |
| | ) | |
| Plaintiff, | ) | **STATE BOARD DEFENDANTS'** |
| v. | ) | **ANSWER TO PLAINTIFF'S** |
| | ) | **VERIFIED COMPLAINT** |
| KAREN BRINSON BELL, in her official | ) | **And** |
| capacity as Executive Director of the North | ) | **FIRST VERIFIED SUPPLEMENTAL** |
| Carolina State Board of Elections, et al., | ) | **COMPLAINT** |
| | ) | |
| Defendants. | ) | |

Defendants North Carolina State Board of Elections, Karen Brinson Bell, Alan Hirsch,

Jeff Carmon, Stacy Eggers, IV, Kevin N. Lewis, Siobhan O'Duffy Millen, and Danielle Brinton

(collectively, the "State Board Defendants"), hereby answer Plaintiff's Complaint for

Declaratory and Injunctive Relief [D.E. 1, 2] and First Verified Supplemental Complaint for

Declaratory and Injunctive Relief [D.E. 65] as follows:

### INTRODUCTION

1.      Neither admitted nor denied as this allegation is not directed at State Board

Defendants.

2.      Admitted to the extent that North Carolina law speaks for itself and is the best

evidence of its content.

3.      Admitted that State Board Defendants warn the public that taking photographs of

their voted ballot is illegal and investigates such incidents regardless of the subjective

motivations of the voter.  Such communications speaks for themselves and are the best evidence

of their content.

4.      Admitted to the extent that the letter was sent to Plaintiff, speaks for itself, and is

the best evidence of its content. Denied with respect to the characterization of the letter.

5.     Neither admitted nor denied to the extent that North Carolina law speaks for itself and is the best evidence of its content. Neither admitted nor denied with respect to subjective motivation of voters. Neither admitted nor denied to the extent this allegation cites a legal authority, which speaks for itself. Neither admitted nor denied to the extent this is a legal conclusion, to which no response is required. To the extent a response is required, it is denied.

6.     Neither admitted nor denied to the extent that North Carolina law speaks for itself and is the best evidence of its content. Neither admitted nor denied as this is a legal conclusion, which speaks for itself. Neither admitted nor denied to the extent this allegation asserts a legal conclusion, to which no response is required. To the extent a response is required, it is denied.

7.     Neither admitted nor denied to the extent that North Carolina law speaks for itself and is the best evidence of its content. Neither admitted nor denied to the extent this allegation cites a legal authority, which speaks for itself. Neither admitted nor denied to the extent this allegation asserts a legal conclusion, to which no response is required. To the extent a response is required, it is denied.

8.     Neither admitted nor denied to the extent this allegation is not directed at State Board Defendants. Neither admitted nor denied to the extent this allegation cites a legal authority, which speaks for itself.

## PARTIES

**Plaintiff**

9.     Neither admitted nor denied to the extent this allegation is not directed at State Board Defendants.

10.     Admitted that Plaintiff engaged in an activity that is prohibited under North

Carolina law and that the letter was sent to Plaintiff, which speaks for itself, and is the best evidence of its content. Denied with respect to the characterization of the letter.

**Defendants**

11. Admitted with respect to the cited statutes relating to the duties of the State Board, all of which speak for themselves and are the best evidence of their contents. Admitted that the State Board issues press releases around elections to warn the public that taking photographs of their voted ballot is illegal and investigates such incidents regardless of the subjective motivations of the voter. Such communications speaks for themselves and are the best evidence of their content.

12. Admitted.

13. Admitted that Mr. Hirsch is the Chair. Admitted to the extent that the duties of the Chair are defined by statutes, which speak for themselves and are the best evidence of their content. Denied to the extent that this implies the Chair is personally responsible for investigating violations.

14. Admitted that these Defendants are members of the State Board. Admitted to the extent that the duties of the members of the State Board are defined by statutes, which speak for themselves and are the best evidence of their content. Denied to the extent that this implies the members are personally responsible for investigating violations.

