IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| SUSAN JANE HOGARTH,<br><br>*Plaintiff,*<br><br>v.<br><br>SAM HAYES, in his official capacity as Executive Director of the North Carolina State Board of Elections, et al.,<br><br>*Defendants.* | Case No.: 5:24-cv-00481-LF<br><br>Hon. Louise W. Flanagan<br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** |

Pursuant to Fed. R. Civ. P. 26(f), Jeffrey D. Zeman, Daniel A. Zahn, James M. Dedman, and Eric Spengler representing Plaintiff Susan Hogarth (Plaintiff), Terence Steed and Mary Lucasse, representing Defendants Sam Hayes, Francis X. De Luca, Stacy Eggers, IV, Jeff Carmon, Siobhan O'Duffy Millen, Robert Rucho[1], and Danielle Brinton (State Board Defendants), Roger A. Askew and Allison P. Cooper representing Defendants Olivia McCall, Erica Porter, Angela Hawkins, Greg Flynn, Gerry Cohen, and Keith Weatherly (County Board Defendants), and Elizabeth Curran O'Brien, representing Defendant Lorin Freeman (Defendant Freeman) conferred on May 5, 2025, by video conference to discuss the proper scope of and

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the following official capacity members of the State Board are no longer parties to this action as their terms expired on April 30, 2025 and they were not reappointed: Alan Hirsch and Kevin N. Lewis. The following official capacity members of the State Board were sworn in on May 7, 2025 and are automatically substituted into this action as parties: Francis X. De Luca and Robert Rucho. *See* State Board's May 7, 2025 Press Release, "New State Board Sworn In, Chairman Election, Executive Director Appointed, https://www.ncsbe.gov/news/press-releases/2025/05/07/new-state-board-sworn-chairman-elected-executive-director-appointed, last visited May 19, 2025.

limitations on discovery.

Based on that conference and subsequent communications, the parties agree that the Court should be able to resolve this case on the pleadings and without discovery. To that end, the parties intend to file cross motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and propose herein a briefing schedule for their motions. To comply with the Court's April 12 Initial Scheduling Order (Doc. 80), the parties also propose a discovery plan to be implemented only if the Court rejects the parties' joint Rule 12(c) proposal or rules on the parties' 12(c) motions in such a way as requires discovery.

## Proposed Rule 12(c) Briefing Schedule

The parties intend to file cross motions for judgment on the pleadings and propose the following stipulated briefing schedule[2]:

1. All parties shall have until **July 11, 2025,** to file motions for judgment on the pleadings.

2. All parties shall have until **August 1, 2025,** to file a brief responding to the motions. If Defendants file a single joint brief of standard length pursuant to L. Rule 7.2(f), Plaintiffs' response must similarly conform to the rule. If Defendants do not file a joint brief, then Plaintiff's consolidated response

---

[2] Plaintiff would prefer a staggered briefing schedule in which all parties file only two briefs: Defendants' motions and opening briefs; Plaintiff's consolidated response brief and cross-motion; Defendants' responses; and Plaintiff's reply. However, Plaintiff will accede to the Defendants' preference for cross-briefing motions, responses, and, if necessary, replies.

may be up to 60 pages.

3. All parties shall have until **August 15, 2025,** to file a reply limited to matters initially raised in the response.

## Proposed Discovery Plan

In accordance with the Court's Apr. 12 Initial Scheduling Order (Doc. 80), the parties submit the following report and discovery plan, to be used only if the Court rejects the parties' joint Rule 12(c) proposal above, or rules on the parties' 12(c) motions in such a way as requires discovery:

A. <u>Nature of the Case:</u> The parties have discussed the nature and complexity of the case and agree on the following positions:

1. **Subject matter jurisdiction:** The Court found in its March 28, 2025 opinion that it has subject matter jurisdiction over this action. [D.E. 74].

2. **Most important factual or legal issues:** Five provisions of North Carolina law prohibit taking and sharing photographs of a completed ballot, including a voter's own ballot, and/or photographing voters in the voting enclosure, including a voter's self. Plaintiff filed this lawsuit to have the Court declare that these provisions violate the First Amendment on their face with respect to ballot selfies and to seek a permanent injunction to prevent Defendants from enforcing these provisions against ballot selfies. Defendants maintain that these are valid restrictions that do not violate the Constitution. That constitutional question is the central issue in this case.

