# EXHIBIT 1

November 27, 2023 Oral Ruling Transcript

1    STATE OF WISCONSIN   CIRCUIT COURT   OZAUKEE COUNTY
                        BRANCH 1
2
   * * * * * * * * * * * * * * * * * * * * * * * * *
3
  STATE OF WISCONSIN,
4
              Plaintiff,
5
         vs.                    **Case No. 2022-CF-000361**
6
  **PAUL H. BUZZELL,**
7
              Defendant.
8
   * * * * * * * * * * * * * * * * * * * * * * * * *
9

10                    **ORAL RULING**

11
   * * * * * * * * * * * * * * * * * * * * * * * * *
12
      **Charge:**  Election Fraud-Show Marked Ballot
13
              **Date:**  November 27, 2023
14            **Time:**  9:19 a.m. - 9:36 a.m.

15        Before the Honorable Paul V. Malloy,
        Circuit Court Judge, Branch 1, Presiding
16
   * * * * * * * * * * * * * * * * * * * * * * * * *
17
                  **A P P E A R A N C E S**
18
                  ADAM Y. GEROL
19        appeared on behalf of the Plaintiff.

20               MICHAEL S. CHERNIN
        appeared on behalf of the Defendant.
21
   * * * * * * * * * * * * * * * * * * * * * * * * *
22
           STENOGRAPHICALLY REPORTED BY
23  JENNIFER L. CARTER, CRR, RMR, RDR, OFFICIAL REPORTER

24  * * * * * * * * * * * * * * * * * * * * * * * * *

25  *Please see final page for information on obtaining*
      *official, certified copies of this transcript.*

1                    **I N D E X**

2

3                    **E X H I B I T S**

   (No exhibits were offered or received into evidence.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*State vs. Paul H. Buzzell*
*Oral Ruling - November 27, 2023*

```
 1              TRANSCRIPT OF PROCEEDINGS

 2      (These proceedings commenced at 9:19 a.m.)

 3              THE COURT:  All right.  I will call

 4    State of Wisconsin vs. Paul H. Buzzell;

 5    22-CF-361.

 6              Can I have appearances, please?

 7              ATTORNEY GEROL:  The State appears by

 8    Adam Gerol.

 9              ATTORNEY CHERNIN:  Michael Chernin

10    appearing on behalf of Paul Buzzell.  Mr. Buzzell

11    is here in person.  Good morning, Your Honor.

12              THE COURT:  Good morning.  Good

13    morning.

14              We're here for a decision on a motion

15    to dismiss.  Mr. Buzzell is charged with

16    violating Section 12.13(1)(f) of the Statutes,

17    which provides that, "Whoever intentionally does

18    any of the following violates this chapter:

19    Shows his or her marked ballot to any person or

20    places a mark on a ballot so it's identifiable

21    it's his or her ballot."

22              As I understand it, Mr. Buzzell took

23    a -- a cell phone picture of his ballot and

24    disseminated it over the -- the internet.  The --

25    A number of citizens complained about that, and
```

1    he was, then, charged in this case.

2              And the charge is a -- a felony.  It

3    carries with it a fine of not more than $10,000,

4    or not more than three years, six months in the

5    State prison system.

6              The parties have briefed this.

7    Mr. Gerol, is there any reason not to do a

8    decision today?

9              **ATTORNEY GEROL:**  No, Judge.  I have --

10             **THE COURT:**  All right.

11             **ATTORNEY GEROL:**  The only -- the only

12   thing I'd add, I don't think it -- it changes any

13   of the fundamentals at all; but, if the case were

14   to be tried, I -- I believe he -- he photographed

15   the marked ballot of another person, not his own,

16   but of another person.

17             **THE COURT:**  Okay.

18             **ATTORNEY GEROL:**  It-- it's exactly the

19   same analysis, though.

20             **THE COURT:**  Okay.  Right.  From a

21   legal standpoint, it's the same legal --

22             **ATTORNEY GEROL:**  Yes.