15. Admitted.

16. Admitted to the extent that the duties of all county boards of elections are defined by statutes, which speak for themselves and are the best evidence of their content.

17. Admitted that Director McCall is the Director of the Wake County Board of Elections. Admitted to the extent that her duties and authority are defined by statutes, which

3

speak for themselves and are the best evidence of their content.

18.     Admitted that Ms. Porter is the Chair.  Admitted to the extent that the duties of the Chair are defined by statutes, which speak for themselves and are the best evidence of their content.  Denied to the extent that this implies the Chair is personally responsible for investigating violations.

19.     Admitted that these Defendants are members of the County Board.  Admitted to the extent that the duties of the members are defined by statutes, which speak for themselves and are the best evidence of their content.  Denied to the extent that this implies the members are personally responsible for investigating violations.

20.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

21.     Neither admitted nor denied as this allegation is not directed at State Board Defendants and the Attorney General has been dismissed from this action.

22.     Admitted.

23.     Admitted.

## JURISDICTION

24.     Neither admitted nor denied as this is a legal conclusion to which no response is required.

25.     Neither admitted nor denied as this is a legal conclusion to which no response is required.

26.     Neither admitted nor denied as this is a legal conclusion to which no response is required.

27.     Denied.

4

## VENUE

28.      Admitted.

29.      Admitted.

## FACTUAL ALLEGATIONS

**Five Provisions of North Carolina Law Ban Ballot Selfies.**

30.      Neither admitted nor denied as this allegation is not directed at State Board
Defendants.

31.      Neither admitted nor denied as this is a legal conclusion to which no response is
required.

32.      Admitted to the extent that North Carolina law speaks for itself and is the best
evidence of its content.

33.      Admitted to the extent that North Carolina law speaks for itself and is the best
evidence of its content.

34.      Admitted to the extent that North Carolina law speaks for itself and is the best
evidence of its content.

35.      Admitted to the extent that North Carolina law speaks for itself and is the best
evidence of its content.

36.      Admitted to the extent that North Carolina law speaks for itself and is the best
evidence of its content.

37.      Admitted to the extent that North Carolina law speaks for itself and is the best
evidence of its content.

38.      Admitted to the extent that North Carolina law speaks for itself and is the best
evidence of its content.

39.     Admitted to the extent that North Carolina law speaks for itself and is the best evidence of its content.

40.     Admitted to the extent that North Carolina law speaks for itself and is the best evidence of its content.

41.     Admitted to the extent that North Carolina law speaks for itself and is the best evidence of its content.

42.     Admitted to the extent that North Carolina law cited speaks for itself and is the best evidence of its content.

43.     Admitted to the extent that North Carolina law speaks for itself and is the best evidence of its content.

44.     Admitted to the extent that North Carolina law speaks for itself and is the best evidence of its content.

45.     Admitted to the extent that North Carolina law speaks for itself and is the best evidence of its content.

46.     Admitted to the extent that North Carolina law speaks for itself and is the best evidence of its content. Denied as to the characterization of the law.

47.     Admitted to the extent that North Carolina law defines the duties and authorities of county boards and chief judges, speaks for itself, and is the best evidence of those duties and authorities, including that a chief judge is authorized to exercise discretion in the performance of certain duties, but denied to the extent that any exercise of that discretion is permitted by law to be arbitrary.

48.     Denied to the extent that "ballot selfies" here is defined as "voters' photos of themselves in the voting enclosure," which is permitted under certain circumstances and with

6

permission.

**Hogarth Takes a Ballot Selfie and Shares It on Social Media.**

49.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

50.     Admitted to the extent the State Board is aware of such incidents.

51.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

52.     Admitted.

53.     Admitted.

54.     Neither admitted nor denied as this allegation is not directed at State Board Defendants nor is it within the State Board's knowledge.

55.     Neither admitted nor denied as this allegation is not directed at State Board Defendants nor is it within the State Board's knowledge.

56.     Neither admitted nor denied as this allegation is not directed at State Board Defendants nor is it within the State Board's knowledge.