3. **A breakdown of damages sought:** Plaintiff seeks injunctive and

declaratory relief, and may seek attorneys' fees, but has not filed a claim for damages.

B. **Discovery Plan:** The parties jointly propose to the Court the following discovery plan:

1. **Scope of discovery:** If discovery is necessary, the parties anticipate needing discovery on the claims in Plaintiff's Complaint, all defenses raised, and Defendants' responses. Discovery may be obtained on any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case as described in Fed. R. Civ. P. 26(b)(1). The parties do not waive any objection that they may have to any specific discovery requests. Plaintiff anticipates deposing Karen Brinson Bell, Alan Hirsch, Danielle Brinton, Olivia McCall, Erica Porter, Lorin Freeman, R. 30(b)(6) representatives from the North Carolina State Board of Elections, the Wake County Board of Elections, and the Office of the Wake County District Attorney, and any other witnesses relevant to the parties' claims or defenses and proportional to the needs of the case. Defendants anticipate deposing Plaintiff.

2. **Phased or limited discovery:** The parties believe that phased or limited fact discovery would benefit neither the Court nor the parties.

3. **Period of discovery:** The parties propose that the date for commencement of discovery shall be one week after the Court rules on the Rule 12(c) motions and the conclusion of all discovery shall be six months from the date of commencement of discovery.

4. **Categories of discovery to be used:** The parties propose to use the following discovery categories under the following limitations:

   a. *Initial Disclosures:* The parties agree to exchange the information required by Fed. R. Civ. P. 26(a)(1) no later than **two weeks after the commencement of discovery**.

   b. *Interrogatories:* The parties agree to abide by the limitations of Fed. R. Civ. P. 33.

   c. *Requests for Production of Documents:* The parties agree to abide by the limitations of Fed. R. Civ. P. 34, provided that Plaintiff reserves the right to avail itself of non-discovery mechanisms for seeking government documents.

   d. *Requests for Admission:* The parties agree to abide by the limitations of Fed. R. Civ. P. 36.

   e. *Depositions:* The parties agree to abide by the limitations of Fed. R. Civ. P. 30.

   f. *Rule 26(e) Supplemental Disclosures:* Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the Court.

5. **Discovery of electronically stored information**: The parties discussed and agreed that electronically stored information should be handled as follows: Production of electronically stored information will be made in native electronic format (if reasonably able), or in PDF format (if native format is not reasonably available). To the extent reasonably possible, the parties will ensure that all documents produced

in electronic format are searchable (with OCR (Optical Character Recognition)), readable, with metadata intact. Any electronically stored information in possession or control of either party shall be preserved and retained until this action's final resolution. To the extent that discovery requests seek electronically stored information, and <u>if requested</u>, a search for such information will occur after the parties agree to the parameters of a search and the search terms to be used, if necessary. Otherwise, the parties agree to abide by the limitations of Fed. R. Civ. P. 34.

6. **Claims of privilege or protection as trial-preparation material:** The parties agree that whenever a claim of privilege or work product is asserted, it shall be supported by a privilege log as described in Fed. R. Civ. P. 26(b)(5). In the case of answers to interrogatories and productions of documents, the privilege log shall be produced within 30 days after the answers to interrogatories are served or documents are produced. Communications after the lawsuit's filing date do not need to be included on a party's privilege log.

    Any inadvertent inclusion of privileged material in any disclosure or discovery response shall not result in a waiver of any associated privileged nor result in a subject matter waiver of any kind. A party who produces privileged material shall, immediately upon becoming aware of the disclosure, inform the receiving party. A party who receives material and discovers that it appears to be privileged shall,

immediately upon becoming aware of the disclosure, inform the producing party. The receiving party shall, upon request, (1) immediately return all inadvertently produced information; (2) refrain from using or relying on such information absent a contrary Court order; and (3) destroy all copies or versions of the information. The parties agree that this clawback procedure does not limit or waive the ability of the nonproducing party to challenge the claim of privilege with the Court.

7. **Anticipated discovery problems:** The parties do not anticipate any particular discovery problems. If any party seek records that are deemed not public records pursuant to N.C.G.S. § 132-1.4(g) or otherwise made confidential and/or not subject to public dissemination (e.g., voter signatures), then a protective order will need to be entered. The parties do not anticipate this being an issue and will submit a protective order if necessary.