23             **THE COURT:**  Okay.  Mr. Chernin, any

24   reason not to proceed?

25             **ATTORNEY CHERNIN:**  No, Your Honor.

1      **THE COURT:**  All right.  I would note

2      that the Attorney General was notified of this,

3      and Assistant State's Attorney -- Attorney --

4      Assistant State Attorney General Finkelmeyer

5      indicated that they're not participating in this,

6      but may, if this goes up on appeal.

7              **ATTORNEY CHERNIN:**  And then, Judge, if

8      I might just add -- and I'm sorry to interrupt,

9      but -- there also is a requirement that I

10     contact -- or that I notify --

11             **THE COURT:**  Mr. Voss.

12             **ATTORNEY CHERNIN:**  -- yes, the leader

13     of the Assembly, the Speaker of the Assembly, as

14     well as the President of the Senate and the

15     Majority Leader of the Senate, and I notified all

16     those parties --

17             **THE COURT:**  Okay.

18             **ATTORNEY CHERNIN:**  -- with the initial

19     briefing.

20             **THE COURT:**  Do either of you want to

21     offer any argument, or are you resting on the

22     briefs?

23             **ATTORNEY GEROL:**  I have no additional

24     argument to make.

25             **THE COURT:**  All right.

 1                    **ATTORNEY CHERNIN:**  Judge, the only

 2      thing I would say is that judicial review is for

 3      the purpose of determining whether or not a

 4      statute is constitutional or not.  It's not

 5      legislating from the -- from the bench --

 6                    **THE COURT:**  Mm-hmm.

 7                    **ATTORNEY CHERNIN:**  -- when the Court

 8      makes a decision as to whether or not a statute

 9      is constitutional.

10                    **THE COURT:**  Well, you know, the

11      statute is presumed to be constitutional.

12      Legislation's given great leeway.  The courts, as

13      pointed out by Justice Prosser, are not a second

14      legislature, and usually we give a lot of

15      deference to the -- the legislature and their

16      decisions.

17                    But in -- in this case, it's my

18      understanding -- and maybe one of you can correct

19      me, but -- I think a few years back, the

20      legislature looked at the statute and left it the

21      same -- in the same form; is that correct?

22                    **ATTORNEY CHERNIN:**  That is correct,

23      Judge.

24                    **THE COURT:**  And --

25                    **ATTORNEY GEROL:**  There --  If -- if I

1 could add to that.

2 **THE COURT:** Yes.

3 **ATTORNEY GEROL:** There was a bill. My

4 understanding is that the bill to -- to repeal

5 this section was voted through on the Senate

6 side, and then it -- it essentially died in the

7 Assembly --

8 **THE COURT:** Okay.

9 **ATTORNEY GEROL:** -- and wasn't

10 pursued.

11 **THE COURT:** And -- and how old is this

12 statute as far as --  I mean, the ones that -- in

13 the case law go back a hundred and 20 years,

14 so -- are -- or so.  I mean, they're

15 longstanding.

16 There's no doubt that the -- the State

17 has the right to control the mode and method and

18 proceeding regulating elections.  The question

19 is, do -- does this provision infringe on -- on

20 Mr. Buzzell's free speech?

21 And there's very little case law in

22 Wisconsin.  There's a Michigan case, but that

23 was -- that looks like it was resolved on -- on

24 summary judgment, then went up on appeal.  While

25 the appeal was pending, the Secretary of State

1    for Michigan, under what I assume is Michigan

2    law, entered an order that they would modify

3    the -- the -- the regulation; and -- and then,

4    apparently, that died a peaceful death at -- in

5    Michigan, and there was no conviction.

6            Really, the -- the biggest case that

7    seems to be the closest is the Indiana case, to

8    me, and that's *Indiana Civil Liberties Union*

9    *Foundation, Inc. d/b/a American Civil Liberties*

10   *Union of -- of Indiana vs. Indiana Secretary of*

11   *State and Members of the Indiana Election*

12   *Commission and Superintendent of the Indiana*

13   *State Police,* that -- that was -- the -- if -- if

14   not right on point, the -- the logic of it, or

15   the reason -- the legal reasoning of it was

16   certainly apropos to this case.