57.     Admitted.

58.     Admitted.

59.     Neither admitted nor denied as this allegation is not directed at State Board Defendants nor is it within the State Board's knowledge.

60.     Neither admitted nor denied as this allegation is not directed at State Board Defendants nor is it within the State Board's knowledge.

61.     Neither admitted nor denied as this allegation is not directed at State Board Defendants nor is it within the State Board's knowledge.

7

62.     Neither admitted nor denied as this allegation is not directed at State Board Defendants nor is it within the State Board's knowledge.

63.     Neither admitted nor denied as this allegation is not directed at State Board Defendants nor is it within the State Board's knowledge.

64.     Neither admitted nor denied as this allegation is not directed at State Board Defendants nor is it within the State Board's knowledge.

65.     Neither admitted nor denied as this allegation is not directed at State Board Defendants nor is it within the State Board's knowledge.

66.     With respect to the timing of the social media post, neither admitted nor denied as this allegation is not directed at State Board Defendants nor is it within the State Board's knowledge.  Admitted as to the remainder.

67.     Admitted.

68.     Neither admitted nor denied as this allegation is not directed at State Board Defendants nor is it within the State Board's knowledge.

69.     Neither admitted nor denied as this allegation is not directed at State Board Defendants nor is it within the State Board's knowledge.

70.     Neither admitted nor denied as this allegation is not directed at State Board Defendants nor is it within the State Board's knowledge.

71.     Neither admitted nor denied as this allegation is not directed at State Board Defendants nor is it within the State Board's knowledge.

**The State Board Demands Hogarth Remove Her Ballot Selfie, Threatening Criminal Prosecution.**

72.     Admitted to the extent that the State Board sent this letter, which speaks for itself, and is the best evidence of its content.  Denied with respect to any characterization of the letter

8

or its contents.

73.     Admitted to the extent that the State Board sent this letter, which speaks for itself, and is the best evidence of its content.  Denied with respect to any characterization of the letter or its contents.

74.     Admitted to the extent that the State Board sent this letter, which speaks for itself, and is the best evidence of its content.  Denied with respect to any characterization of the letter or its contents.

75.     Admitted to the extent that the State Board sent this letter, which speaks for itself, and is the best evidence of its content.  Denied with respect to any characterization of the letter or its contents.

76.     Admitted to the extent that the State Board sent this letter, which speaks for itself, and is the best evidence of its content.  Denied with respect to any characterization of the letter or its contents.

77.     Admitted to the extent that the State Board sent this letter, which speaks for itself, and is the best evidence of its content.  Denied with respect to any characterization of the letter or its contents.

78.     Admitted to the extent that the State Board sent this letter, which speaks for itself, and is the best evidence of its content.  Denied with respect to any characterization of the letter or its contents.

79.     Denied to the extent that the State Board sent this letter, which speaks for itself, and is the best evidence of its content.  Denied with respect to any characterization of the letter or its contents.

80.     Denied to the extent that the State Board sent this letter, which speaks for itself,

and is the best evidence of its content.  Denied with respect to any characterization of the letter or its contents.

81.  Denied to the extent that the State Board sent this letter, which speaks for itself, and is the best evidence of its content.  Denied with respect to any characterization of the letter or its contents.

82.  Neither admitted nor denied to the extent that North Carolina law speaks for itself and is the best evidence of its content.

83.  Denied to the extent that the State Board sent this letter, which speaks for itself, and is the best evidence of its content.  Denied with respect to any characterization of the letter or its contents.

**The State Board Warns Voters That Photographing Their Ballots Is Illegal, Investigates Reports of Ballot Selfies, and Refers Ballot Selfies to District Attorneys for Prosecution.**

84.  Admitted to the extent that taking photographs and posting those photographs on social media is often considered expressive activity.

85.  Admitted to the extent this is a quote from a State Board press release dated February 25, 2020, which is a document that speaks for itself, and is the best evidence of its contents.