C. **Other Proposed Deadlines:**

1. **Expert witness information:**

    a. ***Deadline for disclosure of expert(s):*** Disclosure of the name, address, area of expertise and a short summary of expected testimony for any expert(s) in accordance with Fed. R. Civ. P. 26(a)(2)(A) shall be made **90 days after the commencement of discovery**.

    b. ***Deadline for disclosure of expert(s) report(s):*** Disclosure of

any expert(s) testimony report(s) in accordance with Fed. R. Civ. P. 26(a)(2)(B) and (C) shall be made **120 days after the commencement of discovery**.

    c. *Deadline for disclosure of rebuttal expert(s) report(s):* Parties shall disclose rebuttal expert testimony no later than **150 days after the commencement of discovery**.

2. **Joining additional parties or amending pleadings:** The parties propose that the deadline for joining additional parties or amending pleadings be **60 days after the commencement of discovery**.

3. **Filing of motions:** The parties propose that the deadline for filing all potentially dispositive motions (including motions for summary judgment) be **30 days after the close of discovery**.

D. <u>Settlement:</u> The parties believe that settlement is unlikely given the nature of Plaintiff's claims and request for relief. The parties also believe that the Court should determine the challenged statutes' constitutionality, and that alternative dispute resolution would be unlikely to help resolve this case.

E. <u>Submission of Rule 26(a)(3) Disclosures:</u> The parties agree to abide by the deadlines and procedures found in Rule 26(a)(3) with respect to pretrial disclosures.

F. <u>Magistrate Judge:</u> The parties do not consent to a magistrate judge's conducting all proceedings.

G. <u>Pretrial Conference:</u> Neither party requests that a Rule 16(b) pretrial conference be scheduled prior to the entry of the Court's case management

order.

H. **Related Cases:** The parties are unaware of any case related to this one.

I. **Other Scheduling Issues:** The parties are unaware of any scheduling issues affecting counsel or the parties.

Respectfully submitted this the 9th day of June, 2025.

### *COUNSEL FOR PLAINTIFF*

*/s/ James M. Dedman IV*
JAMES M. DEDMAN IV
   (NC Bar No. 37415)
GALLIVAN WHITE & BOYD P.A.
6805 Carnegie Blvd, Ste. 200
Charlotte, NC, 28211
(704)-552-1712
jdedman@gwblawfirm.com

ERIC SPENGLER
   (NC Bar No. 47165)
SPENGLER + AGANS PLLC
352 N. Caswell Rd.
Charlotte, NC 28204
(704) 999-8733
eric@sab.law

*/s/ Jeffrey D. Zeman*
JEFFREY D. ZEMAN*
   (PA Bar No. 328570)
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
jeff.zeman@thefire.org

DANIEL A. ZAHN*
   (DC Bar No. 90027403)
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
700 Pennsylvania Ave. SE, Ste. 340
Washington, DC 20003
(215) 717-3473
daniel.zahn@thefire.org

*Special Appearance pursuant to Local Rule 83.1(e)

### *COUNSEL FOR STATE BOARD DEFENDANTS*

*/s/ Terence Steed*
Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
tsteed@ncdoj.gov

*/s/ Mary L. Lucasse*

Mary L. Lucasse
Special Deputy Attorney General
N.C. State Bar No. 39153
mlucasse@ncdoj.gov

North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
Phone: 919-716-6567
Fax: 919-716-6758

*COUNSEL FOR DEFENDANT FREEMAN*

*/s/ Elizabeth Curran O'Brien*
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. State Bar No. 28885
eobrien@ncdoj.gov

North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
Phone: 919-716-6800
Fax: 919-716-6755

*ATTORNEYS FOR WAKE COUNTY BOARD DEFENDANTS*

/s/ *Roger A. Askew*
Roger A. Askew, NCSB # 18081
Senior Deputy County Attorney
Roger.Askew@wake.gov

/s/ *Allison P. Cooper*
Allison P. Cooper, NCSB # 34160
Senior. Deputy County Attorney
Allison.Cooper@wake.gov

Post Office Box 550
Raleigh, North Carolina 27602
Phone: (919) 856-5500
Fax:   (919) 856-5504

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2025, a true and correct copy of the foregoing document was transmitted using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Jeffrey D. Zeman
JEFFREY D. ZEMAN