17           And Mr. Gerol, does the State agree

18   that -- that this is a content-based restriction?

19   Because I -- it --  I'll --  I can make a

20   finding, if the State does --

21           **ATTORNEY GEROL:**  Could you make --

22   just make the finding?  Because I --  It goes

23   both ways under the analysis.

24           **THE COURT:**  Okay.

25           **ATTORNEY GEROL:**  And --

1          **THE COURT:**  It does go on both ways;

2     so --

3          **ATTORNEY GEROL:**  -- I just would

4     rather live with the Court making a finding, then

5     deal with concession on appeal.

6          **THE COURT:**  Well, I think, based on

7     the Indiana case, they -- they've viewed that as

8     effectively restricts any law that

9     effectively restricts expression is analyzed in

10    the context of two possible categories.

11          That would be a content-based

12    restriction or a content- -- content-noodle --

13    neutral restriction.  And if it is the content

14    neutral, it's intermediary scrutiny.  If it's a

15    content-based restriction, it is subject to

16    strict scrutiny.

17          I would say this is content-based.

18    Mr. Chernin, do you have any --  Want to weigh in

19    on that, at all?

20          **ATTORNEY CHERNIN:**  I absolutely agree

21    that it is.  I mean, it's --  That was the

22    argument in my brief, Your Honor.

23          **THE COURT:**  Okay.  And so that

24    requires the government to prove the restriction

25    further.  There's a compelling interest and it's

Case 5:24-cv-00481-FL   Document 92-12   Filed 08/01/25   Page 10 of 19

*State vs. Paul H. Buzzell*
*Oral Ruling - November 27, 2023*

1      narrowly tailored -- tailored to that interest.

2              And I think, well, you -- you look at

3      that, and you look at election fraud, and

4      certainly the government has a tremendous

5      interest in maintaining clean and effective and

6      legitimate elections, not only just for the

7      election function itself, but for the appearance

8      to the general public that elections are properly

9      run and here -- and there's no bribery or

10     anything along that line, vote -- vote-buying

11     things of that nature.

12             And that may be what this is tailored

13     to, but there's really no evidence that -- that

14     I've been given that shows that -- that this

15     function is -- is a compelling interest, and I

16     know that's what the Indiana court -- and that

17     was the Southern District of Indiana; so it's a

18     federal court decision -- gives you any evidence

19     that there -- that their law was compelling.

20             And so, to me, if you add a

21     situation -- in, I think, one of the cases; I'm

22     not sure if it was Michigan -- or -- or another

23     case -- noted that there was an incident out of

24     Milwaukee where somebody paid a $5,000 forfeiture

25     to resolve the case on different charges, but it

1     sounded like they picked people up at the Rescue

2     Mission; and then, after they voted, everybody

3     got a pack of cigarettes, or everybody was

4     offered a pack of cigarettes.

5           We're lacking that kind of evidence in

6     this case.  I haven't seen anything.  In fact,

7     I've --  This --  Since the last election cycle

8     I've had two fraudulent voting cases, both of

9     which were picked up, but they weren't vote

10    buyers.

11          One, for some inexplicable reason, a

12    voting person, voting clerk, let you -- let the

13    woman vote under the mistaken thought that --

14    that -- in a school board election -- that she

15    was a registered voter even though the boxes

16    weren't marked properly.  The woman was caught.

17    The woman was prosecuted.

18          And now I think there might be another

19    one out there, and I don't want to comment on it

20    but it has -- I just saw it in the paper -- it

21    hasn't been adjudicated or anything like that.

22          But I -- I have not seen or heard of

23    any vote-harvesting going on; and, you know, I --

24    I lived in Chicago, where -- where that was

25    legendary.  I don't know if it was borne out in

1    fact or if it was legend, but we're not seeing

2    anything like that.