86.  Admitted that the State Board regularly informs the voting public about election laws, including that taking or sharing of a photograph of a voted ballot is illegal pursuant to North Carolina law.

87.  Admitted that the State Board regularly informs the voting public about election laws, including that taking or sharing of a photograph of a voted ballot is illegal pursuant to North Carolina law.

10

88.     Admitted that the State Board regularly informs the voting public about election laws, including that taking or sharing of a photograph of a voted ballot is illegal pursuant to North Carolina law.

89.     Admitted that the State Board regularly informs the voting public about election laws, including that taking or sharing of a photograph of a voted ballot is illegal pursuant to North Carolina law.

90.     Admitted that the State Board is required by law to investigate elections law violations, including the taking or sharing of a photograph of a voted ballot which is illegal pursuant to North Carolina law.

91.     Denied to the extent that the State Board currently lacks sufficient knowledge regarding the specific number of reports.  Admitted that the State Board is required by law to investigate elections law violations, including the taking or sharing of a photograph of a voted ballot which is illegal pursuant to North Carolina law.

92.     Admitted that the State Board is required by law to investigate elections law violations, including the taking or sharing of a photograph of a voted ballot which is illegal pursuant to North Carolina law.

93.     Admitted that the State Board is required by law to investigate elections law violations, including the taking or sharing of a photograph of a voted ballot which is illegal pursuant to North Carolina law.

94.     Admitted that the State Board is required by law to investigate elections law violations, including the taking or sharing of a photograph of a voted ballot which is illegal pursuant to North Carolina law.

95.     Admitted that the State Board is required by law to investigate elections law

11

violations, including the taking or sharing of a photograph of a voted ballot which is illegal pursuant to North Carolina law.

96.     Admitted to the extent that this refers to State Board investigators reviewing social media when a tip or complaint has been received.  Otherwise, denied.

97.     Admitted that the State Board is required by law to refer elections law violations to district attorneys, including the taking or sharing of a photograph of a voted ballot which is illegal pursuant to North Carolina law.

**The County Board Warns Voters That Ballot Selfies Are Illegal and Reports Election Law Violations to the State Board.**

98.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

99.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

100.     Admitted to the extent that it is a common practice for elections officials from around the state to report elections law violations to the State Board, including the taking or sharing of a photograph of a voted ballot which is illegal pursuant to North Carolina law.

101.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

102.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

103.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

104.     Admitted to the extent that it is a common practice for elections officials from around the state to report elections law violations to the State Board, including the taking or

12

sharing of a photograph of a voted ballot which is illegal pursuant to North Carolina law.

**Hogarth Will Not Take Down Her Ballot Selfie and Will Continue Taking and Sharing Ballot Selfies in the Future.**

105.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

106.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

107.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

108.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

109.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

110.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

111.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

112.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

113.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

**Hogarth Will Vote for Herself in the November 5, 2024 Election and Plans to Take and Share a Ballot Selfie That Day.**

114.    Neither admitted nor denied as this allegation is not directed at State Board

13

Defendants.

115.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

116.    Admitted.

117.    Admitted.

118.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

119.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

120.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

121.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

122.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

123.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

**INJURIES TO PLAINTIFF**

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

14

129.    Denied.

130.    Denied.

131.    Neither admitted nor denied with respect to the State Board as this allegation is not directed at the State Board because it has no prosecutorial authority.  Denied based on the Declaration of District Attorney Freeman.  [D.E. 42-1].

132.    Neither admitted nor denied with respect to the State Board as this allegation is not directed at the State Board because it has no prosecutorial authority.  Denied based on the Declaration of District Attorney Freeman.  [D.E. 42-1].

133.    Admitted to the extent that the State Board sent this letter, which speaks for itself, and is the best evidence of its content.  Denied with respect to any characterization of the letter. Denied based on the Declaration of District Attorney Freeman.  [D.E. 42-1].  Denied that the State Board's actions present a threat of prosecution.