3              So, on the compelling --  It's a mixed

4    bag on -- on the compelling part, but the -- the

5    real problem with this is that this is -- this is

6    so broad.  "Shows his or her marked ballot to any

7    person or place -- or places a mark on a ballot

8    so it's identifiable as his or her ballot."

9              Well, I thought, I probably committed

10   a felony, then, when I was 18 and probably went

11   with my dad for my first voting time and showed

12   him my ballot to make sure I filled it out

13   correctly, being an 18-year-old and never having

14   seen one of these things.

15             If you were a newly naturalized

16   citizen, you know, and you wanted to take a

17   picture of your -- your voting, you know, you're

18   committing a felony.

19             And it -- it doesn't really --  It's

20   not narrowly tailored.  It doesn't prevent you

21   from taking pictures in the voting area.  You

22   could take pictures of the signs outside.  You

23   can take pictures of the poll workers working

24   there, other people in the queue, waiting in

25   line, things of that nature.

Case 5:24-cv-00481-FL    Document 92-12    Filed 08/01/25    Page 13 of 19

*State vs. Paul H. Buzzell*
*Oral Ruling - November 27, 2023*

1          And so is this -- it -- as restrictive

2     as -- as it -- I think, as it can be?  And then,

3     you know, "broadly tailored" --  And we're

4     talking big stuff here.  This is a felony.  I

5     think -- I think the Michigan case if I read this

6     correctly, you just lose your right to vote in

7     that day of the election.

8          So I -- I think the legislature and --

9     they -- they must have been satisfied with it,

10    but that leaves the decision to the Court.  And

11    you know, the Court's always reluctant to make

12    a -- a decision on -- on a statute because we

13    aren't the legislature.  We don't have the

14    resources to make integrated or comprehensive

15    statutes and look at every aspect of it that the

16    legislature has.

17         But, as far as I can see, I think if

18    you have to apply the strict scrutiny here, I --

19    I -- I would say it's borderline that this serves

20    a compelling State function.

21         And certainly, the State has

22    significant rights, but if they're in the statute

23    election fraud, I haven't seen --  You know,

24    there's great public comment about election fraud

25    and The Steal and things of that nature.

```
 1                 But the reality is, is, I haven't seen
 2       a lot of documentation that indicates the type of
 3       conduct we're talking about is taking place.
 4       Maybe I'm naive.  Maybe I'm out of step with what
 5       goes on in the community, but I --  So I would
 6       concede the State does have a compelling interest
 7       in maintaining, you know, well-run, clean
 8       elections, so people's vote count, but I don't
 9       think this is tailored narrowly to enforcing
10       that.
11                 So many people vote absentee now.  How
12       many people --  And you have to have somebody
13       else sign on the envelope or the ballot for you.
14       How many people cross the line when they -- they
15       have their ballot there?  But it's not
16       identifiable.  And so I'm gonna find, as applied
17       to Mr. Buzzell, that it's not constitutional.
18                 And that's the only count he's facing,
19       Mr. Gerol; so I assume that ends the --
20            ATTORNEY GEROL:  It --  Well --
21            THE COURT:  With the right to appeal.
22            ATTORNEY GEROL:  Right.  It -- it
23       does.  Two things can I add?
24            THE COURT:  Sure.
25            ATTORNEY GEROL:  The -- the --
```

1    Election fraud has -- has not been a substantial

2    element of my business.  We don't get that many

3    referrals.  I -- I have maybe one more that we're

4    sitting on right now to charge, but you're right.

5    I mean, there's fewer than half a dozen.

6            **THE COURT:**  And they certainly aren't

7    vote-buying.

8            **ATTORNEY GEROL:**  No, they're not.  But

9    the -- the one thing I had hoped the Court could

10   expand upon was a theme that I -- I did reference

11   in one of my briefs that there is the notion that

12   the existence of laws does suppress the behavior

13   that it's intended to suppress.