134.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

## CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF

### FIRST CAUSE OF ACTION
**The Ballot Photography Provisions Violate the First Amendment**
**(As-Applied Challenge Against All Defendants)**

135.    State Board Defendants repeat each response above as if set forth fully herein.

136.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

137.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

138.    As to the first sentence, neither admitted nor denied as this allegation is not

15

directed at State Board Defendants. As to the second and third sentences, neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

139. Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

140. Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

141. Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

142. Admitted to the extent that the State Board sent this letter, which speaks for itself, and is the best evidence of its content. Denied with respect to any characterization of the letter.

143. Admitted to the extent that North Carolina law speaks for itself and is the best evidence of its content.

144. Admitted to the extent that North Carolina law speaks for itself and is the best evidence of its content.

145. Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied. Admitted with respect to the second sentence to the extent that North Carolina law speaks for itself and is the best evidence of its content.

146. Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

147. Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

16

148.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

149.    Admitted.

150.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

151.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

152.    Denied to the extent that North Carolina law prohibits photographing a voted ballot, otherwise speaks for itself, and is the best evidence of its content.

153.    Denied to the extent that North Carolina law prohibits photographing a voted ballot, otherwise speaks for itself, and is the best evidence of its content.

154.    Admitted to the extent that North Carolina law speaks for itself and is the best evidence of its content.

155.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

156.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

157.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

158.    Denied.

159.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

160.    Admitted to the extent that North Carolina law speaks for itself and is the best

evidence of its content.

161.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

162.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

163.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

164.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

165.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

**SECOND CAUSE OF ACTION**
**The Voting Enclosure Provision Violates the First Amendment**
**(As-Applied Challenge Against All Defendants)**

170.    State Board Defendants repeat each response above as if set forth fully herein.

171.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

172.    Admitted to the extent that North Carolina law speaks for itself and is the best evidence of its content.

173.    Admitted to the extent that North Carolina law speaks for itself, is the best

18

evidence of its content, and prohibits the taking and sharing of a photograph of a voted ballot. Denied to the extent that "ballot selfies" here is defined the same as paragraph 48 above as "voters' photos of themselves in the voting enclosure," which is permitted under certain circumstances and with permission.

174.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

175.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

176.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

177.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

178.    Denied with respect to there being no legitimate reason for these requirements. Neither admitted nor denied to the extent the remainder sets forth a legal conclusion to which no response is required. To the extent a response is required, it is denied.

179.    Neither admitted nor denied as this allegation is not directed at State Board Defendants.

180.    With respect to Plaintiffs' future actions or intentions, neither admitted nor denied as this allegation is not directed at State Board Defendants.  Admitted to the extent this allegation is intended to refer to the taking of a photograph of a voter as contemplated under N.C.G.S. § 163-166.3(b), and to the extent that North Carolina law speaks for itself and is the best evidence of its content, including that a chief judge is authorized to exercise discretion in the performance of certain duties, but denied to the extent that discretion can be exercised arbitrarily, capriciously,

19

or in bad faith. Denied to the extent this allegation is intended to refer to taking of a voted ballot as contemplated under N.C.G.S. § 163-166.3(c), as that law does not permit any voter, regardless of permission by the chief judge, to take a photograph of a voted ballot.

181. Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

182. Denied.

183. Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

### THIRD CAUSE OF ACTION
### The State Board's March 13, 2024 Demand Letter
### Violates the First Amendment
### (As-Applied Challenge Against State Board Defendants, Wake County
### District Attorney, and North Carolina Attorney General

188. State Board Defendants repeat each response above as if set forth fully herein.

189. Neither admitted nor denied as this is a legal conclusion to which no response is required.

190. Admitted.

191. Neither admitted nor denied as this allegation is not directed at State Board Defendants and not within the knowledge of the State Board.

192. Admitted to the extent that the State Board sent this letter, which speaks for itself, and is the best evidence of its content. Denied with respect to any characterization of the letter.

20

193.    Admitted to the extent that the State Board sent this letter, which speaks for itself, and is the best evidence of its content.  Denied with respect to any characterization of the letter.