14           **THE COURT:**  I think Scalia said

15   that.

16           **ATTORNEY GEROL:**  Right.  And so --

17           **THE COURT:**  Scalia said we don't know

18   how effective it is because it's working.

19           **ATTORNEY GEROL:**  Right.  And I just

20   hope --  Because I --  If -- this case is pursued

21   at some future point, I know that's going to be

22   one of the arguments, and I was hoping the Court

23   could speak to that.

24           **THE COURT:**  Sure.  You know, so it

25   leaves the State in a very difficult position of

*State vs. Paul H. Buzzell*
*Oral Ruling - November 27, 2023*

```
1     trying to shadow box against things that haven't

2     occurred because maybe it's working.  You know,

3     so I think -- I think Scalia's comment there is

4     very apropos.

5               What -- what I see is this is really

6     something for the Legislature to update, you

7     know, and maybe technologically things are

8     different than what we were talking about in the

9     '60s, '70s, things like that.  But you --

10    Quantifiably, it leaves the State in a very

11    difficult position because they don't have the

12    evidence to show this really is a compelling

13    situation that we need to deal with today.  So I

14    don't know if that addresses it.

15              ATTORNEY GEROL:  No.  Thank you.

16              THE COURT:  Okay.

17              ATTORNEY GEROL:  I -- I just wanted to

18    make sure that the notion was aired and was

19    something that we were all talking about.

20              THE COURT:  Okay.  So I'll dismiss the

21    case.

22              Mr. Buzzell, good luck to you.  I tell

23    you, I wouldn't have thought that was the

24    greatest idea, but I don't think it -- it's

25    something that falls --  That statute's just too
```

1    broad.  Thank you.

2              **ATTORNEY CHERNIN:**  Judge, thank you.

3    And I -- if I can tell you a little anecdotal

4    story of how I learned about this statute.  May

5    I?

6              **THE COURT:**  Okay.  Yeah.  Let me guess

7    they hooked you up somewhere or what?

8              **ATTORNEY CHERNIN:**  No.  I had moved to

9    Ozaukee County, and there was an election for DA.

10   And so I wanted to take a picture of my ballot

11   and send it to my friend, the DA from -- from the

12   County to say this is the first time that I've

13   had the opportunity to vote for you, Adam.

14             **THE COURT:**  Mm-hmm.  Did you -- did

15   that really happen?

16             **ATTORNEY CHERNIN:**  And this really

17   happened.  And Adam sent me a text saying, "Don't

18   do it.  It's a felony."

19             **THE COURT:**  Yeah.  Yeah.  All right,

20   gentlemen.  Everybody have a good holidays if I

21   don't see you, okay?  Mr. Buzzell, you take care.

22     (The proceedings concluded at 9:36 a.m.)

23                          *  *  *

24

25

1  STATE OF WISCONSIN )

2                     ) SS.

3  COUNTY OF OZAUKEE  )

4          I, JENNIFER L. CARTER, CRR, RMR, RDR, am an

5  Official Reporter in and for the State of Wisconsin,

6  Circuit Court of Ozaukee County; that, as such, I was

7  present at and reported this proceeding in machine

8  shorthand, and thereafter carefully transcribed such

9  electronic stenographic notes by computer-assisted

10 transcription, and that it is true and correct, to the

11 best of my knowledge and ability.

12         Dated at Port Washington, Wisconsin, this

13 28th day of November, 2023.

14

15

16

17

18

19        _____

20             JENNIFER L. CARTER, RPR, CRR, RMR
              Official Reporter

21

22

23 * Only the court reporter's original signature renders
   this transcript a certified court document, as
24 unauthorized copies may be altered.  To obtain a
   certified copy of this transcript, please call
25 262.284.8356 or contact the reporter directly at
   jennifer.carter@wicourts.gov.

Case 5:24-cv-00481-FL   Document 92-1  Filed 08/01/25   Page 19 of 19

State vs. Paul H. Buzzell
Oral Ruling - November 27, 2023