194.    Admitted to the extent that the State Board sent this letter, which speaks for itself, and is the best evidence of its content.  Denied with respect to any characterization of the letter.

195.    Denied.

196.    Denied.

197.    Neither admitted nor denied as this is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

198.    Admitted.

199.    Denied.

200.    With respect to Plaintiffs' future actions, intentions, or expectations, neither admitted nor denied as this allegation is not directed at State Board Defendants.  For the remainder, Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

**FIRST VERIFIED SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUCTIVE RELIEF
(filed Nov. 6, 2024)**

**SUPPLEMENTAL FACTUAL ALLEGATIONS**

1.    Neither admitted nor denied as this allegation is not directed at State Board Defendants and the record speaks for itself and is the best evidence of its contents.

2.    Neither admitted nor denied as this allegation is not directed at State Board

21

Defendants and the record speaks for itself and is the best evidence of its contents.

3.      Neither admitted nor denied as this allegation is not directed at State Board Defendants and the record speaks for itself and is the best evidence of its contents.

4.      Neither admitted nor denied as this allegation is not directed at State Board Defendants and the record speaks for itself and is the best evidence of its contents.

5.      Neither admitted nor denied as this allegation is not directed at State Board Defendants.

6.      Neither admitted nor denied as this allegation is not directed at State Board Defendants.

7.      Neither admitted nor denied as this allegation is not directed at State Board Defendants.

8.      Neither admitted nor denied as this allegation is not directed at State Board Defendants.

9.      Neither admitted nor denied as this allegation is not directed at State Board Defendants.

10.      Neither admitted nor denied as this allegation is not directed at State Board Defendants.

11.      Neither admitted nor denied as this allegation is not directed at State Board Defendants.

12.      Neither admitted nor denied as this allegation is not directed at State Board Defendants.

13.      Neither admitted nor denied as this allegation is not directed at State Board Defendants.

14.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

15.     Neither admitted nor denied as this allegation is not directed at State Board Defendants and the record speaks for itself and is the best evidence of its contents.

16.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

17.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

18.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

19.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

20.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

21.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

22.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

23.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

24.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.

25.     Neither admitted nor denied as this allegation is not directed at State Board

Defendants.

26.     Neither admitted nor denied as this allegation is not directed at State Board

Defendants.

27.     Neither admitted nor denied as this allegation is not directed at State Board

Defendants.

28.     Neither admitted nor denied as this is a legal conclusion to which no response is

required. To the extent a response is required, it is denied.

**ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFFS' COMPLAINT, INCLUDING THE RELIEF REQUESTED, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED.**

**FURTHER ANSWERING THE COMPLAINT AND AS FOR ANY DEFENSES THERETO, DEFENDANTS ASSERT THE FOLLOWING:**

## FIRST DEFENSE

Plaintiffs' fail to state sufficient factual allegations to support the exercise of subject

matter jurisdiction by this Court over the State Board Defendants.

## SECOND DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted against State Board

Defendants and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this

failure bars Plaintiffs' claims.

## THIRD DEFENSE

State Board Defendants reserve the right to assert further defenses against Plaintiffs

that may become apparent during the course of litigation and discovery.

WHEREFORE, State Board Defendants request the following:

1.     That the Verified Complaint and First Supplemental Verified Complaint be

24

dismissed;

2.      That Plaintiffs have and recover nothing from State Board Defendants;

3.      That costs of this action, including a reasonable attorney's fee, be taxed to

        Plaintiffs; and

4.      For such other relief that the Court deems just and proper.

   Respectfully submitted this the 11th day of April, 2025.

                                        JEFF JACKSON
                                        Attorney General

                                        /s/ Terence Steed
                                        Terence Steed
                                        N.C. State Bar No. 52809
                                        Special Deputy Attorney General
                                        N.C. Dept. of Justice
                                        Post Office Box 629
                                        Raleigh, NC 27602
                                        Telephone: (919) 716-6567
                                        Facsimile: (919) 716-6763
                                        Email: tsteed@ncdoj.gov
                                        *Counsel for State Board Defendants*